**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| SERPAPI, LLC,<br>　　　*Plaintiff,*<br><br>v.<br><br>ZILVINAS KUCINSKAS and<br>SEARCHAPI LLC,<br>　　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:26-CV-00143 |

## **DECLARATION**

Jean-Marc Zimmerman hereby declares:

1.　　I am counsel for Defendants Zilvinas Kucinskas ("Kucinskas") and SearchApi, LLC ("SearchApi") and submit this Declaration in support of Defendants' Motion to Dismiss Plaintiff SerpApi, LLC's Complaint.

2.　　In a September 2, 2025 letter sent to SerpApi's CEO Mr. Julien Khaleghy, I denied Plaintiff's allegations of IP theft, trade secret theft, breach of contract, and unauthorized access to SerpApi's systems by Defendants.

3.　　From September 2, 2025 through December 3, 2025, I exchanged ten letters with Plaintiff's counsel, Mr. Akshay S. Deoras of Kirkland & Ellis LLP, in an effort to resolve the parties' dispute.

4.　　These include a November 7, 2025 letter to Mr. Deoras in which I advised that Mr. Kucinskas still had collaborator access to Mr. Khaleghy's personal GitHub repository, "hartator/serpapi-mongodb-backup-v8," more than four years after Mr. Kucinskas left SerpApi on July 23, 2021. A true and correct copy of that letter is attached hereto as Exhibit 1.

1

5.      They also include a responsive December 1, 2025 letter from Mr. Deoras in which he wrote "SerpApi confirms that Mr. Kucinskas's access to that account has been revoked."  A true and correct copy of that letter is attached hereto as Exhibit 2.

6.      In my letters, I provided detailed technical explanations showing why Plaintiff's claims were unfounded and requested evidence supporting its allegations of wrongdoing - including (a) which of SerpApi's source code, files, or trade secrets Defendants had allegedly accessed, copied, or used; and (b) what data Defendants had allegedly accessed without authorization - which Plaintiff failed to provide.

7.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 20, 2026                                          By: *Jean-Marc Zimmerman*
      Westfield, NJ                                                Jean-Marc Zimmerman

# Exhibit 1



**LUCOSKY BROOKMAN LLP**

101 Wood Avenue South
5th Floor
Woodbridge, NJ 08830

T – (732) 395-4400
F – (732) 395-4401

111 Broadway
Suite 807
New York, NY 10006

T – (212) 417-8160
F – (212) 417-8161

www.lucbro.com

November 7, 2025

Via Email
Mr. Akshay S. Deoras, P.C.
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94101

Re:    *SearchApi, LLC v. SerpApi, LLC*

Akshay:

I write in response to your letter dated October 24, 2025, addressing the topic headings in the order they appear in your letter to refute the unfounded assertions of wrongdoing that SerpApi continues to maintain against Mr. Kucinskas and SearchApi (hereinafter collectively "SearchApi").

API Headings and Parameters
    Contrary to your assertion, SearchApi's API documentation was not - and does not even appear to be - copied from SerpApi's.
- the location, uule, and query used by SearchApi are standard Google Search parameters used across the SERP industry.
- see the PDF attached hereto as Exhibit 1 that shows SerpApi's parameter descriptions directly beside those of competitors such as Autom.dev, Novada, Scrapeless, NetNut, ScrapingBee, and RapidAPI listings, demonstrating the use of nearly identical or identical text across all these vendors.
- these parameter descriptions at issue are short technical definitions required for compatibility, not proprietary language proprietary to SerpApi.
- SearchApi updated some wording, as a commercial accommodation to SerpApi. Such action is not an admission of wrongdoing. All previous versions are preserved in git.

Playground
    Contrary to your assertion, SearchApi's playground is not nearly identical to SerpApi's.
- The parties use different stacks and build artifacts: SearchApi's landing demo uses Tailwind + Hotwire/Turbo while SerpApi uses React + Bootstrap.
- The parties use different implementations as demonstrated by their respective sites ' publicly visible source code. SerpApi claims the majority of the logic at issue lies in CSS/JS, yet provides no evidence of actual code similarity. Both sites' CSS/JS code is publicly accessible and can be inspected - they are demonstrably different. Similar user interface patterns do not constitute copied code.
- the patterns used on both parties 'platforms is common: input → submit → iframe → JSON view.
- see the PDF attached hereto as Exhibit 2 that shows other companies using the same structure and naming conventions as SearchApi and SerpApi.
- git history shows SearchApi's independent development of its playground.

LUCOSKY BROOKMAN

- SerpApi's claim about similar CSS/JS is unsupported as it appears that SerpApi did not examine SearchApi's front-end code or how its platform is built. The parties 'sites are different from one another. They employ different technologies.

Terms of Service, U.S. Shield, Payment Plans

Contrary to your assertion, SearchApi has not conceded that it uses overlapping technology on its site compared to SerpApi's site.

- SearchApi modified its ToS and "Legal Shield" branding in October as a commercial accommodation, not an admission of any wrongdoing.
- no language that may arguably be deemed "unique" to SerpApi remains on SearchApi's site.
- SearchApi's site uses generic industry terms such as "Developer" and "Production" that are used by hundreds of companies.
- SearchApi offers significantly lower pricing than SerpApi. The issue is one of competitive differentiation, not copying, and thus the issue, to the extent one ever existed, has been resolved.

Chat Feature

Contrary to your assertion, the parties 'customized uses of Intercom are different.

- both parties use Intercom as do more than 30,000 companies worldwide
- your letter describes use of Intercom's default setup, not its customization which is what SearchApi's site reflects.
- the parties use different technical implementations of Intercom:
  - SearchApi uses the new and modern setup: lightweight app (deferred loader).
  - SerpApi uses a legacy Intercom setup: CSS-container.
- SerpApi's assertion regarding Intercom is meaningless as it is equivalent to claiming that different companies 'sites using WordPress copy each other.

Servers

Contrary to your assertion, SearchApi did not improperly access SerpApi's servers.

- SearchApi denies any intentional post-employment access to SerpApi servers or backups.
- your claim fails to provide any critical details of such supposedly improper access: authentication methods, system specifications, timestamps, endpoints, and resources allegedly accessed.  To enable SearchApi to better assess and respond to your allegations, please provide such information.
- As previously explained, SearchApi will not agree to voluntary forensic analysis of its platform or devices.

During investigation of SerpApi's vague allegations, SearchApi discovered that Mr. Kucinskas remains listed as an active collaborator on a private GitHub repository named "serpapi-mongodb-backup-v8" owned by SerpApi's CEO account ("hartator"). The collaborator grant dates back to his 2021 employment and has never been revoked. This repository appears to contain production database backups. Please confirm if this is the "util server" referenced in your allegations including those made in your October 24 letter.  Please note that on 3rd November morning at approximately 08:33 AM, Mr. Kucinskas opened the

repository landing page and the README file only to verify its status. He did not clone, download, or open any data files.

SearchApi further notes that SerpApi publicly markets a SOC 2 Type II certification. The continued active collaborator access to a private repository described as containing production database backups, more than four years after Mr. Kucinskas's departure, appears inconsistent with standard logical-access deprovisioning controls, i.e., SOC 2 CC6.3 - Access Modification and Removal. This apparent security lapse should seemingly be of concern to SerpApi and its customers. SearchApi requests that SerpApi immediately revoke this access, which should have been removed in July 2021.

Customer List

Contrary to your assertion, SearchApi has not improperly accessed SerpApi's customer information.

- Mr. Kucinskas had authorized access to such information during his employment under a developer role that included customer data. Open-source contribution to stripe-rails (https://github.com/tansengming/stripe-rails/pull/207) demonstrates legitimate work access to such information during such timeframe.
- Mr. Kucinskas denies downloading any customer list "just days before departure" or at any other time for improper purposes.
- Mr. Kucinskas did not access such information after his departure. SerpApi credentials were deleted from Mr. Kucinskas systems upon his departure. To the extent any automated access occurred post-departure (e.g., browser cache, password manager), this was neither intentional nor for any improper purpose. To enable SearchApi to better assess and respond to your allegations, please specify the dates, authentication method, what data was accessed, and evidence of any download or use pertaining to such access.
- In any event, SearchApi provides the following categorical guarantees:
  - they possess no SerpApi customer list,
  - they have not solicited or approached SerpApi customers,
  - no SerpApi customer data has been used by or for SearchApi, and
  - they have not retained any SerpApi data after Mr. Kucinskas departure from SerpApi

Systematic Interference Campaign

SearchApi reiterates its demand that SerpApi identify all third parties it contacted including customers, platforms, open-source maintainers, partners, leads, etc. regarding Mr. Kucinskas or SearchApi.

CEO Meeting

Mr. Kucinskas is amenable to meeting with SerpApi's CEO Julien Khaleghy. Please provide a proposed agenda in writing including the topics to be discussed during such meeting, and your agreement that such discussions will be held in confidence and pursuant to FRE 408. Please also provide several dates and times for such meeting.



This letter is written without prejudice to any rights or defenses my clients have.

Thank You,

LUCOSKY BROOKMAN LLP

By: */s/ Jean-Marc Zimmerman*
Name: Jean-Marc Zimmerman
Title: Partner

4

# Exhibit 2

# KIRKLAND & ELLIS LLP

555 California Street
San Francisco, CA 94104
United States

Akshay S. Deoras, P.C.
To Call Writer Directly:
+1 415 439 1416
akshay.deoras@kirkland.com

+1 415 439 1400

Facsimile:
+1 415 439 1500

www.kirkland.com

December 1, 2025

Mr. Jean-Marc Zimmerman
Lucosky Brookman LLP
111 Broadway Suite 807
New York, NY 10006

     Re: *SerpApi, LLC v. SearchApi, LLC*

Mr. Zimmerman,

     I write in response to your November 7 letter. We have reviewed SearchApi's[1] responses to SerpApi's examples of improper copying of and access to SerpApi's proprietary materials.[2] We do not agree that any of SearchApi's responses adequately explain the similarity (and often near verbatim text) between SearchApi's and SerpApi's website. Nor do any of SearchApi's responses explain or excuse SearchApi's conduct or provide a legally sound basis for SearchApi's use of SerpApi's intellectual property. Instead, SearchApi continues to ignore the overwhelming evidence of how its products and tools mimic SerpApi's products and tools and appear to be derived from SerpApi's trade secrets. SearchApi's insistence on focusing on minor, insubstantial differences and in some cases, differences that SearchApi appears to have recently manufactured to create the appearance of dissimilarity, ignores the evidence we have previously identified and suggests that SearchApi is not serious about ceasing its use of SerpApi's protected information.

     We do not endeavor to respond point-by-point to each of SearchApi's alleged justifications for the similarity between these features of SearchApi's and SerpApi's website in this letter. Instead, in the interest of amicably resolving the issues between the parties, we respond to your other points below and propose setting up a meeting between Mr. Kucinskas and Mr. Khaleghy in December.

     First, as to Mr. Kucinskas's access to SerpApi's repository, I can confirm that SerpApi's "serpapi-mongodb-backup-v8" is not the "util server" referenced in our October 24, 2025 letter. "serpapi-mongod-backup-v8" is a backup repo on Mr. Khaleghy's personal GitHub account. Mr. Kucinskas also should not have been accessing that code, and SerpApi confirms that Mr.

---

[1]   The use of "SearchApi" in this letter refers collectively to both SearchApi and Mr. Kucinskas.

[2]   For example, the allegations related to the API Documentation, Playground, Terms of Use, U.S. Legal Shield, and Payment Plans, Chat Feature, Servers, and Customer Lists.

# KIRKLAND & ELLIS LLP

December 1, 2025
Page 2

Kucinskas's access to that account has been revoked. The "util server" which Mr. Kucinskas repeatedly accessed long after his employment with SerpApi ended is a live database that includes a more complete and up to date version of the production database, test database, and CI database. Each access contains a fingerprint (i.e., driver line) that shows SerpApi's codebase was retained on Mr. Kucinskas's computer over the years.

Second, SerpApi reiterates its denial that any "systematic interference campaign" has taken place. November 7, 2025 Ltr from Zimmerman to Deoras at 3. No basis exists for either of SearchApi's accusations or related demands.

Nonetheless, as stated above, SerpApi hopes to resolve this dispute amicably. SerpApi confirms that all discussions at the meeting between Mr. Kucinskas and Mr. Khaleghy will be confidential and pursuant to Federal Rule of Evidence 408. Please further confirm that all written and oral communications related to this negotiation, including all lead-up or follow-up communications, will be protected by Rule 408.

At the meeting, SerpApi would like to discuss potential business solutions to this dispute, in lieu of litigation. Mr. Khaleghy is available to meet with Mr. Kucinskas at the following dates and times:

- Wednesday, December 10 at 10:30am CT

- Wednesday, December 10 at 3:30pm CT

- Monday, December 15 at 10:30am CT

- Monday, December 15 at 1:00pm CT

We propose that the meeting take place in person at Kirkland & Ellis LLP's Austin, Texas office. If Mr. Kucinskas is not available at any of these dates and times, please provide several alternative dates and times at which Mr. Khaleghy and Mr. Kucinskas could meet. Please let us know if it would be helpful to set up a short call to discuss logistics.

Sincerely,

Akshay Deoras