**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-00143-DAE |
| ZILVINAS KUCINSKAS and SEARCHAPI LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**SERPAPI, LLC'S OPPOSED MOTION TO SEAL DEFENDANTS' MOTION TO DISMISS AND CERTAIN EXHIBITS THERETO**

On April 20, 2026, Defendants publicly filed a Motion to Dismiss the complaint on various grounds and attached three declarations with ten exhibits to those declarations. Pursuant to Local Rule CV-5.2, Plaintiff SerpApi requests that the Court seal four sentences of Defendants' Motion to Dismiss (Dkt. 21) and paragraphs 19 and 20 of Exhibit 2 attached to the motion (Dkt. 21-2), and replace them with redacted versions attached as Exhibits A and B to this motion. Defendants' currently filed motion and Exhibit 2 contain highly confidential information related to the parties' pre-suit settlement negotiations that the parties previously agreed to keep confidential and to protect under Federal Rule of Evidence 408 ("Rule 408"). Defendants reneged on that agreement, filed these materials publicly, and when asked, refused to withdraw or seal the materials. While these materials have no bearing on Defendants' Motion to Dismiss in the first place, they should at a minimum be sealed pursuant to the parties' prior agreement.

## I.      Background

Before it filed this lawsuit, SerpApi notified Defendants of its concerns that Defendants Zilvinas Kucinskas (SearchApi's CEO) and SearchApi were improperly using SerpApi's trade secrets and copyrights, among other legal violations. The parties exchanged correspondence about these allegations, and in October 2025, SerpApi proposed a meeting between Mr. Kucinskas and SerpApi's CEO Julien Khalegy to facilitate an amicable solution without the need for litigation. Ex. 1 (2025-10-24 Ltr to Zimmerman). In response, counsel for Mr. Kucinskas and SearchApi stated:

> Mr. Kucinskas is amenable to meeting with SerpApi's CEO Julien Khaleghy. Please provide a proposed agenda in writing including the topics to be discussed during such meeting, and your agreement that such discussions **will be held in confidence** **and** **pursuant to FRE 408**.

Ex. 2 (2025-11-07 Ltr to Deoras) (emphasis added). SerpApi agreed: "SerpApi confirms that all discussions at the meeting between Mr. Kucinskas and Mr. Khaleghy **will be confidential** and

pursuant to Federal Rule of Evidence 408." Ex. 3 (2025-12-01 Ltr to Zimmerman) (emphasis added). Ultimately, Mr. Kucinskas and Mr. Khaleghy met on two occasions, on December 15 and December 29, 2025, to attempt to resolve this dispute. SerpApi and Mr. Khaleghy, for their part, engaged in these discussions as a good-faith attempt to resolve this dispute without litigation, but the negotiations failed. SerpApi was forced to file its complaint on January 20, 2026.

On April 20, 2026, pursuant to an agreement to a 60-day extension for Defendants to file their response to SerpApi's complaint, Defendants filed their Motion to Dismiss. Dkt. 21. Defendants' Motion to Dismiss included substantive discussions of the parties' pre-suit settlement discussions, despite the fact that both parties explicitly agreed those discussions would be held confidential and remain protected by Rule 408. SerpApi notified Defendants of this violation of the parties' agreement on Thursday, April 23, 2026, and requested that Defendants immediately withdraw and re-file their Motion to Dismiss and attached exhibits that included substantive content of these settlement discussions under seal. Ex. 4 (2026-04-23 Ltr to Zimmerman). Defendants' counsel responded on Saturday, and instead of agreeing to file the materials under seal while the parties resolved the confidentiality and Rule 408 issues, Defendants' counsel requested to meet and confer on Monday, April 27, 2026. During the meet-and-confer, Defendants' counsel refused to acknowledge their prior agreement to keep settlement discussions confidential, withdraw their motion, or agree to seal the limited confidential information that SerpApi requested to be sealed. The only reason Defendants' counsel stated for its refusal was that SerpApi's pre-suit offer was made to coerce and threaten the Defendants. That is false.[1] Later that evening,

---

[1]    Defendants' characterization of the settlement discussions in December 2025 is incomplete and inaccurate. SerpApi's offers during the settlement negotiations were made in good-faith. This motion does not endeavor to rebut Defendants' highly misleading and unilateral characterizations of those discussions because it has no relevance to this dispute. If, however,

Defendants confirmed their refusal to seal the confidential settlement discussions.

## II.    Legal Standard

Local Rule CV-5.2(a) permits a party to file under seal "any pleading, motion, paper, physical item, or other submission that the Federal Rules of Civil Procedure or these rules permit or require to be filed." Local Rule CV-5.2(a). "Motions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored. [Instead], [t]he court expects parties to *draft such submissions in a manner that does not disclose confidential information*. Parties should consider *redacting confidential information* not critical to the filing." Local Rule CV-5.2(b) (emphasis added).

"Courts have recognized that the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citations omitted). "However, the right is not absolute, and the court has discretion to seal records when 'files might . . . become a vehicle for improper purposes.'" *Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768-DAE, 2015 WL 1758079, at *1 (W.D. Tex. Apr. 17, 2015) (citations omitted). "The movant may overcome the presumption of access by providing sufficiently compelling reasons that override the public policies favoring disclosure." *Id.* (cleaned up). For example, "[t]o the extent that the underlying record materials contain confidential information or personal information that is immaterial to the Court's resolution of the Motion . . . those materials warrant sealing." *Id.* at *8.

---

the Court requires further context or information about those settlement negotiations, SerpApi is willing and able to provide it.

### III.    Argument

SerpApi's request is a narrow one—to seal the content of the parties' pre-suit settlement discussions included in (1) four sentences on pages 1 and 3 of Defendants' Motion to Dismiss, Dkt. 21, and (2) paragraphs 19 and 20 of Mr. Kucinskas's Declaration to that motion, Dkt. 21-2, and to replace those exhibits with Exhibits A and B attached to this motion that redact references to these confidential discussions. *See* attached Exhibits A–B (redacted versions of Dkt. 21 and Dkt. 21-2, respectively); *see also Jostens Inc. v. Haarsma*, No. 3:22-CV-0796-X, 2023 WL 6277357, at *2 (N.D. Tex. Sept. 26, 2023) (holding movant met "the heightened sealing standard" where it "was precise about what it wanted to seal" and "designated with specificity the very lines . . . it want[ed] to redact," thereby allowing the Court to undertake its required "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure").

This information is undisputedly confidential. As explained above, the parties agreed to keep the content of their settlement discussions (1) confidential and (2) protected under Rule 408. Ex. 2 (2025-11-07 Ltr to Deoras) (requesting SerpApi's "agreement that [the settlement] discussions ***will be held in confidence* and *pursuant to FRE 408***" (emphasis added)); Ex. 3 (2025-12-01 Ltr to Zimmerman) (agreeing to do so). Such settlement communications should be sealed to "respect[] the important role that Rule 408 plays in settlement negotiations." *Eventure Global Tech. Inc. v. Weatherford U.S., L.P.*, No. 4:19-cv-02397, Dkt. 77, at 2–3 (S.D. Tex. Apr. 7, 2020) (sealing appendices referencing settlement communications). That important role would be stifled should parties be allowed to freely and publicly disclose confidential settlement discussions. In fact, the sealing of confidential information is guided by the same exclusionary principles as Rule 408. *Compare Powers*, 2015 WL 1758079, at *8 (concluding that confidential information "***that is immaterial*** to the Court's resolution of the Motion" should be sealed (emphasis added)); *Blue*

*Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4593005, at *2 (N.D. Tex. Oct. 28, 2024) (considering the harm that may occur if competitors exploit confidential information), *with Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 294-95 (5th Cir. 2010) (explaining the reasons for exclusion under Rule 408 are "[f]irst, the relevancy of settlement communications is thought to be suspect because they may have been an attempt to purchase peace rather than an admission of liability. Second, and perhaps 'most importantly,' the rule's exclusion of settlement evidence furthers public policy by promoting the voluntary settlement of disputes, which would be discouraged if evidence of compromise were later used in court.").

By filing this information publicly, Defendants violated the parties' agreement and Local Rule CV-5.2(b), requiring them "to ***draft [filings] in a manner that does not disclose confidential information***." Local Rule CV-5.2(b) (emphasis added). Further, SerpApi's proposed resolution of the parties' dispute as part of the settlement negotiations provides non-public insights into SerpApi's confidential strategic business decisions and plans. Such information warrants sealing. *See 340B Holdings, LLC v. Bobo*, No. 1:20-CV-197-RP, 2020 WL 9720461, at *2 (W.D. Tex. Apr. 15, 2020) (granting motion to seal confidential and proprietary business information); *see also Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019) (affirming redaction that "respected the confidential nature of sensitive business information and adequately protected information whose disclosure might conceivably cause competitive harm"). On the other side of the balance, there is no public interest in settlement negotiations between private parties. *See Farner v. CHCA Bayshore, L.P.*, No. 3:22-CV-00369, 2023 WL 5528611, at *5 (S.D. Tex. Aug. 28, 2023).

Moreover, the parties' pre-suit settlement discussions have no relevance to Defendants' Motion to Dismiss. These discussions have no bearing on jurisdiction or venue disputes, and the

5

remaining allegations in Defendants' Motion to Dismiss are made under Federal Rule of Civil Procedure 12(b)(6), decisions of which "are limited to the allegations contained in the pleadings and documents attached" thereto. *A2D Techs. Inc. v. MJ Sys. Inc.*, 269 F. App'x 537, 538 n.1 (5th Cir. 2008). As such, these new "facts" are facially immaterial to the issues raised in Defendants' Motion to Dismiss. *See Powers*, 2015 WL 1758079, at *8 ("To the extent that the underlying record materials contain ***confidential information . . . that is immaterial*** to the Court's resolution of the Motion . . . those materials ***warrant sealing***." (emphasis added)).

Moreover, there is significant harm to SerpApi from Defendants' decision to file this information publicly. *See Blue Yonder*, 2024 WL 4593005, at *2 (considering the harm that may arise from a competitor exploiting confidential information when determining whether to seal). The particular subject matter of the parties' discussions "is indicative of [SerpApi's] business planning and strategy decisions which could be used competitively against [SerpApi]." *Id.*, at *5 (sealing "information regarding [party's] internal strategic decisions"). Furthermore, Defendants' misleading accusations about the motive or purposes of SerpApi's good-faith settlement discussions have the ability to cause real reputational and credibility harms to SerpApi. Defendants refuse to redact the statements made during pre-litigation settlement discussions, and instead improperly smear SerpApi's reputation publicly. As this Court has acknowledged, it has the "discretion to seal records when 'files might . . . become a vehicle for improper purposes.'" *Powers*, 2015 WL 1758079, at *1 (citations omitted). It should do so here.

## IV.    Conclusion

For the reasons discussed above, SerpApi requests that Defendants' Motion to Dismiss (Dkt. 21) and Exhibit 2 attached thereto (Dkt. 21-2) be filed under seal and replaced with Exhibits A and B to this motion.

6

Dated: April 29, 2026

Respectfully submitted,

*/s/ Kat Li*

Kat Li (SBN: 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**Attorneys for Plaintiff SerpApi, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that the Parties' counsel has conferred regarding this Motion and that Defendants oppose this Motion.

*/s/ Kat Li*
Kat Li

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 29, 2026 with a copy of this document via the Court's CM/ECF system.

*/s/ Kat Li*
Kat Li

8