# EXHIBIT 1

# KIRKLAND & ELLIS LLP

Akshay S. Deoras, P.C.
To Call Writer Directly:
+1 415 439 1416
akshay.deoras@kirkland.com

555 California Street
San Francisco, CA 94104
United States

+1 415 439 1400

www.kirkland.com

Facsimile:
+1 415 439 1500

October 24, 2025

Mr. Jean-Marc Zimmerman
Lucosky Brookman LLP
111 Broadway Suite 807
New York, NY 10006

Re: *SerpApi, LLC v. SearchApi, LLC*

Mr. Zimmerman,

I write in response to your October 1 and October 8 letters and as a follow-up to our call on October 7, 2025. Contrary to SearchApi's[1] claims, SerpApi's allegations of wrongdoing and rampant copying are far from unfounded. SerpApi has collected evidence to support each of its allegations.

Below, I respond to each of SearchApi's purported explanations for its improper copying and use of SerpApi's proprietary materials and explain why its reasoning is flawed in each instance. SearchApi's apparent strategy is hailing minor modifications as large differentiators—they are not. SearchApi's piecemeal approach also ignores the overwhelming evidence that its products and tools, ***as a whole***, are strikingly similar to and duplicative of SerpApi's products and tools.

- **API Headings and Parameters:** A significant portion of SearchApi's API documentation appears to have been copied from SerpApi's. For example, a comparison of SerpApi's and SearchApi's API headers demonstrates a near-10% overlap of SearchApi's API headers with SerpApi's. This overlap extends to the parameter descriptions themselves. For example, SerpApi's and SearchApi's geographic parameter descriptions were ***identical*** until recently—demonstrating SearchApi's obvious copying and apparent attempt to conceal its use of SerpApi's information. For example, until recently, https://serpapi.com/search-api#api-parameters-geographic-location-uule and https://www.searchapi.io/docs/google#api-parameters-geographic-location-uule were identical; the same is true for https://serpapi.com/search-api#api-parameters-geographic-location and https://www.searchapi.io/docs/google#api-parameters-geographic-location:

---

[1] The use of "SearchApi" in this letter refers collectively to both SearchApi and Mr. Kucinskas.

# KIRKLAND & ELLIS LLP

October 24, 2025
Page 2

SerpApi:



SearchApi:



Now SearchApi has modified its documentation to create minor nonsubstantive differences, but those minor differences do not change the fact that the overall descriptions were copied verbatim from SerpApi. And if SearchApi truly "independently authored" its own documentation, the original text (now removed) would not have been identical, and there would have been no need to modify the documentation in the last couple months to hide this. Moreover, given SearchApi's apparent deletion of the copied material, please confirm that SearchApi has in fact complied with its obligation to preserve all relevant information, including the original versions of the SearchApi website pages. If not, SerpApi reserves all rights to seek allowable remedies for any destruction of information. SearchApi's purported explanation that this documentation reflects industry standards is wrong—the verbatim text between both sites API documentation and between the many other features (discussed below) squarely demonstrates SearchApi's copying separate and apart from any alleged "industry standards."

- **Playground:** SearchApi's Playground tool appears to be nearly identical to SerpApi's. Not only are the playgrounds visually indistinguishable on the website, they appear to be structured and coded in the same way. Moreover, as previously explained, SearchApi's parameter names

# KIRKLAND & ELLIS LLP

October 24, 2025
Page 3

within the JSON results are in many cases identical to SerpApi's. Your response fails to provide any explanation as to how this could occur absent copying. As an initial matter, you appear to be confused about what Playground functionality we are referencing. SerpApi has a demo Playground (located at https://serpapi.com) and a full Playground (located at https://serpapi.com/playground). When comparing SerpApi's demo Playground (https://serpapi.com/) to SearchApi's demo Playground (https://www.searchapi.io/), the copying is self-evident. And your attempt to distinguish the copying falls flat. Specifically, in your letter, you identify certain features that you contend are generic ("an input box for a query, a submit button, and results displayed in an iframe plus a JSON viewer"). 10-01-2025 Ltr from Zimmerman to Deoras at 1. But focusing on these high-level features ignores the remainder of the copied functionality used to implement the Playground. As to the alleged use of different CSS frameworks, this is irrelevant because the majority of the Playground logic lies in the rest of the CSS, JS, and backend code.

- **Terms of Service, Legal Shield, and Payment Plans:** SearchApi appears to concede that it uses overlapping terminology on its website when compared to SerpApi's website. Indeed, the presence of *verbatim text* between SearchApi's and SerpApi's website in each of these areas is evidence of SearchApi's copying of SerpApi's material and supports SerpApi's allegations that SearchApi wholesale copied SerpApi's website and code. SearchApi's attempts to deflect from its wrongdoing—such as suggesting that the text contains certain industry standards or pointing to minor modifications as compared to SerpApi's materials— do nothing to explain how the abundance of verbatim text and the uncanny resemblance in the look and feel of these materials could occur without copying.

- **Chat Feature:** Both SerpApi and SearchApi use Intercom for their chat feature, and a comparison of both chat features demonstrates their similarity. As SearchApi is aware, Intercom allows customers to customize their chat window in a number of ways. Yet a comparison of both SerpApi's and SearchApi's chat features demonstrates that there is very little difference between the two—they use the same text, font, gradient coloring, logo placement, emojis, tabs, and more. As explained repeatedly throughout this letter, the collection of similarities (in addition to individual similarities) across SearchApi's website in comparison to SerpApi's website demonstrates copying. Minor modifications after the fact do not change that SearchApi's copying of SerpApi's materials was improper. Whether or not SearchApi uses a different intercom class is irrelevant—such minor changes do not undermine the reality that both SerpApi's and SearchApi's chat features have the same look and feel.

- **Servers:** SerpApi's server hosting test and production-backup databases was repeatedly and improperly accessed between June 2022 and October 2024, including, for example, by the following IP addresses known to be associated with Mr. Kucinskas: 196.240.54.21, 196.240.54.44, 196.240.54.53, and 78.61.206.75. At no point during this time was Mr. Kucinskas employed by SerpApi. Thus, while SearchApi's letter implies that any server access

# KIRKLAND & ELLIS LLP

October 24, 2025
Page 4

could have occurred in the regular course of Mr. Kucinskas's employment duties, this is simply not true. Although Mr. Kucinskas claims that he has no knowledge of the "util server," he should know whether he accessed **any** SerpApi server after his termination from SerpApi in July 2021. Feigned ignorance as to which server SerpApi is referring to only emphasizes Mr. Kucinskas's and SearchApi's unwillingness to make a clear denial of improperly accessing any SerpApi server. Again, I propose an independent forensic investigation. If SearchApi has not improperly accessed SerpApi's server and has not copied SerpApi's materials, there is no harm in conducting this investigation.

- **<u>Customer List:</u>** Mr. Kucinskas's improper access and downloading of SerpApi's materials from its Stripe account is well-documented. Not only did Mr. Kucinskas download an entire customer list just days before his departure, but SerpApi also discovered that Mr. Kucinskas accessed SerpApi's Stripe account on multiple occasions at least from August 2021 to June 2022—*i.e.*, **after** his departure from SerpApi. There is no legitimate business reason excusing this improper access. And at no time did Mr. Kucinskas need a full customer list (which contains customer email addresses) for his role at SerpApi. Mr. Kucinskas's "explanation" that he needed a full customer list because his "work included payment system implementation, discount systems, Stripe fee negotiations, marketing partnerships, profit-sharing calculations, and business growth analysis - all requiring customer/transaction data access" is not supportable. *See* 10-01-2025 Ltr from Zimmerman to Deoras at 2. Many of these descriptors are vague, and SerpApi has no understanding of what Mr. Kucinskas is referring to or why any of these alleged roles would require a full customer list. Indeed, Mr. Kucinskas's Stripe-related work at SerpApi only involved coupons and minor changes to the payment system. SerpApi is not aware that Mr. Kucinskas worked on anything related to these other descriptors without further explanation of what he is referring to.

SerpApi appreciates SearchApi informing it of Mr. Kadam's prior employment with SearchApi. Mr. Kadam recently interviewed with SerpApi, but he provided no indication on his resume that he had previously been employed by SearchApi. During an interview, Mr. Kadam mentioned that he had worked for SearchApi for only about a month. But the fact that Mr. Kadam previously worked at SearchApi is not indicative of any wrongdoing by SerpApi.

Your letter states that Mr. Kadam "is prohibited by a 24-month non-engagement and non-compete agreement effective until September 3, 2026 from working for SerpApi or any other competitor of SearchApi." 10-08-2025 Ltr from Zimmerman to Deoras at 1. Please provide a copy of this agreement for our review. If Mr. Kadam is in violation of a non-engagement and non-compete agreement with SearchApi, that is irrelevant to the parties' dispute—SerpApi has no involvement in a contractual dispute between SearchApi and its former contractor. Further, SerpApi had no prior knowledge of any contract with Mr. Kadam nor the alleged events that transpired between SearchApi and Mr. Kadam in October 2024. Instead, these allegations appear to be an attempt to concoct baseless claims against SerpApi and distract from SearchApi's own

## KIRKLAND & ELLIS LLP

October 24, 2025
Page 5

egregious wrongdoing.  Regardless, SerpApi confirms that it did not solicit Mr. Kadam's employment and that it will not pursue Mr. Kadam's employment.

SerpApi again denies SearchApi's allegations of a "systematic interference campaign," 10-01-2025 Ltr from Zimmerman to Deoras at 2, and we see no basis for such an accusation.

SerpApi also welcomes an amicable solution.  To that end, SerpApi proposes a meeting between Mr. Kucinskas and SerpApi's CEO Julien Khaleghy to facilitate a business-to-business discussion about potential solutions.  Please let us know if Mr. Kucinskas is willing to participate in such a discussion and if so, his availability for a meeting.

Sincerely,

Akshay Deoras