# EXHIBIT 4

# KIRKLAND & ELLIS LLP

555 California Street
San Francisco, CA 94104
United States

Akshay S. Deoras, P.C.
To Call Writer Directly:
+1 415 439 1416
akshay.deoras@kirkland.com

+1 415 439 1400

www.kirkland.com

Facsimile:
+1 415 439 1500

April 23, 2026

**By E-mail**

Mr. Jean-Marc Zimmerman
Lucosky Brookman LLP
111 Broadway Suite 807
New York, NY 10006

Re: *SerpApi, LLC v. SearchApi, LLC* – Violation of Rule 408 and Confidentiality
Agreement

Dear Mr. Zimmerman:

I write concerning SearchApi's and Mr. Kucinskas's (collectively, "Defendants'") motion to dismiss filed on April 20 and 21 ("Motion"). *See* Dkts. 19-21. In its Motion, including certain attached exhibits, Defendants disclosed the contents of settlement discussions between the parties prior to the filing of the complaint for this lawsuit. As you are aware, this disclosure violates the parties' agreement that such settlement discussions would be confidential and protected from disclosure by Federal Rule of Evidence 408. SerpApi is troubled by Defendants' blatant violation of the parties' agreement, which seriously hinders any future opportunity for the parties to voluntarily resolve this dispute and unduly prejudices SerpApi. Accordingly, SerpApi reserves all rights, including seeking fees and/or sanctions for Defendants' violation.

In an effort to mitigate (in part) the harm and prejudice caused by this serious violation of the parties' agreement, we ask that Defendants immediately request the Court to remove those filings from the docket.[1] To the extent Defendants still seek to dismiss SerpApi's complaint, Defendants should then file an amended motion that removes any reference to the content of those confidential settlement discussions and no other modifications. If Defendants refuse to do so, please provide your availability to meet and confer on Monday, April 27, 2026.

On November 7, 2025, **you** requested our "agreement that [settlement] discussions will be ***held in confidence*** and ***pursuant to FRE 408***." 2025-11-07 Ltr from SearchApi. On December 1, we agreed: "SerpApi confirms that all discussions at the meeting between Mr. Kucinskas and

---

[1] It appears that Dkts. 19 and 20 are no longer accessible, but if that is incorrect, this request applies to all of Dkts. 19–21 and all their exhibits that reference the parties' settlement discussions.

# KIRKLAND & ELLIS LLP

April 23, 2026
Page 2

Mr. Khaleghy will be confidential and pursuant to Federal Rule of Evidence 408." 2025-12-01 Ltr from Deoras.  Defendants have blatantly violated the parties' agreement.

As you are aware, "Rule 408 of the Federal Rules of Evidence provides that evidence of a compromise 'is not admissible to prove liability for or invalidity of the claim or its amount.'" *Branch v. Fidelity & Cas. Co. of N.Y.*, 783 F.2d 1289, 1294 (5th Cir. 1986) (citing *Belton v. Fibreboard Corp.*, 724 F.2d 500 (5th Cir. 1984)).  Your inclusion of and reliance on the settlement discussions in your Motion is directed at exactly that—implying that SerpApi's claims lack merit. Even third-party blogs have interpreted your assertions as implying such.  *See, e.g.*, Luis Rijo, *SearchApi Moves to Dismiss SerpApi*, PPC LAND (Apr. 21, 2026).  That suggestion is false.  As you are aware, despite your court filings to the contrary, SerpApi made a good-faith attempt to resolve Defendants' blatant misappropriation and copying of SerpApi's proprietary material outside of court.  SerpApi meaningfully engaged in those discussions based on Defendants' proposal and promise to keep them confidential.  It is unfortunate that even after getting caught with mishandling SerpApi's confidential and trade secret information over the course of years, Defendants are still willing to disregard their obligations and promises of keeping information confidential.

Not only is Defendants' inclusion of this material contrary to the letter of the law, but it is also contrary to the spirit of the law.  Rule 408 excludes settlement discussions because their relevance is "thought to be suspect" and because it "promot[es] the voluntary settlement of disputes" outside of court.  *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 294–95 (5th Cir. 2010).  District courts in the Fifth Circuit have struck pleadings that violate Rule 408 for these very reasons.  *E.g.*, *Washington v. Pac. Summit Energy*, 2021 WL 229653, at *3 (S.D. Tex. 2021); *Ross v. Dejarnetti*, 514 F. Supp. 845, 851–53 (E.D. La. 2021).

Moreover, the settlement discussions are wholly irrelevant to and outside the scope of SerpApi's factual assertions in its Complaint and are thus immaterial to the issues raised in Defendants' Motion.  That Defendants are willing to improperly disclose confidential settlement discussions even where it cannot be relied on to support Defendants' Motion further underscores our concerns.  Nonetheless, this lack of materiality to the issues raised in Defendants' Motion should allow Defendants to readily file a replacement motion that removes any discussion of or reference to those confidential communications between the parties.

Please confirm your agreement to remove this information from your Motion by EOD, tomorrow, April 24, 2026.  If you refuse to do so, please provide your availability to meet and confer on Monday, April 27, 2026.

# KIRKLAND & ELLIS LLP

April 23, 2026
Page 3

Sincerely,

Akshay S. Deoras, P.C.