**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-00143-DAE |
| ZILVINAS KUCINSKAS and SEARCHAPI LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**<u>SERPAPI, LLC'S MOTION FOR VENUE AND JURISDICTIONAL DISCOVERY</u>**

**TABLE OF CONTENTS**

I.      **INTRODUCTION**........................................................................................... **1**

II.     **BACKGROUND** ............................................................................................. **1**

III.    **LEGAL STANDARD** .................................................................................... **2**

IV.    **ARGUMENT**................................................................................................... **3**

         A.      Factor 3: Discovery Is Necessary to Confirm Defendants' New "Facts" And Mitigate the Prejudice to SerpApi That Will Occur without The Development of Specific, Concrete Facts to Support its Jurisdictional and Venue Theories ....................................................................................... 3

                 1.      Personal Jurisdiction ................................................................. 4

                 2.      Venue .......................................................................................... 7

         B.      Factors 2 and 4: SerpApi's Request is Narrow and Minimally Burdensome ......... 8

         C.      Factor 5: The Timing of This Request Aligns with The Ordinary Discovery Schedule ........................................................................... 9

V.      **CONCLUSION** ............................................................................................ **10**

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bennett v. Reynolds*,
    315 S.W.3d 867 (Tex. 2010)..................................................................................................6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)..............................................................................................................4

*Calder v. Jones*,
    465 U.S. 783 (1984)..............................................................................................................5

*Callier v. SunPath Ltd.*,
    EP-20-CV-00106-FM, 2020 WL 10285659 (W.D. Tex. Aug. 10, 2020)...............................6

*Century Surety Co. v. Seidel*,
    893 F.3d 328 (5th Cir. 2018) ................................................................................................6

*Delta Elecs., Inc. v. Vicor Corp.*,
    724 F. Supp. 3d 645 (W.D. Tex. 2024)...........................................................................2, 3, 6

*Flores v. A.C., Inc.*,
    No. EP-02-CA-0200-DB, 2003 WL 1566507 (W.D. Tex. Mar. 5, 2003) ...............................7

*Ginko, LLC v. Apple, Inc.*,
    No. 1:24-cv-01279-DAE, Dkt. 51 (W.D. Tex. Aug. 21, 2025) ..........................................3, 8

*IngenioSpec, LLC v. Apple, Inc.*,
    No. 1:25-cv-00867-DAE, Dkt. 21 (W.D. Tex. Sept. 9, 2025)...............................................9

*Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*,
    No. 2:05-CV-185, 2005 WL 3543151 (E.D. Tex. Dec. 22, 2005) .........................................8

*Javelin Pharms., Inc. v. Mylan Lab'ys Ltd.*,
    No. 16–224–LPS, 2017 WL 5953296 (D. Del. Dec. 1, 2017).............................................4

*Maurice Pierce & Assocs., Inc. v. Computerage, Inc.*,
    608 F. Supp. 173 (N.D. Tex. 1985) ......................................................................................6

*In re Ramu Corp.*,
    903 F.2d 312 (5th Cir. 1990) ...............................................................................................2

*Red Lion Renewables, LLC v. Haff*,
    No. 5:19-cv-1113-DAE, 2019 WL 13026038 (W.D. Tex. Nov. 6, 2019)...............................3

*Religious Tech. Ctr. v. Liebreich*,
   339 F.3d 369 (5th Cir. 2003) ...............................................................................................4

*STC.UNM v. TP-Link Techs. Co.*,
   W-19-CV-00262-ADA, 2020 WL 10758856 (W.D. Tex. Jan. 2, 2020) ..................................5

*Synopsys, Inc. v. Real Intent, Inc.*,
   1:25-cv-00441-DAE, Dkt. 28 (W.D. Tex. May 14, 2025)....................................................5, 8

*The Bd. of Regents of the Univ. of Tex. Sys. v. Alnylam Pharms. Inc.*,
   No. 1:24-cv-01524-DAE, Dkt. 55 (W.D. Tex. July 1, 2025) ....................................................8

*Uniloc USA, Inc. v. Apple Inc.*,
   No. 2:17–CV–00258–JRG, 2017 WL 3382806 (E.D. Tex. July 21, 2017).............................2

*United States v. Abbott*,
   No. 1:23-CV-853-DAE, 2023 WL 6532633 (W.D. Tex. Aug. 3, 2023) ...................................2

*Velos Media, LLC v. Bytedance Ltd.*,
   No. 1:25-cv-00967-DAE, Dkt. 13 (W.D. Tex. Oct. 10, 2025) .................................................9

*Wyatt v. Kaplan*,
   686 F.2d 276 (5th Cir. 1982) ...................................................................................................2

**Statutes**

28 U.S.C. § 1391.................................................................................................................7, 8

28 U.S.C. § 1400........................................................................................................................7

18 U.S.C. § 1030 (Computer Fraud and Abuse Act) .................................................................2

**Rules**

Fed. R. Civ. P. 26.................................................................................................................1, 2, 9

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff SerpApi, LLC ("SerpApi") moves for leave to conduct limited venue and jurisdictional discovery to supplement its opposition to Defendants Zilvinas Kucinskas's ("Mr. Kucinskas") and SearchApi LLC's ("SearchApi") (collectively, "Defendants") Motion to Dismiss ("Motion" or "Mot.") (Dkt. 21).

## I.    INTRODUCTION

SerpApi seeks limited and targeted discovery—specifically, five requests for production, five interrogatories, and seven deposition hours—of Defendants' contacts with the Western District of Texas for purposes of confirming personal jurisdiction and venue. *See* Exs. 1–4 (SerpApi's proposed requests for production, interrogatories, and deposition notices). Defendants moved to dismiss SerpApi's Complaint on both personal jurisdiction and venue grounds. In their Motion, Defendants did not limit themselves to the factual allegations as pled, instead relying on extensive new evidence from outside the pleadings (including multiple declarations). SerpApi should be given the opportunity to examine the veracity of the declarants' factual assertions so that the Court has the benefit of a balanced and developed record. Any burden to Defendants is minimal given that they chose to rely on extrinsic evidence, and that minimal burden is greatly outweighed by the severe prejudice to SerpApi if its request for discovery is denied.

## II.    BACKGROUND

SerpApi, an Austin-based start-up founded in 2017, spent millions of dollars developing a ground-breaking and proprietary web-scraping tool. Dkt. 1 ("Compl.") ¶ 6. That tool forms the backbone of its products and services, allowing customers to transform raw search engine results into structured data sets. *Id.* But in May 2023, an apparent competitor emerged—***Search*Api**. SearchApi's website looks like SerpApi's, and its products work like SerpApi's. The reason for the similarities became clear in June 2025 when SerpApi learned that Mr. Kucinskas—a former SerpApi contractor with access to SerpApi's entire code base—was the founder and CEO of

1

SearchApi.

On January 20, 2026, after months of investigation and fruitless attempts to resolve the parties' dispute without Court intervention, SerpApi filed this suit asserting claims of trade secret misappropriation, breach of contract, copyright infringement, and violation of the Computer Fraud and Abuse Act ("CFAA"). *Id.* ¶¶ 65–113. On April 21, 2026, Defendants moved to dismiss the Complaint. Dkt. 21. As relevant here, SearchApi moved to dismiss for lack of personal jurisdiction and improper venue. Mot. at 10–12. In support of their Motion, Defendants attached three declarations, including from Mr. Kucinskas and his counsel. *See* Dkts. 21-2 (Kucinskas Decl.); 21-4 (Zimmerman Decl.).

## III.    LEGAL STANDARD

District courts are afforded "'wide discretion' to control the 'scope and pace of discovery,' and that discretion extends to managing the timing of discovery." *United States v. Abbott*, No. 1:23-CV-853-DAE, 2023 WL 6532633, at *1 (W.D. Tex. Aug. 3, 2023) (Ezra, J.) (quoting *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)). Under Federal Rule of Civil Procedure 26(d)(1), such discretion begins even "before the parties have conferred as required by Rule 26(f)."

Venue or jurisdictional "discovery may be warranted where a plaintiff 'present[s] a non-frivolous' basis for venue and 'the motion to dismiss raises issues of fact' or 'a more satisfactory showing of the facts is necessary.'" *Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024) (citations omitted); *see also Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) (noting that "[w]hen a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss."). Courts in the Fifth Circuit most often apply the "good cause" standard to determine whether to permit such discovery. *See Uniloc USA, Inc. v. Apple Inc.*, No. 2:17–CV–00258–JRG, 2017 WL 3382806, at *1 (E.D. Tex. July 21, 2017) (collecting cases). The "good cause" factors are: "(1) whether a preliminary

2

injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Red Lion Renewables, LLC v. Haff*, No. 5:19-cv-1113-DAE, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019) (Ezra, J.).

## IV.    ARGUMENT

SerpApi requests a narrow set of discovery to fully and fairly challenge the factual disputes that Defendants have injected into their Motion. Despite SerpApi's well-pled theories supporting venue and personal jurisdiction in this District, Defendants' Motion and its attached declarations, including from Mr. Kucinskas, are loaded with factual assertions that create a misleading and one-sided narrative regarding Defendants' own connections with the Western District of Texas. Defendants should not be permitted to create their preferred factual record without providing SerpApi the ability to explore the bases for those assertions. As this Court has recognized, where venue is disputed, "the party with the least amount of information should be able to test the declarations or affidavits of the party challenging venue with limited, targeted discovery." *Ginko, LLC v. Apple, Inc.*, No. 1:24-cv-01279-DAE, Dkt. 51, at 2 (W.D. Tex. Aug. 21, 2025). Here, while no preliminary injunction is pending (factor 1), the remaining "good cause" factors all favor granting SerpApi's request for limited jurisdictional and venue-related discovery.

> A.    **Factor 3: Discovery Is Necessary to Confirm Defendants' New "Facts" And Mitigate the Prejudice to SerpApi That Will Occur without The Development of Specific, Concrete Facts to Support its Jurisdictional and Venue Theories**

The purpose of the requested limited discovery here is to address the factual assertions that Defendants have made in their Motion to Dismiss and thus favors SerpApi's request. Given the one-sided "factual" record that Defendants have now created, "limited [jurisdictional and] venue discovery should be permitted here 'to allow the adversarial process to aid the Court in making a fact-specific decision on a well-developed factual record.'" *Delta Elecs.*, 724 F. Supp. 3d at 659

3

(quoting *Javelin Pharms., Inc. v. Mylan Lab'ys Ltd.*, No. 16–224–LPS, 2017 WL 5953296, at *3 (D. Del. Dec. 1, 2017)).

### 1.   Personal Jurisdiction

Notably, only SearchApi disputes this Court's authority to exercise personal jurisdiction—Mr. Kucinskas does not. *See* Mot. at 10–12 (limiting the jurisdictional argument to SearchApi). As pled in the Complaint, SearchApi is subject to personal jurisdiction in this Court in three independent ways: (1) SearchApi's own conduct, (2) Mr. Kucinskas's actions as an agent of SearchApi, and (3) SearchApi's ratification of Mr. Kucinskas's conduct. *See* Compl. ¶ 20. The Court should allow SerpApi to conduct limited discovery to further support each of these bases for personal jurisdiction, given that Defendants now contest the well-pled jurisdictional theories asserted in the Complaint.

First, as for SearchApi's own conduct, a defendant may be haled into court when it has "'purposefully directed' [its] activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). SerpApi plainly alleges that SearchApi "purposefully directed" its activities at Texas "by targeting and taking technology and customers from SerpApi, which is based in Austin, Texas." Compl. ¶ 20. SerpApi further alleges that "SearchApi conducts business in the State of Texas and in this District" and that "various customers of SearchApi have substantial operations in the State of Texas and in this District." *Id.* ¶ 20. These well-pled allegations are based on a number of sources, including that "Mr. Kucinskas accessed SerpApi's server 29 times after his departure from SerpApi, including as late as September 8, 2023—after SearchApi was formed," Compl. ¶ 3, and as confirmed by the results of forensic analysis Mr. Matthew Schroeder (Dkt. 1-1), Mr. Kucinskas continually accessed that same server and systems using the same IP addresses in Lithuania and

4

Latvia that he used to log into other accounts with his own credentials, again after forming SearchApi, *id.* (citing Dkt. 1-1 ¶¶14–17). In other words, SerpApi's Complaint contains well-pled facts that demonstrate SearchApi (acting through its CEO) took specific actions directed at SerpApi in Texas. *See Calder v. Jones*, 465 U.S. 783, 789–90 (1984) (concluding personal jurisdiction may be found where intentional actions are aimed at and with foreseeable acts in the forum). Additional support for these allegations comes from the striking similarities between the two companies' products: as SerpApi alleges, SearchApi was built using "SerpApi's trade secrets and copyrighted source code," which SerpApi developed in Austin, Texas. Compl. ¶¶ 22, 39. SearchApi knew that SerpApi's trade secrets and copyrighted source code were developed in Austin due to the prior work of its founder, CEO, and co-defendant Mr. Kucinskas, who entered into an Independent Contractor Agreement specifying Texas as the locus of any disputes relating to the agreement and worked with SerpApi employees in Texas. *Id.* ¶ 19. Based on those factual allegations, SearchApi should have expected to be haled into this Court because it purposefully directed its activities at residents of this forum, and the litigation results from alleged injuries that arise out of or relate to those activities. Yet in his declaration, Mr. Kucinskas disputes these allegations that he accessed any SerpApi proprietary information at all—namely, that "[a]t no time during my contractor relationship with SerpApi, and at no time after my departure on July 23, 2021, did I export, download, copy, transfer, reproduce, or otherwise obtain SerpApi's non-public source code, trade secrets, or other proprietary information" (Kucinskas Decl. ¶ 23), and "Defendants do not possess SerpApi's customer list, have not solicited SerpApi customers, and have not used any SerpApi customer data for SearchApi's benefit" (*id.* ¶ 25). SerpApi should "have an opportunity to test the assertions made in the [Kucinskas] Declaration." *See Synopsys, Inc. v. Real Intent, Inc.*, 1:25-cv-00441-DAE, Dkt. 28, at 5 (W.D. Tex. May 14, 2025); *STC.UNM*

*v. TP-Link Techs. Co.*, W-19-CV-00262-ADA, 2020 WL 10758856, at *4 (W.D. Tex. Jan. 2, 2020) (granting limited discovery, in part, "because [declarant] was not subject to cross-examination and because cross-examination is 'beyond any doubt the greatest legal engine ever invented for the discovery of truth'").

Second, as for SerpApi's agency theory, Mr. Kucinskas's admitted role as CEO of SearchApi supplies a "colorable bas[i]s for venue in this District." *Delta Elecs.*, 724 F. Supp. 3d at 658. Under well-established law, actions by a vice-principal of a corporation, including corporate officers, "may be deemed to be the acts of the corporation itself." *Century Surety Co. v. Seidel*, 893 F.3d 328, 337 (5th Cir. 2018) (citing *Bennett v. Reynolds*, 315 S.W.3d 867, 883 (Tex. 2010)). SerpApi's Complaint is replete with allegations of wrongful conduct by Mr. Kucinskas *after he formed SearchApi*. *See, e.g.*, Compl. ¶¶ 37–38 (alleging that Mr. Kucinskas "improperly retained and accessed SerpApi's code on his computer," at least through September 8, 2023); Compl. ¶ 3 (explaining that Mr. Kucinskas, while he was CEO of SearchApi, continued to repeatedly access SerpApi's MongoDB server from IP addresses known to be associated with him).

Third, as for SerpApi's ratification theory, a court may exercise jurisdiction over a defendant "on the theory of ratification if [the defendant] retains the benefits of a transaction after acquiring full knowledge of the underlying circumstances." *Callier v. SunPath Ltd.*, EP-20-CV-00106-FM, 2020 WL 10285659, at *3 (W.D. Tex. Aug. 10, 2020); *Maurice Pierce & Assocs., Inc. v. Computerage, Inc.*, 608 F. Supp. 173, 177 (N.D. Tex. 1985) (recognizing that ratification of an individual's actions "may support an assertion of personal jurisdiction"). SerpApi set forth detailed allegations in its Complaint supporting its contention that SearchApi developed its products using a foundation that SerpApi built. *See, e.g.*, Compl. ¶¶ 5–8. Yet in his declaration, Mr. Kucinskas

6

states that "SearchApi's source code was developed independently from SerpApi's proprietary code base; no non-public or proprietary SerpApi source code was used or referenced in SearchApi's development." Kucinskas Decl. ¶ 24. Mr. Kucinskas's bald assertion is not enough to contradict SerpApi's well-founded factual allegations in its complaint. This Court should allow SerpApi to explore whether SearchApi "retain[ed] the benefits of [Mr. Kucinskas's theft] after acquiring full knowledge of the transaction." *Flores v. A.C., Inc.*, No. EP-02-CA-0200-DB, 2003 WL 1566507, at *8 (W.D. Tex. Mar. 5, 2003).

### 2.    Venue

SearchApi contests that venue is proper in this District.[1] As pled in the Complaint, the Western District of Texas is the proper venue for SerpApi's claims against SearchApi for two independent reasons: (1) SearchApi is subject to personal jurisdiction in this District, *see* 28 U.S.C. § 1391(b)(1), *id.* § 1400(a); and (2) a substantial part of the events giving rise to these claims occurred in this District, *see id.* § 1391(b)(2). *See* Compl. ¶ 22. The Court should allow SerpApi to conduct limited discovery to further support each of these bases for venue.

Under 28 U.S.C. § 1391(c)(2), "an entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." *See also* 28 U.S.C. § 1400(a) ("Civil actions . . . arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant . . . resides or may be found."). Thus, because Mr. Kucinskas, the only other Defendant, is an alien for venue purposes,

---

[1]    It is unclear from the Motion whether Mr. Kucinskas also contests venue in the Western District of Texas. Regardless, SerpApi should be provided discovery into SearchApi's contacts with this District, and SerpApi would be similarly entitled to venue discovery if Mr. Kucinskas does contest venue.

venue is proper in this Court so long as personal jurisdiction exists over SearchApi. *See Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*, No. 2:05-CV-185, 2005 WL 3543151, at \*2 (E.D. Tex. Dec. 22, 2005) ("Since One World resides in South Carolina and Weida is an alien corporation, venue would be proper in South Carolina."). As for SerpApi's venue theory under 28 U.S.C. § 1391(b)(2), further information regarding, for example, the location of SearchApi's customers who received SerpApi's stolen materials would further confirm where "a substantial part of the events or omissions giving rise to the claim occurred."

Accordingly, the venue inquiry turns on the same set of facts as the personal jurisdiction inquiry, and as explained above, if the Court considers Defendants' evidence, additional discovery is needed to resolve this dispute.

### B.    Factors 2 and 4: SerpApi's Request is Narrow and Minimally Burdensome

The discovery SerpApi requests here is narrow and will minimally burden SearchApi, satisfying Factors 2 and 4, as SerpApi seeks discovery in the form of only five requests for production, five interrogatories, and seven hours of deposition. *See* Exs. 1–4. These requests are well within the bounds of what this Court typically grants for venue and jurisdictional discovery. *See, e.g.*, *Ginko*, No. 1:24-cv-01279-DAE, Dkt. 51, at 3 (allowing five requests for production, five interrogatories, and ten deposition hours); *Synopsys*, No. 1:25-cv-00441-DAE, Dkt. 28 at 5 (allowing five interrogatories and ten deposition hours); *The Bd. of Regents of the Univ. of Tex. Sys. v. Alnylam Pharms. Inc.*, No. 1:24-cv-01524-DAE , Dkt. 55 at 1 (W.D. Tex. July 1, 2025) (allowing ten requests for production, five interrogatories, and ten deposition hours).

Further, SerpApi's discovery requests are narrowly tailored to the specific factual issues that directly bear on the Court's ability to resolve the Motion on a fully developed factual record. Those issues include SearchApi's own conduct directed to this District, including misappropriating SerpApi's trade secrets and infringing SerpApi's copyrights from this District; Mr. Kucinskas's

agency relationship with SearchApi; and SearchApi's ratification of Mr. Kucinskas's unlawful activity. SerpApi expressly preserved all three jurisdictional theories in its Complaint, Compl. ¶ 20, and should be permitted to level the playing field with limited discovery to conclusively establish those theories now that Defendants have submitted their conclusory declarations. Any burden to SearchApi in responding to SerpApi's discovery requests will be minimal and greatly outweighed by the benefit to this Court of reviewing a balanced, two-sided factual record.

### C.  Factor 5: The Timing of This Request Aligns with The Ordinary Discovery Schedule

Factor 5, the timing of the request related to the traditional discovery schedule, also supports SerpApi's request.  SerpApi seeks discovery in line with the typical process of this Court. Had Defendants filed an answer on April 20, 2026, discovery most likely would have opened within thirty days from the issuance of this Court's "Order for Scheduling Recommendations" setting out the parties' deadline to confer under Rule 26(f). *See, e.g., Velos Media, LLC v. Bytedance Ltd.*, No. 1:25-cv-00967-DAE, Dkt. 13 (W.D. Tex. Oct. 10, 2025) (Ezra, J.) (issuing order for scheduling recommendations three days after filing of answer); *IngenioSpec, LLC v. Apple, Inc.*, No. 1:25-cv-00867-DAE, Dkt. 21 (W.D. Tex. Sept. 9, 2025) (Ezra, J.) (issuing order for scheduling recommendations one day after filing of answer). And SerpApi wasted no time in filing this request, raising the issue with opposing counsel on Monday, April 27, one week after Defendants filed their Motion on April 20 (later docketed on April 21).

Further, SerpApi's request for venue and jurisdictional discovery will only marginally extend these proceedings. In the event the Court grants discovery, SerpApi asks that the discovery requests, which are attached to this motion as Exhibits 1–4, be deemed served as of the day of the Court's Order. From there, SerpApi requests that the Court order Defendants to respond to SerpApi's discovery requests within 14 days, Exs. 1–2, and order all depositions to be complete

9

within 14 days after Defendants answer SerpApi's discovery requests, Exs. 3–4. SerpApi requests venue and jurisdictional discovery to be deemed complete upon the conclusion of depositions, with SerpApi's opposition to Defendants' Motion to Dismiss due within 14 days after the completion of discovery, and Defendants' reply due within 7 days after SerpApi's opposition. Alternatively, in the event the Court denies discovery, SerpApi requests that the Court set a deadline for SerpApi to file an opposition to Defendants' Motion to Dismiss 7 days after the Court's Order, with Defendants' reply deadline to follow 7 days after SerpApi's opposition deadline.

## V.    CONCLUSION

For these reasons, this Court should grant SerpApi's motion for limited venue and jurisdictional discovery.

Dated: April 30, 2026

Respectfully submitted,

*/s/ Kat Li*

Kat Li (Texas Bar No. 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

*Attorneys for Plaintiff SerpApi, LLC*

11

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 30, 2026, with a copy of this document via the Court's CM/ECF system.

/s/ Kat Li
Kat Li

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the parties have complied with the conference requirement of Local Rule CV-7(g). On April 27, 2026, counsel for Plaintiff and Defendants met and conferred via telephone regarding the relief requested herein. Counsel for Defendants confirmed they are opposed to the relief sought.

/s/ Kat Li
Kat Li