# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ZILVINAS KUCINSKAS and<br>SEARCHAPI LLC,<br><br>        Defendants. | CASE NO. 1:26-cv-00143-DAE<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-5) TO SEARCHAPI LLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Court's Order granting leave to take special jurisdictional and venue discovery, Plaintiff SerpApi, LLC ("SerpApi"), by and through their counsel, request that SearchApi LLC ("SearchApi") produce the following documents and things at the offices of Kirkland & Ellis LLP, 401 W 4th St, Austin, TX 78701, or at such other place as may be mutually agreeable to counsel, within fourteen (14) days from the date of service hereof.

If SearchApi's answer to any of these requests needs to be supplemented or amended because of information acquired by SearchApi subsequent to serving its response, SearchApi should promptly serve a supplemental answer reflecting such changes in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these requests for production ("Requests") shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Civil Local Rules of the United States District Court for the Western District of Texas. In addition, the following

1

definitions shall apply whenever such words and phrases are used in these Requests and shall be interpreted and applied in the way that makes the Request broadest and most inclusive in accordance with applicable Federal Rules of Civil Procedure:

1.      "You," "Your," or "SearchApi" means SearchApi LLC, including without limitation any predecessors or affiliates; all past or present agents, representatives, partners, employees, directors, officers, or consultants; and Persons (as defined below) purporting to act on its behalf, including any activities undertaken prior to and/or during the formal incorporation or organization of SearchApi. "You" and "Your" shall be interpreted and applied in the way that makes the Request broadest and most inclusive.

2.      "Plaintiff" or "SerpApi" means SerpApi, LLC and all of its present and former partners, officers, directors, employees, agents, and representatives, as well as any other Person (as defined below) acting or purporting to act on its behalf.

3.      "Mr. Kucinskas" means Zilvinas Kucinskas as well as any agent, attorney, accountant, representative, or other Person (as defined below) acting or purporting to act on his behalf.

4.      "Defendants" means Mr. Kucinskas and SearchApi, collectively.

5.      "Litigation" means the above-captioned action, Case No. 1:26-CV-00143-DAE, pending in the United States District Court for the Western District of Texas.

6.      "Complaint" means any complaint, amended complaint, or supplemental complaint that Plaintiff filed or files in this Litigation.

7.      "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages,

2

messaging through any platform or application, any other electronic communications through any platform or communications services whatsoever, letters, memoranda, emails, face-to-face meetings, telephone conversations, and telephonic notes in connection with the same.

8.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and includes without limitation any Thing(s) (as defined below), ESI (as defined below), Communication(s) (as defined above), graphics, visual works, or other recorded matter or material of whatever kind or nature, including any recording or writing as these terms are defined in Rule 1001 of the Federal Rules of Evidence, and any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, regardless of the medium on which it is produced, reproduced, or stored, including without limitation computer programs and files containing any requested information together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable, all originals (or, if originals are not available, identical copies thereof), all nonidentical copies, and all drafts of Documents, Source Code, and all other data compilations.

9.    "ESI" means electronically stored information, as that term is defined by the Federal Rules of Civil Procedure, and includes any Document or information that is created, used, and stored in digital form and/or accessible by digital means, including e-mail, text messages, instant messages, voicemail messages, databases, website content, and any other Document stored in electronic form on a Storage Device.

10.    "Person(s)" means any natural person or any business, corporation, estate, trust, partnership, proprietorship, limited liability company, association, organization, firm, board, joint venture, government, governmental subdivision or agency, group of persons or any other entity of

whatever nature and shall include without limitation the acts of any such Person's directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the Person's behalf.

11.    "Source Code" means human-readable programming language text that defines software or other computer programs. Source Code files include without limitation files containing code in "C," "C++," "Python," Java, JavaScript, Ruby, and/or any other programming languages. Source Code files further include without limitation, import instructions, associated files, dependencies, external dependencies, referenced code, header files, include files, make files, link files, configuration files, build files, scripts, and other human-readable text files used in the development, compilation, execution, or modification of software. Source Code also includes, without limitation, object code, code used to scrape, retrieve, collect, process, structure, and/or return search engine results, application programming interfaces, automation scripts, proxy scripts, CAPTCHA handling code, and any other code used in relation with the operation of a search engine results page application programming interface or related products and/or services.

12.    "Storage Devices" means any computer, hard drive, USB drive, CD, floppy disc, tape, tablet, phone, cloud storage, server, shared drive, file transfer site, personal computing devices, email account, document repository, messaging applications, and any other device, mechanism or application used to store or display data.

13.    "Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 34. This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens.

14. The singular form of a word shall be interpreted as plural, and vice versa and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

15. The term "each" means each and every.

16. The term "any" includes the word "all," and vice versa.

17. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the discovery Request more inclusive so as to bring within the scope of the Request all documents that might otherwise be construed to be outside of its scope.

18. "Including" means "including, without limitation" or "including, but not limited to."

19. "Relate to," "Relating to," or "Related to," "Concern" or "Concerning", when referring to any given subject matter, means without limitation any Document or Thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

20. "SearchApi Product(s) at Issue" means any SearchApi product and/or service that competes with, is similar to, or incorporates functionalities comparable to any product and/or service developed, marketed, or offered by SerpApi.

## <u>INSTRUCTIONS</u>

The following instructions apply to these Requests and should be considered part of each Request.

1.    The Documents requested to be produced or inspected include all Documents in your possession, custody, or control, including any Documents in your constructive possession whereby You have a right to compel production of Documents from a Third Party and includes documents maintained at your work office, your home office, your attorneys' office, or elsewhere, or by any Person acting on your behalf, or located in the personal files of any and all of your past and present directors, officers, agents, representatives, or employees, and other Persons or entities acting on your behalf.

2.    If You withhold any requested Documents responsive to these Requests for any reason, You are requested to state the basis for withholding the Documents in a manner sufficient to enable Plaintiff and the Court to evaluate the validity of the withholding. For any information withheld on the grounds of privilege, work product, or other alleged protections against disclosure, You are instructed to provide at least the following information:

(i)    The type or general nature of the Document (e.g., whether it is a letter, memorandum, minutes of a meeting, database, spreadsheet, etc.);

(ii)    A description of the Document withheld, including the general subject matter of the Document;

(iii)    The place, date, and manner of recordation or preparation of the Document;

(iv)    The name, title, and company affiliation of the Person(s) who created the Document;

(v)    The name, title, and company affiliation of the Person(s) who sent the Document;

6

(vi)     The name, title, and company affiliation of the Person(s) who received the Document;

(vii)    For any Document containing a signature, whether physical or electronic, the name, title, and company affiliation of the Person who signed the Document;

(viii)   The name, title, and company affiliation of each Person to whom the Document has been disclosed;

(ix)     The name, title, and company affiliation of each Person who maintains custody of the Document;

(x)      A description of the basis for withholding the Document sufficient to permit the Court to evaluation your basis for withholding it.

3.      If You object to any Request on the ground that it is ambiguous in whole or in part, identify in the objection the particular language that you contend is ambiguous and state the interpretation of that language that You have used to identify responsive Documents.

4.      If You object to any portion of any Request for any reason, You are instructed to produce Documents in response to all portions of the Request to which the objection does not apply.

5.      These Requests are ongoing and continuing in nature. You are requested to supplement your responses in accordance with Federal Rule of Civil Procedure 26(e).

6.      In the event that multiple copies of a Document exist, You should produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

7.      If any of the Documents requested herein are no longer in your possession, custody, or control, but were previously in your possession custody and control, You are requested to

identify each such requested Document by date, type of Document, Person(s) from whom sent, Person(s) to whom sent, and Person(s) receiving copies, to provide a summary of its pertinent contents, and to identify the Person(s) or entity(ies) in whose possession, custody, or control the Document was last known to reside. If any Document responsive to these Requests has been destroyed, please also provide the date of such destruction, and the name of the Person(s) who ordered or authorized such destruction.

8.    The Documents produced in response to these Requests shall be organized and designated to correspond to the categories in these Requests or, if not, produced in the same file or manner as they are maintained in the normal course of business, and in either case:

(i)    All associated file labels, file headings, and file folders shall be produced together with the responsive Documents from each file and each file shall be identified as to its owner or custodian;

(ii)    All Documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies;

(iii)    All photocopies shall be stapled or clipped as the originals; and

(iv)    Each page shall be given a discrete production number.

9.    Whenever possible, produce Documents responsive to individual Requests as soon as possible and without waiting to produce Documents responsive to other Requests.

10.    Any ESI or Storage Devices must be produced in a format that maintains all related documentation, metadata, log files, deleted files, or other materials, and You shall preserve all Documents or Storage Devices to which a duty of preservation attaches in a format that maintains all related documentation, metadata, log files, deleted files, or other materials.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications reflecting, relating to, or concerning Defendants' business relationships with any customer, client, vendor, or other third party located in or maintaining substantial operations in the State of Texas, including contracts, invoices, purchase orders, statements of work, correspondence, and account records.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications reflecting, relating to, or concerning any marketing, advertising, solicitation, or outreach by Defendants directed at prospective or existing customers in the State of Texas, including email campaigns, digital advertisements, social media communications, and records of attendance at trade shows, conferences, or business events held in Texas.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications reflecting, relating to, or concerning all current and former employees, contractors, and/or collaborators who currently or previously have worked for SearchApi or on SearchApi's products or source code, even if such work was done prior to formal registration of SearchApi as a company, their state and end dates with SearchApi, their address(es) throughout the duration of their employment or contractual relationship with Defendants, and their role at SearchApi.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications reflecting, relating to, or concerning when Mr. Kucinskas first conceived of SearchApi, who he communicated with to form SearchApi, and any other plans or discussions regarding the decision to form SearchApi, the manner in which SearchApi was formed, and the identities of any individuals or entities involved.

9

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications reflecting, relating to, or concerning any connection between Defendants and Texas, including all activities relating to recruiting, soliciting, or hiring current or former employees or contractors of SerpApi; to soliciting, contacting, or acquiring customers of SerpApi; and to communicating with third parties in Texas concerning SerpApi, including potential and actual vendors, service providers, suppliers, consultants, and investors.

Dated: April 30, 2026

Respectfully submitted,

*/s/ Kat Li*

Kat Li (SBN: 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

*Attorneys for Plaintiff SerpApi, LLC*

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically via electronic mail, to all counsel of record, on this the 30th day of April 2026.

 */s/ Kat Li*
Kat Li