# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-cv-00143-DAE |
| ZILVINAS KUCINSKAS and SEARCHAPI LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-5)**
**TO DEFENDANT SEARCHAPI LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Court's order granting leave to take special jurisdictional and venue discovery, Plaintiff SerpApi, LLC ("SerpApi" or "Plaintiff"), by and through its counsel, requests that Defendant SearchApi LLC ("SearchApi") answer the following interrogatories, under oath, based on all information and knowledge reasonably available to SearchApi, its attorneys, agents, and all others acting on its behalf, in accordance with the definitions below, to be answered on or before fourteen (14) days from the date of service hereof.

If SearchApi's answer to any of these interrogatories needs to be supplemented or amended because of information acquired by SearchApi subsequent to the serving of its response, SearchApi should promptly serve a supplemental answer reflecting such changes in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

The words and phrases used in these interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Civil Local Rules of the United States

District Court for the Western District of Texas. In addition, the following definitions shall apply whenever such words and phrases are used in these interrogatories and shall be interpreted and applied in the way that makes the request broadest and most inclusive in accordance with applicable Federal Rules of Civil Procedure:

1.      "You," "Your," or "SearchApi" means SearchApi LLC, including without limitation any predecessors or affiliates; all past or present agents, representatives, partners, employees, directors, officers, or consultants; and Persons (as defined below) purporting to act on its behalf, including any activities undertaken prior to and/or during the formal incorporation or organization of SearchApi. "You" and "Your" shall be interpreted and applied in the way that makes the request broadest and most inclusive.

2.      "Plaintiff" or "SerpApi" means SerpApi, LLC and all of its present and former partners, officers, directors, employees, agents, and representatives, as well as any other Person (as defined below) acting or purporting to act on its behalf.

3.      "Mr. Kucinskas" means Zilvinas Kucinskas as well as any agent, attorney, accountant, representative, or other Person (as defined below) acting or purporting to act on his behalf.

4.      "Defendants" means Mr. Kucinskas and SearchApi, collectively.

5.      "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages, messaging through any platform or application, any other electronic communications through any platform or communications services whatsoever, letters, memoranda, emails, face-to-face meetings, telephone conversations, and telephonic notes in connection with the same.

2

6.      "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and includes without limitation any Thing(s) (as defined below), ESI (as defined below), Communication(s) (as defined above), graphics, visual works, or other recorded matter or material of whatever kind or nature, including any recording or writing as these terms are defined in Rule 1001 of the Federal Rules of Evidence, and any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, regardless of the medium on which it is produced, reproduced, or stored, including without limitation computer programs and files containing any requested information together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable, all originals (or, if originals are not available, identical copies thereof), all nonidentical copies, and all drafts of Documents, Source Code, and all other data compilations.

7.      "ESI" means electronically stored information, as that term is defined by the Federal Rules of Civil Procedure, and includes any Document or information that is created, used, and stored in digital form and/or accessible by digital means, including e-mail, text messages, instant messages, voicemail messages, databases, website content, and any other Document stored in electronic form on a Storage Device.

8.      "Person(s)" means any natural person or any business, corporation, estate, trust, partnership, proprietorship, limited liability company, association, organization, firm, board, joint venture, government, governmental subdivision or agency, group of persons or any other entity of whatever nature and shall include without limitation the acts of any such Person's directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the Person's behalf.

9. "Source Code" means human-readable programming language text that defines software or other computer programs. Source Code files include without limitation files containing code in "C," "C++," "Python," Java, JavaScript, Ruby, and/or any other programming languages. Source Code files further include without limitation, import instructions, associated files, dependencies, external dependencies, referenced code, header files, include files, make files, link files, configuration files, build files, scripts, and other human-readable text files used in the development, compilation, execution, or modification of software. Source Code also includes, without limitation, object code, code used to scrape, retrieve, collect, process, structure, and/or return search engine results, application programming interfaces, automation scripts, proxy scripts, CAPTCHA handling code, and any other code used in relation with the operation of a search engine results page application programming interface or related products and/or services.

10. "Storage Devices" means any computer, hard drive, USB drive, CD, floppy disc, tape, tablet, phone, cloud storage, server, shared drive, file transfer site, personal computing devices, email account, document repository, messaging applications, and any other device, mechanism or application used to store or display data.

11. "Thing(s)" has the broadest possible meaning permitted by Federal Rule of Civil Procedure 34. This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens.

12. The singular form of a word shall be interpreted as plural, and vice versa and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

13. The term "each" means each and every.

14. The term "any" includes the word "all," and vice versa.

15.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive so as to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

16.     "Describe" means to Identify (as defined below) the referenced subject matter, provide in detail all known facts, information, and evidence regarding the subject matter, and Set Forth the Complete Basis for Your contentions and allegations concerning the subject matter.

17.     "Including" means "including, without limitation" or "including, but not limited to."

18.     "Relate to," "Relating to," or "Related to," "Concern" or "Concerning", when referring to any given subject matter, means without limitation any Document or Thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

19.     "Set Forth the Complete Basis" means to state fully and in detail all grounds, reasons, and support for Your beliefs, statements, factual assertions, and contentions, including all facts and information known or available to You, all Documents, Communications, and other evidence that support or relate to the contention, the identity of all Person(s) with knowledge of the facts supporting the contention, and an explanation of how the identified facts, documents, and Person(s) support the contention.

## **INSTRUCTIONS**

1.      These Instructions and Definitions shall be construed to require answers based on the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys.

2.      If SearchApi has a good faith objection to any interrogatory or any part thereof, SearchApi is requested to state the specific nature of the objection, and whether it applies to the entire interrogatory or to a part of the interrogatory. If the objection relates only to a part of the interrogatory, then SearchApi is requested to identify the objectionable part or parts and respond to the remaining parts.

3.      If SearchApi has a good-faith objection to any interrogatory or any part thereof based on attorney-client privilege, work-product immunity, or any other privilege or immunity, SearchApi shall provide an explanation of the basis therefor, including the specific nature of the privilege or immunity claimed and detailed grounds for claiming such.

4.      Each interrogatory shall be answered on the basis of SearchApi's entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

5.      When asked to "Identify" or provide the "Identity" of a Person, specify the person's full name, title, employer, where they reside, and present or last known address.

6.      When asked to "Identify" or provide the "Identity" of a Document, specify the following:

(i)      Type of document:

(ii)      General subject matter;

(iii)      Author(s), addressee(s), and recipient(s);

(iv)      Date the document was prepared; and

6

(v)    Bates number(s) of the document(s) (if applicable).

7.    If SearchApi elects to utilize the procedure for answering interrogatories authorized by Fed. R. Civ. P. 33(d), SearchApi should specify the particular documents relating to each subject matter of the specific interrogatory, and separately for each document, specify its source (i.e., the person from whom files were obtained or other location from which it was taken), and its author and date of preparation, if not apparent from the face of the document.

8.    These interrogatories are continuing in nature, which requires SearchApi to serve supplemental responses promptly in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each of Defendants' past or current customers, identify the name of the customer, the date that customer relationship commenced and, if applicable, the date that customer relationship concluded, along with each of the states in which that customer resides, is incorporated, maintains substantial operations, or has its primary place of business, and the size of that customer, including the monetary value of the customer relationship, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

**INTERROGATORY NO. 2:**

Describe in detail the formation of SearchApi, including the date of formation, identities and roles of all founders, directors, officers, employees, and contractors from formation to present (including names, titles, home and work addresses, and a description of their role at SearchApi) from formation to present, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

**INTERROGATORY NO. 3:**

Describe in detail Mr. Kucinskas's ownership of and role, responsibilities, and authority at SearchApi, including when Mr. Kucinskas first conceived of SearchAPI, his title(s), his reporting relationships (if any), and the scope of his authority to act on SearchApi's behalf with respect to product development, business strategy, customer acquisition, and access to or use of any materials originating from SerpApi, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

8

**INTERROGATORY NO. 4:**

Describe all business SearchApi has conducted in or directed toward the State of Texas from the date of its formation to the present, including any marketing, advertising, solicitation, sales, licensing, partnerships, contracts, or other commercial activities targeting Texas-based individuals or entities, including any solicitation and offers of employment to individuals located in Texas, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

**INTERROGATORY NO. 5:**

Describe in detail all activities by SearchApi or any Person acting on its behalf that were directed at SerpApi in Texas from the date of SearchApi's formation to the present, including any efforts to recruit, solicit, or hire current or former employees or contractors of SerpApi; any efforts to solicit, contact, or acquire customers of SerpApi; and any Communications with third parties in Texas concerning SerpApi, including potential and actual vendors, service providers, suppliers, consultants, and investors, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

Dated: April 30, 2026

Respectfully submitted,

*/s/ Kat Li*

Kat Li (SBN: 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

*Attorneys for Plaintiff SerpApi, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via electronic mail, to all counsel of record, on this the 30th day of April 2026.

/s/ Kat Li
Kat Li