# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-00143 |
| ZILVINAS KUCINSKAS and SEARCHAPI LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## <u>NOTICE OF DEPOSITION OF SEARCHAPI LLC PURSUANT TO RULE 30(b)(6)</u>

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Court Rules for the United States District Court for the Western District of Texas, Plaintiff SerpApi, LLC ("SerpApi"), by and through its under-signed counsel, will take the videotaped deposition of SearchApi LLC ("SearchApi") by oral examination of witness(es) designated by SearchApi to testify on its behalf concerning the matters listed in Attachment A on on a date and time mutually agreeable to the parties at the offices of Kirkland & Ellis LLP, 401 West 4th Street, Austin, TX 78701, or another location upon which both parties agree. The deposition will continue from day to day until completed.

The deposition will be taken before an officer authorized to administer oaths. The deposition will be recorded by videotape and/or stenographic means and will be taken for the purposes of discovery, for use at trial in this matter, and for any purposes permitted under the Federal Rules of Civil Procedure or this Court.

You are invited to attend the deposition and examine the witness.

1

Dated: April 30, 2026

Respectfully submitted,

*/s/ Kat Li*

Kat Li (SBN: 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Attorneys for Plaintiff SerpApi, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 30, 2026, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on all registered counsel of record via email.

*/s/ Kat Li*
Kat Li

**ATTACHMENT A**

**DEFINITIONS**

1. "You," "Your," or "SearchApi" means SearchApi LLC, including without limitation any predecessors or affiliates; all past or present agents, representatives, partners, employees, directors, officers, or consultants; and Persons (as defined below) purporting to act on its behalf, including any activities undertaken prior to and/or during the formal incorporation or organization of SearchApi. "You" and "Your" shall be interpreted and applied in the way that makes the Request broadest and most inclusive.

2. "Plaintiff" or "SerpApi" means SerpApi, LLC and all of its present and former partners, officers, directors, employees, agents, and representatives, as well as any other Person (as defined below) acting or purporting to act on its behalf.

3. "Mr. Kucinskas" means Zilvinas Kucinskas, as well as any agent, attorney, accountant, representative, or other Person (as defined below) acting or purporting to act on his behalf.

4. "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, text messages, messaging through any platform or application, any other electronic communications through any platform or communications services whatsoever, letters, memoranda, emails, face-to-face meetings, telephone conversations, and telephonic notes in connection with the same.

5. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and includes without limitation any Thing(s) (as defined below), ESI (as defined below), Communication(s) (as defined above), graphics, visual works, or other recorded matter or material of whatever kind or nature, including any recording or

writing as these terms are defined in Rule 1001 of the Federal Rules of Evidence, and any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, regardless of the medium on which it is produced, reproduced, or stored, including without limitation computer programs and files containing any requested information together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable, all originals (or, if originals are not available, identical copies thereof), all nonidentical copies, and all drafts of Documents, Source Code, and all other data compilations.

6. "ESI" means electronically stored information, as that term is defined by the Federal Rules of Civil Procedure, and includes any Document or information that is created, used, and stored in digital form and/or accessible by digital means, including e-mail, text messages, instant messages, voicemail messages, databases, website content, and any other Document stored in electronic form on a Storage Device.

7. "Person(s)" means any natural person or any business, corporation, estate, trust, partnership, proprietorship, limited liability company, association, organization, firm, board, joint venture, government, governmental subdivision or agency, group of persons or any other entity of whatever nature and shall include without limitation the acts of any such Person's directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the Person's behalf.

8. "Source Code" means human-readable programming language text that defines software or other computer programs. Source Code files include without limitation files containing code in "C," "C++," "Python," Java, JavaScript, Ruby, and/or any other programming languages. Source Code files further include without limitation, import instructions, associated files,

dependencies, external dependencies, referenced code, header files, include files, make files, link files, configuration files, build files, scripts, and other human-readable text files used in the development, compilation, execution, or modification of software. Source Code also includes, without limitation, object code, code used to scrape, retrieve, collect, process, structure, and/or return search engine results, application programming interfaces, automation scripts, proxy scripts, CAPTCHA handling code, and any other code used in relation with the operation of a search engine results page application programming interface or related products and/or services.

9.      "Storage Devices" means any computer, hard drive, USB drive, CD, floppy disc, tape, tablet, phone, cloud storage, server, shared drive, file transfer site, personal computing devices, email account, document repository, messaging applications, and any other device, mechanism or application used to store or display data.

10.     "Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 34. This meaning encompasses without limitation any tangible object of any kind and nature other than a Document, including without limitation prototypes, models, and physical specimens.

11.     The singular form of a word shall be interpreted as plural, and vice versa and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

12.     The term "each" means each and every.

13.     The term "any" includes the word "all," and vice versa.

14.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the discovery Request more inclusive so as to bring within the scope of the Request all documents that might otherwise be construed to be outside of its scope.

15.     "Including" means "including, without limitation" or "including, but not limited to."

16.     "Relate to," "Relating to," or "Related to," "Concern" or "Concerning", when referring to any given subject matter, means without limitation any Document or Thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

17.     "SearchApi Product(s) at Issue" means any SearchApi product and/or service that competes with, is similar to, or incorporates functionalities comparable to any product and/or service developed, marketed, or offered by SerpApi.

## DEPOSITION TOPICS

1.      SearchApi's connections to Texas and the Western District of Texas.

2.      The presence and location of SearchApi's employees and contractors, locations, or documents in Texas, if any.

3.      SearchApi's factual basis for asserting that personal jurisdiction and venue are not proper in the Western District of Texas, including the basis for the facts alleged in Defendants' Motion to Dismiss and the declarations submitted in support thereof.

4.      SearchApi's responses and objections to Plaintiff's interrogatories and requests for production served in connection with venue and jurisdictional discovery, including SearchApi's efforts to investigate, identify, and disclose information responsive to those discovery requests.

5.      SearchApi's corporate structure and organization, including the date of formation, state(s) of incorporation or organization, the identities and roles of all founders, directors, officers, employees, and contractors from formation to present, and the relationship between SearchApi and Mr. Kucinskas.

6.      The formation of SearchApi, including who Mr. Kucinskas communicated with to form SearchApi, any other plans or discussions regarding the decision to form SearchApi, the manner in which SearchApi was formed, and the identities and locations of any individuals or entities involved.

7.      Mr. Kucinskas's role, responsibilities, and authority at SearchApi, including his title(s), ownership (if any), his reporting relationships (if any), and the scope of his authority to act on SearchApi's behalf with respect to product development, business strategy, customer solicitation, and access to or use of any materials originating from SerpApi.

8. The identity and location of any Person, including Third Parties, that SearchApi may call as a witness in this matter, and the subject matter of their knowledge and potential testimony.

9. The identity and location of any employee, contractor, and/or collaborator who currently or previously worked for SearchApi or on SearchApi's products or Source Code, even if such work was done prior to the formal registration of SearchApi as a company, including their start and end dates with SearchApi, their address(es) throughout the duration of their employment or contractual relationship with SearchApi, and their role at SearchApi.

10. SearchApi's business relationships with any customer, client, vendor, or other Third Party located in or maintaining substantial operations in Texas, including the name of each such customer, the date the relationship commenced and, if applicable, concluded, the monetary value of each such customer relationship, and the state(s) in which each customer resides, is incorporated, maintains substantial operations, or has its primary place of business.

11. Any and all business SearchApi has conducted in or directed toward Texas from the date of its formation to the present, including any marketing, advertising, solicitation, sales, licensing, partnerships, contracts, or other commercial activities targeting Texas-based individuals or entities.

12. SearchApi's communications, strategies, efforts, and methods contemplated or implemented for the recruitment, solicitation, or hiring of any current or former employees and/or contractors of SearchApi from formation to present in Texas.

13. SearchApi's marketing, advertising, solicitation, or outreach directed at prospective or existing customers in Texas, including email campaigns, digital advertisements, social media

9

communications, and records of attendance at trade shows, conferences, or business events held in Texas.

14.    The geographic locations of, and content stored in, all offices, storage facilities, data repositories, servers, and/or server locations owned, leased, operated, controlled, or maintained by SearchApi, and the accessibility of any electronically stored content therein, including the physical location of server(s) previously or currently used by SearchApi for Source Code and other Documents relating to each SearchApi Product at Issue.