**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

SERPAPI, LLC,
　　*Plaintiff,*

v.

ZILVINAS KUCINSKAS and
SEARCHAPI LLC,
　　*Defendants.*

§
§
§
§
§
§
§
§
§

Case No. 1:26-CV-00143

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR VENUE AND JURISDICTIONAL DISCOVERY</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   LAW ................................................................................................................... 1

III.  ARGUMENT ..................................................................................................... 3

    A. SerpApi Has Not Identified Specific Jurisdictional Facts That Discovery Would Uncover . 4

    B. SerpApi Has Failed to Controvert Mr. Kucinskas's Affidavit ................................................. 5

    C. SerpApi's Jurisdictional Theories Are Speculative .................................................. 5

    D. The Cases SerpApi Cites Are Distinguishable And
        Do Not Support Jurisdictional or Venue Discovery .................................................. 8

    E. Plaintiff's Proposed Discovery Is Primarily Merits Not Jurisdictional Discovery ................ 9

IV.   CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Black v. Acme Mkts., Inc.*,
564 F.2d 681 (5th Cir. 1977) ...............................................................................................5

*Callier v. SunPath Ltd., No. EP-20-CV-00106-FM*,
2020 U.S. Dist. LEXIS 256792 (W.D. Tex. Aug. 10, 2020) .................................1, 4, 7

*Century Surety Co. v. Seidel*,
893 F.3d 328 (5th Cir. 2018) ...............................................................................................8

*Delta Electronics, Inc. v. Vicor Corp.*,
724 F. Supp. 3d 645 (W.D. Tex. 2024) ...............................................................................8

*Eho360, LLC v. Opalich, No. 3:21-CV-0724-B*,
2021 U.S. Dist. LEXIS 264358 (N.D. Tex. June 25, 2021) .................................................2

*Fielding v. Hubert Burda Media, Inc.*,
415 F.3d 419 (5th Cir. 2005) .....................................................................................1, 2, 4

*Flores v. A.C., Inc., No. EP-*
02-CA-0200-DB, 2003 U.S. Dist. LEXIS 3693 (W.D. Tex. Mar. 5, 2003) ................................7

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*,
892 F.3d 719 (5th Cir. 2018) ...............................................................................................6

*Javelin Pharms., Inc. v. Mylan Lab'ys Ltd.*,
No. 16-224-LPS, 2017 U.S. Dist. LEXIS 201175 (D. Del. Dec. 1, 2017) ................................8

*Johnson v. TheHuffingtonPost.com, Inc.*,
21 F.4th 314 (5th Cir. 2021) ...............................................................................................1

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
213 F.3d 841–56 (5th Cir. 2000) .....................................................................................2, 4

*Maurice Pierce & Assocs., Inc. v. Computerage, Inc.*,
608 F. Supp. 173 (N.D. Tex. 1985) .....................................................................................7

*Monkton Ins. Servs., Ltd. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) .....................................................................................1, 2, 4

*Pace v. Cirrus Design Corp.*,
93 F.4th 879 (5th Cir. 2024) .................................................................................1, 2, 4, 5

*Red Lion Renewables, LLC v. Haff, No. 5:19-cv-1113-DAE,*
  2019 WL 13026038 (W.D. Tex. Nov. 6, 2019) ...........................................................................4

*Stambro v. Vanderhall Motor Works, Inc.,*
  2025 U.S. Dist. LEXIS 88639 (W.D. Tex. May 9, 2025) ...................................................... 3, 4

*Synopsys, Inc. v. Real Intent, Inc.,*
  No. 1:25-cv-00441-DAE, Dkt. 28, at 4 (W.D. Tex. May 14, 2025) .............................................8

*STC.UNM v. TP-Link Techs. Co., W-19-CV-00262-ADA,*
  2020 U.S. Dist. LEXIS 257942 (W.D. Tex. Jan. 2, 2020) .........................................................8

*Walden v. Fiore,*
  571 U.S. 277–85 (2014) ...............................................................................................2, 5, 6, 7

*Wyatt v. Kaplan,*
  686 F.2d 276 (5th Cir. 1982) ...........................................................................................2, 5

**Other**

Rule 26 ......................................................................................................................................4

## I.    <u>INTRODUCTION</u>

Defendants Zilvinas Kucinskas and SearchApi LLC ("SearchApi") (collectively "Defendants") oppose Plaintiff SerpApi, LLC's ("Plaintiff" or "SerpApi") Motion for Venue and Jurisdictional Discovery (Dkt. 23). The motion should be denied because SerpApi has not made a preliminary, non-speculative showing of jurisdiction or identified specific venue or jurisdictional facts that discovery is likely to uncover.

SerpApi identifies no Texas-directed conduct by SearchApi or by Mr. Kucinskas on SearchApi's behalf related to the claims in this case. It also identifies no SearchApi customer, sale, contract, communication, employee, office, server, property, or transaction in Texas. Instead, SerpApi seeks discovery to search for those facts. The cases cited by both sides do not permit that.

In support of this response, Defendants submit the Declarations of Mr. Kucinskas on behalf of himself personally and in his capacity as the CEO of SearchApi, attached hereto as Exhibits 1 and 2, respectively.

## II.    <u>LAW</u>

A party seeking venue or jurisdictional discovery must show that discovery is necessary. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). It is not enough to speculate that discovery might uncover venue or jurisdictional facts. The plaintiff must identify the specific facts it expects discovery to reveal. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (quoting *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021)). It must allege facts suggesting "with reasonable particularity" the possible existence of the required forum contacts. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 U.S. Dist. LEXIS 256792, at *10 (W.D. Tex. Aug.

1

10, 2020). "[V]ague assertions that additional discovery will produce needed, but unspecified facts," is insufficient to allow jurisdictional discovery. *Pace*, at 902-03.

A plaintiff's failure to identify any factual dispute that, if resolved in its favor, would establish personal jurisdiction over the defendants requires denial of jurisdictional discovery. *Eho360, LLC v. Opalich*, No. 3:21-CV-0724-B, 2021 U.S. Dist. LEXIS 264358, at \*7-8 (N.D. Tex. June 25, 2021). SerpApi has not identified any factual dispute that, if resolved in its favor, would establish personal jurisdiction over Defendants. That failure requires denial of its request for jurisdictional discovery.

The jurisdictional inquiry focuses on the defendant's own suit-related contacts with the forum. General effects in Texas are not enough. The defendant must have directed suit-related conduct toward Texas. *Fielding*, 415 F.3d at 426–27. Nor may a plaintiff rely only on its own Texas location or alleged injury in Texas. *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014). "The plaintiff cannot be the only link between the defendant and the forum"; the defendant's own conduct must create that connection. *Id*. at 285.

A plaintiff may not use jurisdictional discovery to search for a theory. It must identify specific facts material to jurisdiction and explain how discovery would establish them. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855–56 (5th Cir. 2000). Discovery is unnecessary where it is unlikely to produce evidence supporting jurisdiction. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id*. at 284. Denial of discovery is therefore proper where the plaintiff fails to identify facts showing the required forum contacts. *Pace*, 93 F.4th at 902–03; *Monkton*, 768 F.3d at 434.

2

This Court recently denied jurisdictional discovery in *Stambro v. Vanderhall Motor Works, Inc.*, 2025 U.S. Dist. LEXIS 88639 (W.D. Tex. May 9, 2025), where the magistrate's recommendation — adopted by the District Judge — held that plaintiff's failure, as in this case, to make a preliminary showing of forum-related conduct ended the inquiry. In *Stambro*, the Court rejected jurisdictional theories based on attenuated forum contacts and uncontroverted defense evidence showing no relevant Texas-directed conduct. *Id*. at *7–10. In *Stambro*, plaintiff sued defendants including General Motors LLC ("GM") in a products liability suit for injuries sustained in an accident when he applied the brakes of his vehicle, it lost stability and spun out of control. The court accepted the uncontroverted declaration of GM's Senior Technical Expert of Vehicle Performance as true. *Id*. at *9. The declaration showed that GM's sale of component parts to VMW had no connection to Texas, and that GM did not know or control where those parts would later be sold or located after installation in vehicles. *Id*. Because the plaintiff did not rebut the declaration, the court denied the request for jurisdictional discovery. *Id*. at *11.

These cases require denial of Plaintiff's request for jurisdiction and venue discovery. Plaintiff identifies no specific facts showing that Defendants created suit-related contacts with Texas or this District. Without that threshold showing, early discovery would be improper and should not be permitted.

### III.    <u>ARGUMENT</u>

SerpApi does not identify any concrete fact that discovery is likely to uncover showing that SearchApi is subject to personal jurisdiction or venue in this District.[1] Instead, it seeks early

---

[1] Mr. Kucinskas concedes that he is subject to jurisdiction in this venue for any action arising from his Independent Contractor Agreement ("ICA") with SerpApi. However, as he has not directed any suit-related conduct into this forum on behalf of SearchApi, he disputes that the claims at issue in this case are related to or arise from the ICA.

discovery based on speculation, conclusory allegations, and its disagreement with Defendants' declarations. Consequently, SerpApi's request should be denied. *See Pace*, at 902; *Fielding*, at 429; *Callier*, U.S. Dist. LEXIS 256792, at *10; *Kelly*, at 855–56; and *Stambro*, at *7-11.

**A. <u>SerpApi Has Not Identified Specific Jurisdictional Facts That Discovery Would Uncover</u>**

SerpApi moves for early discovery under Rule 26(d)(1), which generally bars discovery before the Rule 26(f) conference unless authorized by court order. But SerpApi relies on the wrong standard. The five-factor test in *Red Lion Renewables, LLC v. Haff*, No. 5:19-cv-1113-DAE, 2019 WL 13026038 (W.D. Tex. Nov. 6, 2019), applies to general expedited discovery. The Fifth Circuit applies a narrower test for determining whether a plaintiff may obtain jurisdictional discovery when personal jurisdiction is challenged. Under *Monkton*, 768 F.3d at 434, and *Pace*, 93 F.4th at 902, SerpApi must identify the specific jurisdictional facts it expects discovery to uncover. It has not done so. Its motion therefore fails at the threshold.

The motion also fails under the broader *Red Lion* test because SerpApi has not shown good cause. Under *Red Lion*, courts consider the following factors to determine if good cause exists: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Red Lion*, 2019 WL 13026038, at *1. SerpApi admits that no preliminary injunction is pending. Dkt. 23 at 3.

The remaining factors also weigh against discovery – especially given that Plaintiff has offered no non-speculative evidence of any forum directed conduct regarding the claims at issue by Defendants. The proposed discovery requests are very broad with most directed to merits-based questions as opposed to narrow, specific questions to determine if SearchApi or Kucinskas directed

any conduct regarding the claims at issue into this forum. Defendants believe that Plaintiff seeks the requested discovery as part of its stated plan referenced in the Motion to Dismiss to try and damage Defendants. The burden on Defendants – especially the request for Mr. Kucinskas to travel to Texas from Lithuania for in person depositions is unreasonable and not necessary at this juncture. Thus, Plaintiff has failed to show good cause for its early discovery request.

## B. SerpApi Has Failed to Controvert Mr. Kucinskas's Affidavit

SerpApi says it wants to "confirm" its theories and test Mr. Kucinskas's declaration. Dkt. 23 at 1, 3. But that is not a sufficient basis to justify early discovery. Jurisdictional discovery is not available merely because a plaintiff wants to cross-examine a declarant or search for facts missing from the complaint. SerpApi must identify a specific jurisdictional or venue related fact that discovery is likely to uncover. It has not done so.

Under *Pace*, facts stated in a defendant's affidavit are accepted as true unless the plaintiff submits factually supported allegations that directly contradict them. *Pace*, 93 F.4th at 894; *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Here, SerpApi offers only conclusory assertions in response to Mr. Kucinskas's affidavit that Defendants directed no claim-related conduct toward this forum. SerpApi identifies no specific contrary facts and submits no controverting affidavit. The Court should therefore accept Defendants' sworn statements as true. See *Pace*, 93 F.4th at 898, 902; *Wyatt*, 686 F.2d at 282 n.13. Because those statements are uncontroverted, they defeat SerpApi's request for jurisdictional discovery.

## C. SerpApi's Jurisdictional Theories Are Speculative

Each of SerpApi's jurisdictional theories — targeting, IP-address access, agency, and ratification — fail. Under *Walden*, 'the plaintiff cannot be the only link between the defendant and the forum.' 571 U.S. at 285. '[I]t is the defendant's conduct that must form the necessary

5

connection with the forum State that is the basis for its jurisdiction over him.' *Id.* SerpApi's theories invert that rule. SerpApi argues in a conclusory manner that SearchApi is subject to personal jurisdiction, but SerpApi identifies no specific Texas-directed conduct by SearchApi that would justify early jurisdictional discovery.

SerpApi alleges SearchApi 'targeted' SerpApi in Texas. Dkt. 23 at 4. But "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. SerpApi also alleges 'on information and belief' that SearchApi conducts business in Texas. Dkt. 1 (Compl.), ¶ 20. Plaintiff's MFD quotes that allegation but omits the 'on information and belief' qualifier. *Compare* Dkt. 23 at 4 *with* Dkt. 1 (Compl.), ¶ 20. The question is whether SearchApi itself created contacts with Texas. SerpApi identifies no Texas customer, sale, contract, communication, employee, office, server, or transaction involving SearchApi that evince such contacts.[2]

SerpApi also relies on alleged server access from IP addresses associated with Lithuania and Latvia. Dkt. 23 at 4–5. But those allegations do not show Texas-directed conduct. The IP addresses Mr. Schroeder identifies are assigned to ISPs in Lithuania (Telia Lietuva, AB) and Latvia (Orion Network Limited / packetexchange.eu). Dkt. 1-1 (Schroeder Decl.), ¶¶ 16–17. SerpApi does not allege — and Mr. Schroeder does not state — that Defendants accessed any Texas-based system or used any Texas infrastructure. The only Texas connection is SerpApi's own location.

---

[2] Also, "information and belief" allegations do not justify discovery unless the facts are peculiarly within the defendant's control or specific facts make the allegation plausible. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018). Neither applies here. SearchApi's alleged Texas contacts are not peculiarly within Defendants' knowledge, and Plaintiff identifies no facts supporting its speculation.

But "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

SerpApi's agency theory fails for the same reason. Even if Mr. Kucinskas's conduct could be attributed to SearchApi, due process requires SearchApi's own contacts with the forum, not contacts arising from interactions with other persons affiliated with the State. *Walden*, 571 U.S. at 285–86. A corporate title does not create Texas contacts. But SerpApi identifies no Texas-directed conduct by Mr. Kucinskas on behalf of SearchApi.

SerpApi's ratification theory also fails. Random, fortuitous, or attenuated contacts arising from third-party activity cannot create jurisdiction. *Walden*, 571 U.S. at 286. Ratification presupposes Texas-directed conduct by Mr. Kucinskas that SearchApi later adopted; SerpApi identifies no such antecedent conduct. The ratification cases SerpApi cites found no ratification of Texas-directed conduct and thus no basis for personal jurisdiction. See *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 U.S. Dist. LEXIS 256792, at *7–9 (W.D. Tex. Aug. 10, 2020); *Maurice Pierce & Assocs., Inc. v. Computerage, Inc.*, 608 F. Supp. 173, 177 (N.D. Tex. 1985); and *Flores v. A.C., Inc.*, No. EP-02-CA-0200-DB, 2003 U.S. Dist. LEXIS 3693, at *25 (W.D. Tex. Mar. 5, 2003). Those cases do not support discovery here.

All of SerpApi's theories—targeting, IP-address access, agency, and ratification—depend on SerpApi's Texas location rather than SearchApi's Texas contacts. That reverses the rule in *Walden*: "it is the defendant's conduct that must form the necessary connection with the forum State." 571 U.S. at 285. Because SerpApi has not identified any specific Texas-directed conduct by SearchApi, its request for jurisdictional discovery should be denied.

**D. The Cases SerpApi Cites Are Distinguishable And
   Do Not Support Jurisdictional or Venue Discovery**

The cases SerpApi cites do not support jurisdictional or venue discovery here. They are distinguishable because they involved defendants with a forum presence, concrete forum contacts, alleged conduct directed into the forum, or venue discovery tied to a convenience-transfer motion. This case has none of those facts. SerpApi identifies no Texas customer, sale, contract, employee, office, property, server, transaction, or claim-related conduct directed into Texas by Defendants. It seeks discovery to find jurisdictional and venue facts based on speculation and "information and belief" allegations, not to test facts it has already identified.

In *Delta Electronics, Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 657, 659 (W.D. Tex. 2024), and *Javelin Pharms., Inc. v. Mylan Lab'ys Ltd.*, No. 16-224-LPS, 2017 U.S. Dist. LEXIS 201175, at *7–9 (D. Del. Dec. 1, 2017), the courts allowed limited venue discovery because identified physical locations in the forums were allegedly attributable to the defendants. Here, SerpApi identifies no comparable Texas presence.

*Ginko, LLC v. Apple Inc.*, No. 1:24-cv-01279-DAE, Dkt. 51, at 2 (W.D. Tex. Aug. 21, 2025), involved a motion to transfer to a more convenient venue. It did not involve lack of personal jurisdiction or improper venue. In *Synopsys, Inc. v. Real Intent, Inc.*, No. 1:25-cv-00441-DAE, Dkt. 28, at 4 (W.D. Tex. May 14, 2025), the defendant marketed its presence in the forum and allegedly had employees there. In *STC.UNM v. TP-Link Techs. Co.,* W-19-CV-00262-ADA, 2020 U.S. Dist. LEXIS 257942, at *9-10 (W.D. Tex. Jan. 2, 2020), the court allowed limited discovery into whether a foreign company controlled a domestic subsidiary regarding conduct directed into the forum.

*Century Surety Co. v. Seidel*, 893 F.3d 328 (5th Cir. 2018), was an insurance-coverage case involving a criminal-act exclusion. It did not address personal jurisdiction, venue, or jurisdictional

8

discovery. Even if an officer's conduct may sometimes be attributed to a corporation, SerpApi must still identify Texas-directed conduct by SearchApi or its agent. It has not done so.

The foregoing cases do not support venue or jurisdiction discovery here.

### E. Plaintiff's Proposed Discovery Is Primarily Merits Not Jurisdictional Discovery

Plaintiff's proposed discovery is not limited to jurisdiction or venue. Although some requests mention Texas, they go far beyond Texas contacts and seek merits discovery into SearchApi's formation, employees, contractors, source code, products, customers, business strategy, alleged use of SerpApi materials, and potential trial witnesses.

For example, Plaintiff seeks discovery about everyone who worked on SearchApi's products or source code, when Mr. Kucinskas first conceived of SearchApi, his authority over product development, his access to SerpApi materials, and the contents of SearchApi repositories and servers. Those topics concern liability, copying, access, misappropriation, damages, and trial preparation. These requests are not directed to whether Defendants are subject to personal jurisdiction in Texas for the claims at issue in this case or whether venue is proper in this District.

The Kucinskas deposition notice confirms this. It is not limited to jurisdiction or venue and states that the deposition is for "use at trial." Plaintiff should not be allowed to obtain full merits discovery by calling it jurisdictional and venue discovery.

Given Plaintiff's failure to identify any specific, non-speculative facts discovery will uncover to support jurisdiction in this venue over the Defendants in this case, Plaintiff's request for discovery should be denied.

If the Court, however, is inclined to permit discovery, it should be limited to written discovery concerning SearchApi's Texas contacts, if any, only – no merits discovery, and no depositions.  Requiring Mr. Kucinskas to travel from Lithuania for in person depositions is

unreasonable and not necessary at this juncture. Also, any discovery should be permitted after the entry of a suitable attorney-eyes only protective order.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for discovery should be denied. Alternatively, any discovery allowed should be limited to narrow written discovery concerning SearchApi's Texas contacts, if any, and should exclude depositions and merits discovery.

Dated: May 7, 2026.

Respectfully submitted,

**LUCOSKY BROOKMAN LLP**

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman (*pro hac vice*)
101 Wood Avenue South
Woodbridge, New Jersey 08830
Telephone: (908) 768-6408
jmzimmerman@lucbro.com

**-AND-**

*/s/ Mary-Ellen King*
Mary-Ellen King
State Bar No. 24067219
1250 S. Capital of Texas Highway
Bldg 3, Ste. 400
Austin, Texas 78746
Telephone: (512) 298-1182
meking@lucbro.com

**ATTORNEYS FOR DEFENDANTS
ZILVINAS KUCINSKAS AND
SEARCHAPI LLC**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been served via CM/ECF electronic filing, in accordance with the Federal Rules of Civil Procedure, on May 7, 2026, to the following counsel of record:

**KIRKLAND & ELLIS LLP**

Kat Li
State Bar No. 24070142
kat.li@kirkland.com
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice* forthcoming)
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice* forthcoming)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice* forthcoming)
leslie.schmidt@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**ATTORNEYS FOR PLAINTIFF**
**SERPAPI, LLC**

*/s/ Mary-Ellen King*
Mary-Ellen King

11