**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SERPAPI, LLC,<br>　　　*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:26-CV-00143 |
| ZILVINAS KUCINSKAS and<br>SEARCHAPI LLC,<br>　　　*Defendants.* | §<br>§<br>§<br>§ | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO SEAL**

## I.　　INTRODUCTION

Defendants Zilvinas Kucinskas and SearchApi LLC ("SearchApi") (collectively "Defendants") file this response in opposition to Plaintiff SerpApi, LLC's ("Plaintiff" or "SerpApi") motion to seal (Dkt. 22) certain information included in Defendants' motion to dismiss (Dkt. 21 and 21-2). Because the information Plaintiff seeks to seal is neither confidential nor proprietary, and Defendants cited it only to show Plaintiff's coercive conduct and the surrounding context—not to disprove the validity or amount of Plaintiff's claims—the motion to seal should be denied.

## II.　　ARGUMENT

The decision whether to seal judicial records is within the Court's discretion, but that discretion must be exercised by balancing the public's common-law right of access against the specific interests favoring nondisclosure. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450–51 (5th Cir. 2019). The presumption of public access reflects the principle that public confidence in the courts cannot be maintained when important judicial decisions are made

1

behind closed doors and the record supporting those decisions is sealed from public view. *Id.* at 451.

Local Rule CV-5.2(b) states that "[m]otions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored." The party seeking sealing bears the burden of overcoming the presumption of public access with specific facts showing that sealing is necessary. General assertions of confidentiality, reputational harm, embarrassment, or litigation disadvantage are not enough. See *Pike Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 U.S. Dist. LEXIS 50983, at *3–4 (W.D. Tex. Apr. 17, 2015) (Ezra, J.) (requiring "sufficiently compelling reasons" to overcome the presumption of access).

SerpApi has not met that burden. No confidential or proprietary information was disclosed or even discussed during the two purported settlement discussions. No source code, technical architecture, customer information, financial data, pricing, business plans, trade secrets, or other sensitive commercial information was disclosed. Nor was any settlement offer made other than SerpApi's demand that Defendants sell their business or SerpApi would file suit. Kucinskas participated in those discussions on his own behalf and on behalf of SearchApi to explore a possible resolution and to protect any proprietary information that might be exchanged. SerpApi did not. It used the discussions to demand that Defendants sell their business and to threaten litigation intended to put them out of business.

Plaintiff's threat is not a trade secret. It is not competitively sensitive business information. It is not protected from public view merely because SerpApi now finds it embarrassing or damaging to its litigation position. SerpApi has not shown how disclosure of its own threat would cause competitive harm.

The cases SerpApi cites confirm why sealing is improper here. In *340B Holdings*, *340B Holdings, LLC v. Bobo*, No. 1:20-CV-197-RP, 2020 U.S. Dist. LEXIS 255068, at *4–5 (W.D. Tex. Apr. 15, 2020) the court denied one sealing request because the movants relied only on confidentiality designations and failed to identify specific confidential information or show how public disclosure would cause harm.. The court permitted sealing only where the movant specifically identified client-specific assessment packets, administrative-fee pricing, financial information, curated customer information, proprietary financial analysis, and regulatory analyses tied to business opportunities. *Id.* at *5–6.

Similarly, *Blue Yonder* supports sealing only where specific confidential financial, technical, customer, source-code, trade-secret, or intellectual-property information is at issue. *Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 U.S. Dist. LEXIS 195224, at *5–8 (N.D. Tex. Oct. 28, 2024). The court emphasized that public access may be denied only for "weighty and specific reasons" after line-by-line review, and that a court cannot override the public's interest based on bare assertions or possibilities. *Id.* at *5–6. The court also refused to seal information where the movant failed to show concrete harm, including where the information did not reveal specific code or technical information. *Id.* at *25–26.

This case involves none of the information sealed in *340B Holdings* or *Blue Yonder*. SerpApi seeks to seal only Defendants' reference to SerpApi's threat. That is litigation conduct, not confidential business information.

SerpApi's reliance on Rule 408 is also misplaced. Rule 408 is not a sealing rule. It governs admissibility for limited purposes. It does not make settlement communications confidential. Nor does it require courts to seal references to pre-suit conduct, particularly where the statements are

not offered to prove liability or the amount of a claim, but to show context, coercion, litigation conduct, motive, and the circumstances leading to this lawsuit.

Rule 408 does not bar the use of settlement communications for other purposes, including to show bias, motive, notice, bad faith, coercion, or litigation misconduct. By its terms, Rule 408(a) bars settlement communications when offered to prove or disprove the validity or amount of a disputed claim. *LyondellChem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 293–95 (5th Cir. 2010). Rule 408 should not exclude more than required to effectuate its goals, which "run counter to the overarching policy favoring the admission of all relevant evidence." *Id.* at 299. The Fifth Circuit has likewise recognized that Rule 408 does not bar evidence of threats made during settlement discussions when offered for another purpose. *Id.* at 299 n.53 (citing *Uforma/Shelby Bus.Forms, Inc. v. NLRB*, 111 F.3d 1284, 1294 (6th Cir. 1997)).

Defendants did not reference SerpApi's threat to prove that SerpApi's claims are invalid, or to disprove the amount of any claim. Defendants referenced the threat to show SerpApi's bias, coercive litigation posture, and improper purpose. That is especially true because Defendants participated in the discussions in good faith, while SerpApi used them to issue coercive business threats. Defendants' reference to the threat in its Motion to Dismiss (Dkt. 21 and 21-2) is permitted under Rule 408(b).

Nor does the alleged confidentiality agreement justify sealing. The parties formed, at most, a limited confidentiality agreement covering proprietary or confidential information exchanged during settlement discussions. FRE 408 did not itself create a contractual duty of confidentiality, and any undisclosed intent to treat threats as confidential cannot expand the agreement. Because there was no objective mutual assent that threats against Defendants' business would be kept confidential, Plaintiff cannot enforce the agreement as a bar to disclosure of those threats. In Texas,

4

"whether an alleged agreement constitutes an enforceable contract is generally a question of law." *Effel v. McGarry*, 339 S.W.3d 789, 792 (Tex. App.-Dallas 2011, pet. denied). In order to have an enforceable contract, "the minds of the parties must meet with respect to the subject matter of the agreement, and as to all of its essential terms" and "must assent to the same thing in the same sense at the same time") (citations omitted). *Id.* Here there was no meeting of the minds, and thus no agreement was reached to exclude threats.

*Farner* does not help SerpApi. There, the court granted sealing because the parties had reached an enforceable settlement agreement, confidentiality was one of the material non-monetary terms of that settlement, and sealing was necessary to allow enforcement of the agreement while preserving the confidentiality for which the parties had bargained. *Farner v. CHCA Bayshore, L.P.*, No. 3:22-CV-00369, 2023 U.S. Dist. LEXIS 150987, at *10–13 (S.D. Tex. Aug. 28, 2023).

This case is materially different. There was no completed settlement agreement, no agreed confidentiality term covering threats, no settlement amount, no negotiated release, and no exchange of proprietary information. SerpApi cannot use a general reference to "confidential" discussions and Rule 408 to transform its own business threat into protected commercial information.

The challenged statements are relevant to Defendants' motion to dismiss. The statements provide relevant context for the parties' pre-suit interactions, SerpApi's litigation posture, the timing and purpose of the lawsuit, and Defendants' argument that SerpApi has attempted to use litigation threats for coercive business leverage. They may also explain why Defendants oppose SerpApi's effort to sanitize the public record after Plaintiff publicly filed broad allegations of wrongdoing against Defendants and characterized Defendants' conduct as "theft" months before

filing this Motion. See *SerpApi v. SearchApi: Holding SearchApi Accountable for Theft*, https://serpapi.com/blog/protecting-what-we-built-holding-searchapi-accountable-for-theft/ (Jan. 21, 2026); Kucinskas Decl. (Dkt. 21-2), ¶ 22.

If SerpApi believes the statements it seeks to seal are irrelevant, it can ask the Court not to consider them. But alleged irrelevance is not a basis to seal a public filing. Courts routinely disregard immaterial matter without sealing it.

Plaintiff did not participate in the settlement discussions in good faith. Instead of engaging in substantive settlement discussions, Plaintiff threatened Defendants. That conduct shows bad faith. Combined with Plaintiff's failure to identify any specific, concrete harm from public disclosure, Plaintiff has not overcome the presumption of public access.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to seal should be denied.

Dated: May 7, 2026.

Respectfully submitted,

**LUCOSKY BROOKMAN LLP**

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman (*pro hac vice*)
101 Wood Avenue South
Woodbridge, New Jersey 08830
Telephone: (908) 768-6408
jmzimmerman@lucbro.com

**-AND-**

*/s/ Mary-Ellen King*
Mary-Ellen King
State Bar No. 24067219
1250 S. Capital of Texas Highway
Bldg 3, Ste. 400
Austin, Texas 78746
Telephone: (512) 298-1182
meking@lucbro.com

**ATTORNEYS FOR DEFENDANTS
ZILVINAS KUCINSKAS AND
SEARCHAPI LLC**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been served via CM/ECF electronic filing, in accordance with the Federal Rules of Civil Procedure, on May 7, 2026, to the following counsel of record:


**KIRKLAND & ELLIS LLP**

Kat Li
State Bar No. 24070142
kat.li@kirkland.com
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice* forthcoming)
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice* forthcoming)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice* forthcoming)
leslie.schmidt@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**ATTORNEYS FOR PLAINTIFF**
**SERPAPI, LLC**



_/s/ Mary-Ellen King_
Mary-Ellen King