**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-00143-DAE |
| ZILVINAS KUCINSKAS and SEARCHAPI LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**SERPAPI'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS PENDING RESOLUTION OF SERPAPI'S MOTION FOR VENUE AND JURISDICTIONAL DISCOVERY**

SerpApi respectfully requests an extension of time to respond to Defendants' motion to dismiss pending resolution of SerpApi's motion for venue and jurisdictional discovery. *See* Dkt. 24. Limited venue and jurisdictional discovery is appropriate in this case to respond to Defendants' motion to dismiss, given the new factual allegations Defendants included. *Id.* at 1.

Defendants oppose SerpApi's requested extension. First, Defendants contend that an extension "will unnecessarily delay these proceedings." Dkt. 27 ("Opp.") at 1. Not so. There is no delay in proceedings, given that no scheduling order has been entered. Defendants' contention that an extension would "forc[e] Defendants to litigate discovery before the Court decides whether the Complaint states viable claims," Opp. at 2, holds no water—discovery is already set to open in just over two weeks on June 1, 2026.[1] *See Texas v. Ysleta del Sur Pueblo*, No. 17-CV-179, 2018 WL

---

[1]    Under Local Rule CV-16(c), a scheduling order must be submitted "not later than 60 days after any appearance of any defendant" and after the parties have "confer[red] as required by Rule 26(f)." Defendants' Motion to Dismiss constitutes their "appearance" under the Federal Rules. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 277 (5th Cir. 1989) ("The filing of a motion to dismiss is normally considered to constitute an appearance."). The parties'

1

2348669, at *3 (W.D. Tex. May 23, 2018) ("[D]iscovery need not cease during the pendency of a motion to dismiss . . ." (citation omitted)). And the extension to the briefing schedule will be minimal: SerpApi requested 28 days to complete discovery and 14 days to complete its response to Defendants' motion to dismiss. Dkt. 24. A one-and-a-half month extension is a minimal burden, particularly given that Defendants requested a 60-day extension for their response to the complaint, which SerpApi agreed to. Dkt. 16. This limited extension is necessary to give SerpApi time to develop a balanced jurisdictional record given the factual allegations in Defendants' motion, as cases from this District and elsewhere repeatedly confirm. *E.g.*, *Ginko, LLC v. Apple, Inc.*, No. 1:24-cv-01279-DAE, Dkt. 51, at 2 (W.D. Tex. Aug. 21, 2025) ("In disputes as important to the parties—and as one-sided—as venue, the undersigned finds that the party with the least amount of information should be able to test the declarations or affidavits of the party challenging venue with limited, targeted discovery."); *Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 659 (W.D. Tex. 2024) ("[L]imited venue discovery should be permitted here 'to allow the adversarial process to aid the Court in making a fact-specific decision on a well-developed factual record.'" (quoting *Javelin Pharms., Inc. v. Mylan Lab'ys Ltd.*, No. 16–224–LPS, 2017 WL 5953296, at *3 (D. Del. Dec. 1, 2017))).

Second, Defendants argue that "SerpApi does not need venue or jurisdictional discovery to address whether its Complaint (Dkt. 1) states plausible claims" and that Defendants should not be subject to allegedly burdensome discovery on deficient claims. Opp. at 2. Defendants' argument assumes that SerpApi's complaint fails to state a claim under Rule 12(b)(6). But the complaint sets out more than well-supported allegations demonstrating Defendants' access to and copying of

---

conference under Rule 26(f)(1), which must occur "at least 21 days before . . . a scheduling order is due," triggers the opening of discovery.

SerpApi's copyrighted information, provides detailed allegations of Defendants' misappropriation of SerpApi's trade secrets, and includes allegations that are more than sufficient to demonstrate the breach of contract and CFAA causes of action. Dkt. 1 ¶¶ 1–10, 24–64, 66–79, 81–91, 93–97, 99–106, 108–113. Moreover, Defendants did not move to dismiss the complaint only under Rule 12(b)(6), but also for lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3).  And in so doing, Defendants added numerous factual declarations and allegations to the record that must now be tested. *See Ginko*, Dkt. 51, at 2 ("[T]he party with the least amount of information should be able to test the declarations or affidavits of the party challenging venue with limited, targeted discovery."). Jurisdictional and venue discovery is plainly relevant to rebut Defendants' motion on jurisdictional and venue grounds, *e.g.*, *Delta Elecs.*, 724 F. Supp. 3d at 658 ("[L]imited venue discovery would be helpful for the Court to rule on [Defendant]'s motion to dismiss."), and Defendants cite no authority that would allow them to fast-track their 12(b)(6) arguments to be heard before their other arguments. *See, e.g.*, *id.* at 648 (permitting venue discovery before ruling on motion to dismiss raising Rule 12(b)(3) and 12(b)(6) grounds).

Defendants' fallback position that "[i]f any extension of time is granted beyond the stay already entered, it should not be tied to the completion of venue or jurisdictional discovery" is nonsensical. Opp. at 2. If venue and jurisdictional discovery is granted, its purpose would be for that discovery to be used in response to Defendants' motion to dismiss.

SerpApi respectfully requests that the Court grant its request for an extension of time to respond to Defendants' motion to dismiss pending the Court's ruling on SerpApi's motion for venue and jurisdictional discovery (Dkt. 23).

Dated: May 14, 2026

Respectfully submitted,

/s/ Kat Li

Kat Li (Texas Bar No. 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

*Attorneys for Plaintiff SerpApi, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 14, 2026, with a copy of this document via the Court's CM/ECF system.

_/s/ Kat Li_
Kat Li