**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-00143-DAE |
| ZILVINAS KUCINSKAS and SEARCHAPI LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**SERPAPI, LLC'S REPLY IN SUPPORT OF ITS OPPOSED**
**MOTION TO SEAL DEFENDANTS' MOTION TO DISMISS**
**AND CERTAIN EXHIBITS THERETO**

## I.    INTRODUCTION

Defendants' opposition confirms that the description of the confidential settlement discussions included in Defendants' motion to dismiss (Dkt. 21) should be sealed.  There is no dispute that the parties agreed before holding the settlement conference that their settlement discussions would be confidential.  Defendants simply ignored that agreement and publicly disclosed contents of the discussions, evidently because they did not like the outcome of the meeting.  No legal justification exists to do so: Defendants' discussion of Rule 408 is inapplicable, and Defendants provide no legally cognizable excuse for ignoring the confidentiality language of the parties' agreement.  In fact, Defendants admit that the inclusion of the settlement discussion language was irrelevant to their motion to dismiss, further confirming that the material should be sealed.  Accordingly, SerpApi requests that its narrow request to seal specific sentences that reference the parties' pre-suit settlement negotiations be granted.

## II.   ARGUMENT

SerpApi has more than satisfied the standard for a motion to seal, and Defendants do not show otherwise.  "[F]or a document to be sealed, the movant must . . . point to specific confidential information . . . [and] show the specific harm that would be suffered if the public were granted access."  *340B Holdings, LLC v. Bobo*, No. 1:20-CV-197-RP, 2020 WL 9720461, at *1 (W.D. Tex. Apr. 15, 2020) (cleaned up).  Here, SerpApi requested that the Court "seal the content of the parties' pre-suit settlement discussions" and identified specific instances of that confidential information in Defendants' Motion to Dismiss and exhibits thereto.  Dkt. 22 at 4.  SerpApi also identified specific competitive harm from public disclosure of SerpApi's business planning and strategy decisions, as well as "reputational and credibility harms."  *Id.* at 5–6.  Defendants attempt to distinguish *340B* on the basis that "[t]he court permitted sealing only where the movant

specifically identified" confidential information.  Resp. 3 (citing *340B*, 2020 WL 9720461, at *2). But SerpApi did exactly that, so this distinction is meaningless.

SerpApi agreed to have pre-suit settlement discussions with SearchApi only after the parties agreed to keep the discussions confidential and protected by Rule 408.  In an attempt to justify their unilateral disregard of this agreement, Defendants now contend that the agreement had a narrow scope and was "at most, a limited confidentiality agreement covering proprietary or confidential information exchanged during settlement discussions."  Resp. 4.  But nowhere does the agreement have such a limitation.  Defendants unambiguously requested "that such [settlement] ***discussions*** will be held in confidence and pursuant to FRE 408."  Dkt. 22-5 (2025-11-07 Ltr to Deoras) (emphasis added).  SerpApi unambiguously agreed "that ***all discussions*** . . . will be confidential and pursuant to [FRE] 408."  Dkt. 22-6 (2025-12-01 Ltr to Zimmerman) (emphasis added).  The parties mutually and unambiguously assented to confidentiality of the discussions themselves, not some unspecified subset of information exchanged therein.  *See Arnold v. Allied Van Lines, Inc.*, No. SA-21-CV-00438-XR, 2022 WL 2392875, at *13 (W.D. Tex. July 1, 2022) ("Manifestation of mutual assent typically consists of an offer by one party followed by an acceptance by another party."); *see also United Fire & Cas. Co. v. Kent Distrib., Inc.*, No. MO:17–CV–00023–RAJ, 2018 WL 2392692, at *3 (W.D. Tex. Jan. 18, 2018), *aff'd*, 759 F. App'x 326 (5th Cir. 2019) ("An unambiguous contract should be construed according to the plain meaning of its express wording.").  Defendants' unilateral revision of the express terms of the agreement creates an unworkable, ex-post definition of confidentiality.  *See Cantrell v. Washington Mut. Bank, F.A.*, No. A-11-CA-220-SS, 2011 WL 13324006, at *3 (W.D. Tex. May 17, 2011) ("[O]ne contracting party [cannot] unilaterally change the terms of an existing contract.").

Defendants next incorrectly attempt to limit the types of confidential information that may be sealed to specific categories of material. Resp. 2 (arguing that "[n]o source code, technical architecture, customer information, financial data, pricing, business plans, trade secrets, or other sensitive commercial information was disclosed."). This limitation appears to be based on Defendants' misreading of *Blue Yonder* as limiting "sealing only where specific confidential financial, technical, customer, source-code, trade-secret, or intellectual-property information is at issue." *Id.* at 3 (citing *Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4593005, at *5–8 (N.D. Tex. Oct. 28, 2024)). But simply because *Blue Yonder* involved only these categories of information, it does not support Defendants' contention that ***only*** these categories of information may be sealed. In fact, Defendants ignore other cases (cited in SerpApi's motion) which explicitly confirm that settlement communications are included in the category of materials that are often sealed. *See Enventure Glob. Tech. Inc. v. Weatherford U.S., L.P.*, No. 4:19-cv-02397, Dkt. 77, at 2–3 (S.D. Tex. Apr. 7, 2020) (sealing "documents ***that reference settlement communications***" (emphasis added)); *see also Farner v. CHCA Bayshore, L.P.*, No. 3:22-cv-00369, 2023 WL 5528611, at *4 (S.D. Tex. Aug. 28, 2023) (sealing exhibits "***which reflect the parties' settlement negotiations***" (emphasis added)). Even if the universe of sealable information was limited to Defendants' definition—it is not—the settlement offer here falls squarely into the "sensitive commercial information" bucket. Mot. 5 ("SerpApi's proposed resolution of the parties' dispute as part of the settlement negotiations provides non-public insights into SerpApi's confidential ***strategic business decisions and plans***." (emphasis added)). Defendants' conclusory statement to the contrary is wholly without support. Resp. 2. Here, as in *Farner*, the parties reached an agreement wherein "confidentiality was one of the material non-monetary terms," such that "sealing [is] necessary to allow enforcement of the agreement while preserving the

3

confidentiality for which the parties [] bargained." Resp. 5 (citing *Farner*, 2023 WL 5528611, at *5). Preserving this bargained-for confidentiality overcomes the presumption of public access, particularly since "[t]here is simply no public interest" in settlement negotiations between private parties.[1] *Id.*

Defendants also contend that "Rule 408 is not a sealing rule" and "[it] does not make settlement communications confidential." Resp. 3. This misses the point. SerpApi is not contending that the information should be excluded under Rule 408 in this motion but noting that courts routinely weigh the policy goals of Rule 408 when deciding motions to seal. *See, e.g.*, *Enventure*, Dkt. 77 at 2–3 ("The Court [] respects the important role that Rule 408 plays in settlement negotiations. Therefore, the Court will require that the appendices [referencing settlement communications] be placed under seal."). Here, the parties had an agreement to keep the discussions confidential and an agreement to protect those discussions under Rule 408.[2]

Defendants do not dispute that settlement discussions have ***no relevance*** to personal jurisdiction, venue, or Defendants' 12(b)(6) arguments—the only grounds raised in Defendants' motion to dismiss. *See* Dkt. 22 at 5–6 (explaining the lack of relevance to these disputes). Instead, Defendants vaguely contend that "[t]he challenged statements . . . provide relevant context for the parties' pre-suit interactions, SerpApi's litigation posture, the timing and purpose of the lawsuit, and Defendants' argument that SerpApi has attempted to use litigation threats for coercive business

---

[1]    Defendants also attempt to distinguish *Farner* on the basis that it involved a "completed settlement agreement." Resp. 5. But in *Farner*, the Court also sealed exhibits "which reflect the parties' settlement ***negotiations***," not just the settlement agreement. *See Farner*, 2023 WL 5528611, at *4–5 (emphasis added).

[2]    SerpApi does intend to ask the Court to strike these arguments in its Response to Defendants' Motion to Dismiss as Defendants aptly suggest. Resp. 6. But that is not the request in this Motion, which requires more immediate attention as confidential information remains in the public domain.

leverage." Resp. 5.[3]  But none of these proffered purposes are relevant to the merits of Defendants' motion, and thus, the statements should be sealed.[4] *See Powers v. Duff & Phelps, LLC*, No. 1:13–CV–768, 2015 WL 1758079, at *8 (W.D. Tex. Apr. 17, 2015) (If "underlying record materials contain confidential information . . . ***immaterial*** to the Court's ***resolution of the Motion*** . . . those materials warrant sealing." (emphasis added)).    Thus, contrary to Defendants' conclusory statements, alleged irrelevance ***is*** a basis to seal.  Resp. 6.  And while Defendants suggest that SerpApi can simply ask the Court to ignore these statements if they are irrelevant (they are), *id.*, that does not remedy the improper public disclosure of SerpApi's confidential information.  Granting SerpApi's Motion will.

Finally, Local Rule CV-5.2(b) does not help Defendants.  They cite a portion of this rule for the proposition that sealing is generally disfavored, Resp. 2, but ignore the remainder which instructs "parties to draft [filings] in a manner that does not disclose confidential information," and "redact[] confidential information not critical to the filing." Local Rule CV-5.2(b) (emphasis added).  Defendants blatantly violated this District's directives on these points.

### III.    CONCLUSION

The Court should grant SerpApi's Motion to Seal Defendants' Motion to Dismiss.

---

[3]    SerpApi disputes that its settlement offers were made with any bad faith, coercive intentions, or any other improper purpose. Mot. 2, 2 n.1, 6.

[4]    Defendants' response suggests ***their own*** "improper purpose" for disclosing confidential information: retaliation against SerpApi for filing and publicly discussing this suit.  Resp. 4–5 (alleging relevance to "SerpApi's effort to sanitize the public record after Plaintiff publicly filed broad allegations of wrongdoing against Defendants"); *see also Powers*, 2015 WL 1758079, at *1 ("The court has discretion to seal records when files might become a vehicle for improper purposes." (cleaned up)).

Dated: May 14, 2026

Respectfully submitted,

*/s/ Kat Li*

Kat Li (SBN: 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**Attorneys for Plaintiff SerpApi, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 14, 2026 with a copy of this document via the Court's CM/ECF system.


_/s/ Kat Li_
Kat Li