**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZILVINAS KUCINSKAS and <br> SEARCHAPI LLC, <br><br><br> Defendants. | CASE NO. 1:26-CV-00143-DAE <br><br> **JURY TRIAL DEMANDED** |

**SERPAPI, LLC'S REPLY IN SUPPORT OF ITS**
**MOTION FOR VENUE AND JURISDICTIONAL DISCOVERY**

Defendants ignore SerpApi's well-pled Complaint supporting each of its bases for personal jurisdiction and venue and claim that "SerpAPI identifies no Texas-directed conduct by SearchAPI or by Mr. Kucinskas." *See* Dkt. 26 ("Resp.") at 1. But that is the very basis of SerpApi's Complaint, *i.e.*, Defendants' misappropriation and copyright infringement, among other conduct, was directed at SerpApi *in Texas*. Dkt. 1 ("Compl.") ¶¶ 19–20; *see also* Mot. at 4–8. Courts have long found that such allegations support personal jurisdiction and venue. *See Black v. Acme Mkts., Inc.*, 564 F.2d 681, 686 (5th Cir. 1977) ("Because the wrongful act outside Texas produced reasonably foreseeable harm within Texas, personal jurisdiction was proper."); *see also Calder v. Jones*, 465 U.S. 783 (1984). Defendants assert that these facts are not enough and submitted five declarations contesting them. Contrary to Defendants' assertions, courts routinely grant jurisdictional discovery in these circumstances so that the plaintiff "ha[s] an opportunity to test the assertions made in the Declaration[s]." *Synopsys, Inc. v. Real Intent, Inc.*, Dkt. 28, at 5 (W.D. Tex. May 14, 2025); *Ginko, LLC v. Apple, Inc.*, No. 1:24-cv-01279-DAE, Dkt. 51, at 2 (W.D. Tex. Aug. 21, 2025) (allowing "the party with the least amount of information . . . to test the declarations or affidavits of the party challenging venue with limited, targeted discovery").

In response, Defendants quibble with the legal standard, mischaracterize SerpApi's pleadings, misapply the law, and claim SerpApi's proposed discovery is overbroad. None of these arguments have merit. To justify venue and jurisdictional discovery, SerpApi need only "'present[] a non-frivolous' basis for [jurisdiction and] venue" and show a need for "a more satisfactory showing of the facts." *Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024) (citations omitted). SerpApi has done so here.

## I.    SERPAPI APPLIED THE CORRECT LEGAL STANDARD

Defendants argue that SerpApi applied the wrong discovery standard. Resp. at 4–5. Not so. "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible

existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024); *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (not addressing good cause standard). That is fully consistent with factor 3 of the *Red Lion* test, which requires the party seeking discovery to explain the purpose of the discovery. Indeed, courts recognize that the *Pace* requirement fits comfortably within the "good cause" framework that "[a]n increasing majority of district courts, including several in the Fifth Circuit, have adopted . . . to determine whether to permit such expedited discovery." *Uniloc USA, Inc. v. Apple Inc.*, 2017 WL 3382806, at *1 (E.D. Tex. July 21, 2017). For example, in *Uniloc*—which Defendants failed to address in their Response—the court applied the same five-factor test recited in *Red Lion* to find good cause for expedited venue discovery. *Compare id.*, *with Red Lion Renewables, LLC v. Huff*, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019). SerpApi's Discovery Motion adequately explains how *Pace* and the "good cause" standard are satisfied here. Mot. at 3–10.

## II.    SERPAPI IDENTIFIED SPECIFIC FACTS APPROPRIATE FOR DISCOVERY

None of Defendants' other arguments warrant denial of SerpApi's Discovery Motion. ***First***, Defendants rely on *Pace* to claim that Mr. Kucinskas's multiple declarations foreclose venue and jurisdictional discovery because "SerpApi offers only conclusory assertions in response[.]" Resp. at 5. In *Pace*, the plaintiff merely offered "conclusory statements" to contradict the defendant's affidavit, but here, SerpApi advanced detailed, factual allegations in its Complaint that "directly contradict[] the defendants' [declarations]," which is all *Pace* requires. 93 F.4th at 894.[1] For example, Mr. Kucinskas states that he "never directed conduct into Texas on behalf of [himself] or defendant SearchApi LLC in connection with the claims at issue in this case," Dkt.

---

[1]    *Acme Markets* acknowledged that "the allegations of the pleading may be considered" to controvert a defendant's declaration. 564 F.2d at 683 n.3.

26-1 ¶ 3, yet SerpApi alleged that "Mr. Kucinskas continually accessed SerpApi's MongoDB server . . . *29 times* after his departure from SerpApi." Compl. ¶ 3. And while Defendants claim that SerpApi has not "controverted" every statement in Mr. Kucinskas's declarations, that is precisely why discovery is warranted. Simply put, "[i]n disputes as important to the parties—and as one-sided—as venue, . . . the party with the least amount of information should be able to test the declarations or affidavits of the party challenging venue with limited, targeted discovery." *Ginko*, Dkt. 51, at 2; *Synopsys*, Dkt. 28, at 5 (same); *see also Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (accepting "on information and belief" allegations where, as here, "discoverable information"—such as information regarding SearchApi's customers, sales, and other business dealings—"is in the control and possession of a defendant").

**Second**, Defendants claim that SerpApi's jurisdictional theories fail under *Walden* because "the plaintiff cannot be the only link between the defendant and the forum." Resp. at 5. That argument goes to the merits of whether SerpApi has proven jurisdiction and venue—but that is not at issue in this motion. The issue here is whether SerpApi has asserted "colorable bases" for jurisdiction and venue. *Delta*, 724 F. Supp. 3d at 658. It has. *See* Mot. at 4–6 (discussing purposeful direction theory), 6 (discussing agency theory), 6–7 (discussing ratification theory). Regardless, SerpApi's allegations are not simply based on Defendants' connections to it. Rather, they are based on "defendants' conduct," which *Walden* acknowledges "must form the necessary connection with the forum State[.]" 571 U.S. at 285. *Walden* and *Calder* are consistent on this point; the Supreme Court recognized in *Walden* that *Calder* was simply an illustration of the principles that were applied in *Walden*. *Id.* at 286–87. Thus, under *Walden*, SerpApi's purposeful direction theory is a "colorable bas[i]s" for personal jurisdiction and venue.

3

***Third***, Defendants' conclusory arguments on each of SerpApi's three theories hold no water. As an initial matter, Defendants' dismissal of SerpApi's *Calder* theory is flawed. Defendants' cherry-picking of evidence outside of Texas, Resp. at 7–8, does not undermine other specific factual allegations of wrongdoing directed to Texas, Mot. at 4–6, which Defendants wholly ignore while failing to grapple with *Calder*. *See also Acme Mkts.*, 564 F.2d at 686. As to SerpApi's agency theory, Defendants concede that Mr. Kucinskas is subject to the personal jurisdiction of Texas, Resp. at 3 n.1, and that an officer's conduct can be attributed to a corporation, *id.* at 8–9. But Defendants apparently dispute the agency relationship between SearchApi and Mr. Kucinskas. *Id.* at 7. This too is a fact dispute that is appropriately resolved through discovery (*i.e.*, the requested depositions of Mr. Kucinskas and SearchApi). Likewise, Defendants dispute SerpApi's ratification theory based on the conclusory assertion that SerpApi failed to allege that SearchApi adopted conduct by Mr. Kucinskas. *Id.* at 7. Defendants are incorrect. SerpApi plainly alleged that SearchApi developed its products using a foundation that SerpApi built. *See* Mot. at 7. Moreover, "given the 'fact-intensive' nature of the agency [and ratification] question[s]," limited jurisdictional discovery is "particularly sound" when a plaintiff asserts those theories. *Cano v. Assured Auto Grp.*, 2021 WL 3036933, at *9 (N.D. Tex. July 19, 2021).

***Finally***, Defendants attempt to distinguish *Delta*, *Ginko*, *Synopsys*, and *STC.UNM* on grounds that are immaterial to the discovery analysis. *See* Resp. at 8. The fact that the *Delta* court considered a patent-related venue theory or that the *Ginko* court analyzed a convenience argument rather than a proper venue argument does not alter the quintessentially fact-bound nature of the inquiry, nor does it diminish SerpApi's need to challenge Defendants' factual submissions here. *Stambro v. Vanderhall Motor Works, Inc.* is also inapposite. 2025 WL 1355161, at *4 (W.D. Tex. May 9, 2025). There, the court denied the plaintiff's request for jurisdictional discovery because

4

he "failed to make even a preliminary showing of jurisdiction." *Id.*, at *2. By contrast, SerpApi identified specific facts that would directly advance the "colorable" venue and jurisdictional theories pled in its Complaint. *See* Mot. at 4–7.

### III.    SERPAPI'S DISCOVERY REQUESTS ARE NARROW AND MINIMALLY BURDENSOME

Defendants mischaracterize the scope and burden of SerpApi's requested discovery. Resp. at 4–5, 9–10. SerpApi's five requests for production, five interrogatories, and seven hours of deposition are narrowly tailored to focus on the issues of personal jurisdiction and venue. Mot. at 1, 8. Courts regularly approve such requests, which Defendants fail to address. *Id.* at 8. Instead, Defendants claim discovery should be denied because it is too burdensome for Mr. Kucinskas to travel to the U.S., but his deposition can be conducted remotely. Defendants also claim the deposition constitutes "full merits discovery" because it could "be used at trial." Resp. at 9. SerpApi's reservation of its right to use testimony at trial, particularly if Mr. Kucinskas testifies inconsistently with prior sworn testimony, does not convert the deposition into "merits" discovery.[2] Defendants also claim SerpApi seeks "merits discovery" by asking for information related to SearchApi's source code development and Mr. Kucinskas's "authority" within SearchApi. *Id.* But "merits and jurisdiction will sometimes come intertwined." *Vertical Bridge Dev., LLC v. Town of Westlake, Tex.*, 2025 WL 3562145, at *4 (E.D. Tex. Dec. 9, 2025). In any event, SerpApi's proposed discovery relates to personal jurisdiction and venue. For example, three of SerpApi's requests for production are limited to contacts in Texas and two others are directed to Mr. Kucinskas's role at SearchApi, supporting SerpApi's agency and ratification bases for personal jurisdiction and venue. SerpApi's Discovery Motion should be granted.

---

[2]    Even if this were true, discovery is set to open on June 1, 2026—just 4 business days after the hearing for this Motion. *See* W.D. Tex. L.R. CV-16; Fed. R. Civ. P. 26(f).

Dated: May 14, 2026

Respectfully submitted,

/s/ Kat Li

Kat Li (Texas Bar No. 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

*Attorneys for Plaintiff SerpApi, LLC*

1

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 14, 2026, with a copy of this document via the Court's CM/ECF system.

 */s/ Kat Li*
Kat Li

2