**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SERPAPI, LLC,<br>*Plaintiff,*<br><br>v.<br><br>ZILVINAS KUCINSKAS and<br>SEARCHAPI LLC,<br>*Defendants.* | § § § § § § § § § | Case No. 1:26-CV-00143-DAE |

**DEFENDANTS' RESPONSE IN OPPOSITION TO SERPAPI'S MOTION TO**
**SEAL DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SEAL**

## I.     ARGUMENT

Defendants Zilvinas Kucinskas and SearchApi LLC ("Defendants") oppose Plaintiff SerpApi, LLC's ("Plaintiff" or "SerpApi") Motion to Seal (Dkt. 29) Defendants' Response (Dkt. 28) to Plaintiff's Opposed Motion to Seal (Dkt. 22).

SerpApi's Motion to Seal (Dkt. 29) should be denied for the same reasons stated in Defendants' prior Response (Dkt. 28) in Opposition to SerpApi's first Motion to Seal (Dkt. 22). SerpApi has not shown a sufficient basis to overcome the presumption of public access to judicial records. The sentences SerpApi seeks to seal describe pre-suit demands it made of Defendants. Rule 408(a) does not apply because Defendants did not offer them to prove or disprove the validity or amount of any claim. Defendants offered them to show SerpApi's coercive litigation conduct. They are relevant to the parties' dispute and to issues placed before the Court.

SerpApi's new Motion (Dkt. 29) does not identify any new harm, new confidential information, or new basis for sealing. SerpApi does not submit evidence showing any specific

1

injury that would result from the information at issue remaining unsealed. Its supporting Declaration (Dkt. 29-1) merely attaches a proposed redacted version of Defendants' Response (Dkt. 28). It does not establish a factual basis for sealing.

Instead, SerpApi argues that the same information should be sealed because it relates to pre-suit communications and because SerpApi previously sought to seal it. That is not enough. The fact that SerpApi characterizes the communications as settlement-related does not automatically make them sealable. Nor does Federal Rule of Evidence 408 create a sealing rule or require that references to such communications be hidden from the public record.

SerpApi's requested redactions would impair the public's ability to understand the dispute before the Court and Defendants' position on why the material should remain public.

Defendants incorporate by reference their prior Response (Dkt. 28) opposing SerpApi's first Motion to Seal (Dkt. 22). Because SerpApi's new Motion seeks to seal the same category of information and relies on the same arguments, Defendants' prior arguments apply equally here.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Seal (Dkt. 29) should be denied.

Dated: May 15, 2026.

Respectfully submitted,

**LUCOSKY BROOKMAN LLP**

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman (*pro hac vice*)
101 Wood Avenue South
Woodbridge, New Jersey 08830
Telephone: (908) 768-6408
jmzimmerman@lucbro.com

-AND-

*/s/ Mary-Ellen King*
Mary-Ellen King
State Bar No. 24067219
1250 S. Capital of Texas Highway
Bldg 3, Ste. 400
Austin, Texas 78746
Telephone: (512) 298-1182
meking@lucbro.com

**ATTORNEYS FOR DEFENDANTS
ZILVINAS KUCINSKAS AND
SEARCHAPI LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing instrument has been served via CM/ECF electronic filing, in accordance with the Federal Rules of Civil Procedure, on May 15, 2026, to the following counsel of record:


**KIRKLAND & ELLIS LLP**

Kat Li
State Bar No. 24070142
kat.li@kirkland.com
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons
joshua.simmons@kirkland.com
Leslie M. Schmidt
leslie.schmidt@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**ATTORNEYS FOR PLAINTIFF**
**SERPAPI, LLC**


_/s/ Mary-Ellen King_
Mary-Ellen King