**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-00143-DAE |
| ZILVINAS KUCINSKAS and SEARCHAPI LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**SERPAPI, LLC'S REPLY IN SUPPORT OF ITS OPPOSED**
**MOTION TO SEAL DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S OPPOSED MOTION TO SEAL**

SerpApi respectfully requests that the Court seal SerpApi's confidential information disclosed in Defendants' response to SerpApi's motion to seal Defendants' motion to dismiss. Dkt. 29 ("Second Motion to Seal"). Defendants' motion to dismiss (Dkt. 21) and Defendants' response (Dkt. 28) to SerpApi's motion to seal Defendants' motion to dismiss (Dkt. 22, "First Motion to Seal") contain *the same* confidential information disclosed during the parties' pre-suit settlement negotiations. Despite the parties' agreement that this information would "be held in confidence and pursuant to FRE 408," Dkt. 22-5 at 3, Defendants have twice filed this information publicly. SerpApi has filed two motions to seal this information. Dkt. 22; Dkt. 29.

Defendants' reasons for opposing both motions are the same. Dkt. 33 ("Resp.") at 1 (opposing SerpApi's Second Motion to Seal "for the same reasons stated in Defendants' prior Response (Dkt. 28)" opposing SerpApi's First Motion to Seal). SerpApi replied to each of Defendants' arguments in response to SerpApi's First Motion to Seal. *See* Dkt. 31. Accordingly, because Defendants' opposition to both motions is substantively the same, SerpApi incorporates by reference the entirety of its reply in support of its First Motion to Seal. *Id.*

Defendants' only plausibly new argument is that the "requested redactions would impair the public's ability to understand the dispute before the Court and Defendants' position on why the material should remain public." Resp. at 2. This is circular. In other words, Defendants argue the information should remain public because it is relevant to their argument that the information should remain public. To accept this reasoning would reduce opposed sealing motions to a nullity.

It remains critical to seal this confidential information that Defendants unilaterally placed on the public docket. *See Enventure Glob. Tech. Inc. v. Weatherford U.S., L.P.*, No. 4:19-cv-02397, Dkt. 77, at *1–3 (S.D. Tex. Apr. 7, 2020) (placing "appendices [that reference settlement discussions] . . . under seal" even where plaintiff first objected to defendants' public filing nine (9)

1

days later); *see also Eventure*, Dkt. 52 (appendices filed February 24, 2020) and Dkt. 60 (Motion to Strike filed March 4, 2020).  For the reasons discussed here and in both SerpApi's First Motion to Seal (Dkt. 22) and its reply in support of that motion (Dkt. 31), the Court should grant SerpApi's Second Motion to Seal (Dkt. 29) Defendants' Response to Plaintiff's Opposed Motion to Seal (Dkt. 28).

Dated: May 21, 2026

Respectfully submitted,

*/s/ Kat Li*

Kat Li (SBN: 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**Attorneys for Plaintiff SerpApi, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 21, 2026, with a copy of this document via the Court's CM/ECF system.

 */s/Kat Li*
Kat Li