IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SERPAPI, LLC, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | A-26-CV-143-DAE |
| ZILVINAS KUCINSKAS and | § | |
| SEARCHAPI LLC, | § | |
| Defendants. | § | |
| | § | |

## ORDER

SerpApi, LLC's Opposed Motion To Seal Defendants' Motion To Dismiss And Certain

Exhibits Thereto (Dkt. 22), SerpApi, LLC's Motion For Venue And Jurisdictional Discovery (Dkt.

23), and SerpApi, LLC's Motion To Extend Time To Respond To Defendants' Motion To Dismiss

Pending Resolution Of SerpApi's Motion For Venue And Jurisdictional Discovery (Dkt. 24), and

SerpApi, LLC's Opposed Motion To Seal Defendants' Response To Plaintiff's Opposed Motion

To Seal (Dkt. 29) are before the court.[1] The court set these motions and ordered the parties to meet

and confer and attempt to resolve the motions without court intervention. They were unable to do

so. Accordingly, having considered the parties' written submissions, applicable law, and oral

arguments, for the reasons stated below and at the hearing, the court **GRANTS** the motions.

I.    MOTIONS TO SEAL

Before filing suit, Plaintiff proposed the parties meet to discuss business solutions to their

dispute. Dkt. 22-4 at 6. Defendants agreed to the meeting and responded, "Please provide a

proposed agenda in writing including the topics to be discussed during such meeting, and your

---

[1] The motions were referred by Senior United States District Judge David Ezra to the undersigned for disposition as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Orders dated May 1, 2026 and May 11, 2026.

agreement that such discussions will be held in *confidence and pursuant to FRE 408*." Dkt. 22-5 at 4 (emphasis added). Plaintiff confirmed that "all discussions at the meeting . . . will be *confidential and pursuant to Federal Rule of Evidence 408*. Please further confirm that all written and oral communications related to this negotiation, including all lead-up or follow-up communications, will be protected by Rule 408." Dkt. 22-6 at 3 (emphasis added).

Nonetheless, Defendants included a characterization of the meeting in their motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim and in subsequent briefing. Plaintiff moved to seal those filings and replace them with redacted versions on the public docket. Defendants oppose, arguing that the statements "are not offered to prove liability" "but to show context, coercion, litigation conduct, motive, and the circumstances leading to the lawsuit." Dkt. 28 at 4.

"[C]ourts should be ungenerous with their discretion to seal judicial records," and the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411 (5th Cir. 2023) (citing *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022)). "When a party seeks to file material under seal, the judge must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure and explain its sealing decision at a level of detail that will allow for [Fifth Circuit] review." *Id.* at 410 (citation modified); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). "A court errs if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing." *I F G Port Holdings*, 82 F.4th at 410 (citation modified).

2

As the public has a right to judicial records, the court expects parties to make their arguments in a manner that does not require revealing confidential information in their pleadings or motion practice. Here, despite their agreements that the settlement discussions would be confidential, Defendants included information about those discussions in their motion to dismiss and again in their response to Plaintiff's motion to seal. Plaintiffs seek to redact and seal only a handful of sentences that characterize that meeting, which both sides conceded are not pertinent to the issues presented in Defendants' motion to dismiss. All of the sentences sought to be redacted and sealed related to the settlement discussions are similar in content. Accordingly, the court treats them similarly. There is a strong public policy in the confidentiality of settlement negotiations, and the undersigned finds that policy outweighs the public's right to the few sentences at issue here. As such, the court grants the motions to seal.

However, as stated at the hearing, sealing filings has become extremely burdensome to the court in the last year. It is time consuming for the Clerk's Office, and it is often difficult for Chambers to find and accurately cite sealed documents. The court strongly encourages all parties to seal documents and exhibits only when absolutely necessary and as sparingly as possible.

## II.    MOTIONS FOR JURISDICTIONAL DISCOVERY AND TO EXTEND TIME

Relying on their own evidence, Defendants have moved to dismiss the Complaint for improper venue and lack of personal jurisdiction. In response, Plaintiffs seeks limited and targeted discovery—specifically, five requests for production, five interrogatories, and seven deposition hours—of Defendants' contacts with the Western District of Texas for purposes of confirming personal jurisdiction and venue. Dkt. 23. Defendants oppose, arguing that it has directed no conduct towards the forum, Plaintiff's discovery is overly broad, and that it would be unreasonable

3

and unnecessary for Mr. Kucinskas to travel to Texas from Lithuania for in person depositions. Dkt. 26.

Plaintiff, and Austin-based business, alleges Defendant Kucinskas, a former SerpApi contractor and now CEO of SearchApi, improperly retained SerpApi's source code, repeatedly accessed SerpApi's United States-based MongoDB server, and copied SerpApi's computer program for years after his departure from SerpApi in 2021, and used that program to start his copycat company, SearchApi. Dkt. 1 (Compl.) ¶ 2. Plaintiff further alleges this conduct continued after he was CEO of SearchApi. Compl. ¶ 3. Plaintiff has alleged facts that sufficiently contradict Defendant Kucinskas's declaration to justify venue and personal jurisdiction discovery.

Additionally, Defendant Kucinskas's argument that an in-person deposition would require him to travel to Texas from Lithuania fails. Defendant SearchApi, of which he is CEO, is "a Wyoming LLC business with a principal place of business in New York City." Dkt. 21-2. If Defendant Kucinskas can be CEO of an LLC formed under Wyoming law and headquartered in New York City while he is in Lithuania, he can surely travel to Texas. Plaintiff's motion for discovery is granted.

Additionally, in light of the motion for discovery, Plaintiff seeks additional time to respond to Defendants' motion to dismiss. Defendants oppose, claiming it will unnecessarily delay these proceedings. Plaintiff proposes up to 28 days for discovery, which can be shortened if Defendants promptly respond, and then 14 additional days to respond to the motion. This is immanently reasonable. That motion is granted as well.

### III.   CONCLUSION

The court notes that while parties can sometimes not resolve their issues concerning jurisdictional discovery, the court fully expects all parties to work together to resolve motions to

seal and to extend time. When parties cannot resolve such basic issues between themselves, it is nearly always because at least one side is intractably unreasonable. The court encourages the parties to litigate this case in a manner befitting the collegiality of the Austin bar.

For the reasons stated above, the court **GRANTS** Plaintiff's Motions to Seal (Dkts. 22 & 29). The court directs the Clerk's Office to place Dkt. 21 under seal and replace it with Dkt. 22-2, which is a redacted version to be made available to the public. The court directs the Clerk's Office to place Dkt. 21-2 under seal and replace it with Dkt. 22-3, which is a redacted version to be made available to the public. The court directs the Clerk's Office place Dkt. 28 under seal and replace it with Dkt. 29-2, which is a redacted version to be made available to the public.

The court **GRANTS** Plaintiff's Motion for Jurisdictional Discovery (Dkt. 23) and Motion to Extend Time (Dkt. 24). It is therefore **ORDERED** that Plaintiff is permitted to take limited venue discovery of Defendants as follows: Plaintiff shall be limited to 7 hours of deposition testimony, 5 requests for production, and 5 interrogatories. It is further **ORDERED** that the discovery and briefing schedule related to Defendants' Motion to Dismiss shall be as follows:

| | |
|---|---|
| Discovery Requests attached to Dkt. 23 be Deemed Served | As of the Day of This Order |
| Last Day for Defendants to Produce Documents and Respond to Interrogatories related to Venue Discovery | 14 Days from Date of This Order |
| Last Day for Depositions to be Complete | 14 Days from Defendants' Answer to Discovery Requests |
| Close of Venue and Jurisdictional Discovery | Complete Upon the Conclusion of Depositions |
| Plaintiff's Opposition to Defendants' Motion to Dismiss | 14 Days from the Completion of Discovery |
| Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss | 7 Days from Plaintiff's Opposition |

SIGNED May 26, 2026.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE

5