**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SERPAPI, LLC,<br>*Plaintiff,*<br><br>v.<br><br>ZILVINAS KUCINSKAS and<br>SEARCHAPI LLC,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:26-CV-00143 |

**DEFENDANTS' OPPOSED RULE 72(a) OBJECTIONS TO MAGISTRATE**
**JUDGE'S ORDER GRANTING VENUE AND JURISDICTIONAL DISCOVERY**

## I.    INTRODUCTION

Defendants Zilvinas Kucinskas ("Kucinskas") and SearchApi LLC ("SearchApi") (collectively "Defendants") file these opposed Objections pursuant to Fed. R. Civ. P. ("Rule") 72(a) to set aside or modify U.S. Magistrate Judge Mark Lane's Order issued on May 26, 2026 (Dkt. 37) ("Order") granting SerpApi, LLC's ("Plaintiff" or "SerpApi") Motion for Venue and Jurisdictional Discovery (Dkt. 23) ("Motion").

The Order is contrary to law and should be set aside because it grants venue and jurisdictional discovery without identifying any non-speculative fact showing with reasonable particularity that either of the Defendants purposefully directed suit-related conduct into Texas or this District.

## II.    FACTS

Plaintiff and Defendant both offer an automated "SERP API" service that sends search queries to search engines such as Google or Bing and returns the results page in structured data that software can read. "SERP" means "Search Engine Results Page." It is the page displayed

after a search query and includes results, ads, links, and related content. "API" means "Application Programming Interface," a standard way for software applications to communicate and exchange data. Together, "SERP API" describes a category of software that retrieves and structures search-results-page content.[1]

On April 21, 2026, Defendants filed a Motion to Dismiss (Dkt. 21) Plaintiff's Complaint (Dkt. 1) for lack of personal jurisdiction, improper venue and failure to state a claim. On April 30, 2026, Plaintiff filed an Opposed Motion for Jurisdictional and Venue Discovery (Dkt. 23). On May 7, 2026, Defendants filed a Response in Opposition (Dkt. 26) that included declarations from Kucinskas and SearchApi (Dkt. 26-1 and 26-2) detailing the factual absence of any forum directed conduct or contacts. On May 14, 2026, Plaintiff filed its Reply (Dkt. 32) without any declaration controverting Defendants' declarations. On May 26, 2026, counsel for the parties appeared before Magistrate Lane for oral argument on the Motion.

The Order grants discovery based on Plaintiff being an Austin-based business and its disputed conclusory allegations that "Defendant Kucinskas, a former SerpApi contractor and now CEO of SearchApi, improperly retained SerpApi's source code, repeatedly accessed SerpApi's United States-based MongoDB server, and copied SerpApi's computer program for years after his departure from SerpApi in 2021, and used that program to start his copycat company, SearchApi." The Order also grants discovery based on Plaintiff's allegations that "this conduct continued after he was CEO of SearchApi" and because "Plaintiff has alleged facts that

---

[1] In an April 15, 2022, Office Action, the USPTO refused to register Plaintiff's application for "SerpApi" as a trademark because it is generic. Plaintiff then abandoned the application. See https://tsdr.uspto.gov/documentviewer?caseId=sn90504104&docId=OOA20220415105917&linkId=3#docIndex=2&page=1.

sufficiently contradict Defendant Kucinskas's declaration to justify venue and personal jurisdiction discovery" without identifying the contradicted facts.

## III.    LAW

Rule 72(a) provides that in reviewing objections to a magistrate judge's order regarding a non-dispositive matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Rule 4(a) Appeal of Non-Dispositive Matters – 28 U.S.C. § 636(b)(1)(A) of Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas provides that "[a]ny party may appeal from a magistrate judge's order determining a motion" of a non-dispositive matter "within 14 days after issuance of the magistrate judge's order" and "[a] judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

In determining whether a defendant is subject to personal jurisdiction, the inquiry should focus on the defendant's suit-related contacts with the forum. General effects in Texas are not enough. Jurisdiction cannot be based only on Plaintiff's own Texas location or alleged injury in Texas. *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014). The defendant must have directed suit-related conduct toward Texas. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 426–27 (5th Cir. 2005).

Specific facts material to jurisdiction must be identified, along with an explanation of how the requested discovery would establish those facts. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024). Such facts must identify "with reasonable particularity" the possible existence of the required forum contacts. *Fielding*, 415 F.3d at 429; *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 U.S. Dist. LEXIS 256792, at *10 (W.D. Tex. Aug. 10, 2020).

3

Jurisdictional facts in a defendant's affidavit are accepted as true unless the plaintiff submits a factually supported controverting affidavit. *Pace*, 93 F.4th at 894; *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). See also *Stambro v. Vanderhall Motor Works, Inc.*, 2025 U.S. Dist. LEXIS 88639, at *11 (W.D. Tex. May 9, 2025), where this Court rejected jurisdiction based on an uncontroverted defense affidavit evidence showing no claim-related conduct directed to Texas despite the defendant having non-claim related contacts with the forum, i.e., manufacturing facility located in Texas. Because the plaintiff did not rebut the defendant's declaration, the court denied the request for jurisdictional discovery. *Id*.

Denial of discovery is proper where facts showing the required claim-related forum contacts are not identified. *Pace*, 93 F.4th at 902–03; *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). Failure to identify the specific jurisdictional facts sought, and to explain how discovery would establish those facts, requires denial of a plaintiff's request for jurisdictional discovery. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855–56 (5th Cir. 2000). Similarly, failure to identify any factual dispute that, if resolved in plaintiff's favor, would establish personal jurisdiction over the defendant requires denial of plaintiff's request for jurisdictional discovery. *Eho360, LLC v. Opalich*, No. 3:21-CV-0724-B, 2021 U.S. Dist. LEXIS 264358, at *7-8 (N.D. Tex. June 25, 2021).

## IV.    <u>ARGUMENT</u>

The Order should be set aside because it grants venue and jurisdictional discovery without identifying any specific facts showing that Defendants created suit-related contacts with Texas or this District. The Order identifies no Texas directed conduct by SearchApi or by Mr. Kucinskas on SearchApi's behalf related to the claims in this case. Because the Order does not apply the required defendant-focused minimum-contacts analysis and does not identify any

specific jurisdictional facts discovery is likely to uncover, it is contrary to law and clearly erroneous.

Instead, the Order relies on the fact that Plaintiff is located in Austin, the fact that Mr. Kucinskas is a former independent contractor of Plaintiff, and conclusory and speculative allegations against Mr. Kucinskas of copying, retention of source code, access to a "United States-based MongoDB server", and creation of a supposedly "copycat company." These disputed allegations that have been denied in uncontroverted declarations submitted by Mr. Kucinskas on behalf of himself personally and SearchApi may relate to the merits, but they do not establish suit-related conduct into Texas or this District by either Defendant.

The Order identifies no SearchApi customer, sale, contract, communication, employee, office, server, property, or transaction in this District let alone in Texas. The only Texas connection is SerpApi's own Austin location. But "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Plaintiff's residence is not a minimum contact by Defendants and cannot justify jurisdictional discovery. It "is the defendant's conduct that must form the necessary connection with the forum State". *Id*.

The fact that Mr. Kucinskas is a former contractor of a Texas resident does not automatically establish the requisite minimum contacts with this forum for purposes of this suit. Similarly, the Order's reliance on alleged access to a "United States-based" server is legally insufficient to establish minimum contacts with Texas, let alone this District, because a United States-based server is not a Texas contact. The Order does not identify any Texas server, Texas infrastructure, or Texas-based access by either of the Defendants. In fact, in its Complaint, ¶ 3 (Dkt. 1), Plaintiff states that the server at issue is in New Jersey - not in Texas, and neither

Plaintiff's Complaint nor its Motion (Dkt. 23), allege that any information or software was copied or downloaded by virtue of such access.

The Order treats Plaintiff's unsubstantiated allegations of copying, retention of source code, and creation of a "copycat company" as jurisdictional facts. They are not. They are speculative merits allegations that Defendants strenuously dispute and deny in the uncontroverted Declarations they submitted (Dkt. 26-1 and 26-2) in opposition to Plaintiff's Motion (Dkt. 23). Significantly, since Plaintiff failed to submit a controverting declaration in response, Defendant's Declarations must be accepted as true and jurisdictional discovery denied. See *Pace*, 93 F.4th at 894; *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977); *Stambro*, 2025 U.S. Dist. LEXIS 88639, at *11.

The Order does not identify what specific Texas contacts discovery is likely to reveal. *Monkton*, 768 F.3d at 434.  It does not identify any factual dispute that, if resolved in Plaintiff's favor, would establish personal jurisdiction. *Eho360*, 2021 U.S. Dist. LEXIS 264358, at *7-8. It merely states that Plaintiff's allegations contradict Kucinskas's declaration without providing any analysis of, let alone identifying, the statements from the Declarations that are contradicted. That is not the Fifth Circuit standard under *Pace* and *Black*.

The Order fails to identify any factual allegation suggesting with reasonable particularity that either of the Defendants purposefully directed suit-related conduct to Texas or created contacts with Texas. *Fielding*, 415 F.3d at 429. The Order fails to provide any analysis or rationale for its decision that Plaintiff is entitled to venue and jurisdictional discovery. Instead, the Order relies on Plaintiff's Texas residence and conclusory unsupported allegations of supposed wrongdoing that are disputed by Defendants in uncontroverted Declarations. Those

6

facts do not establish or reasonably suggest that the Defendants created forum contacts. Without that threshold showing, early jurisdictional discovery is improper and should not be permitted.

The Order requires Defendants to respond to the discovery requests Plaintiff proposed in its Motion (Dkt. 23). The Order authorizes seven hours of in-person deposition testimony by Mr. Kucinskas in Texas, five requests for production, and five interrogatories. However, Plaintiff's discovery requests are not limited to jurisdiction or venue. Many of the requests go far beyond Texas contacts and seek merits discovery into SearchApi's formation, employees, contractors, source code, products, customers, business strategy, alleged use of SerpApi materials, and potential trial witnesses. For example, Interrogatory No. 1 is not limited to Texas. It demands the identity of "each of Defendants' past or current customers" worldwide. For each customer, it also demands "the monetary value of the customer relationship." Plaintiff's Rule 30(b)(6) deposition topics likewise demand "the monetary value of each such customer relationship". This discovery seeks SearchApi's complete customer revenue data, which is damages discovery, not venue or jurisdictional discovery.

Further, Plaintiff seeks discovery about everyone who worked on SearchApi's products or source code, when Mr. Kucinskas first conceived of SearchApi, his authority over product development, his access to SerpApi materials, and the contents of SearchApi repositories and servers. Those topics concern liability, copying, access, misappropriation, damages, and trial preparation, i.e., merits issues. Thus, Plaintiff's requests are not primarily directed to establish whether Defendants are subject to personal jurisdiction in Texas for the claims at issue in this case or whether venue is proper in this District. Plaintiff's deposition notice for Mr. Kucinskas confirms this as it explicitly states that the deposition is for "use at trial." Plaintiff should not be allowed to obtain full merits discovery by calling it venue and jurisdictional discovery.

In requiring Mr. Kucinskas to travel for an in-person deposition, the Order says that because SearchApi is a Wyoming LLC with a principal place of business in New York, and because Kucinskas can be CEO while in Lithuania, "he can surely travel to Texas." That analysis does not address the proper issue. The question is not whether Mr. Kucinskas is physically able to travel. The issue is whether Plaintiff identified particularized Texas contacts by Mr. Kucinskas and/or SearchApi related to the claims at issue justifying a deposition before jurisdiction has been established.

As the Order fails to analyze or discuss the standard for jurisdictional discovery, including whether Plaintiff has sustained its burden of identifying any specific, non-speculative facts that discovery will uncover to support claim-related jurisdiction, Plaintiff's failure to submit declarations to controvert Defendants' Declarations, and whether the requested discovery is proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1), the Order granting Plaintiff's request for venue and jurisdictional discovery is contrary to law and should be set aside.

If the Court is inclined to permit discovery, Defendants respectfully request that it should be limited to written discovery concerning SearchApi's Texas contacts only with no merits discovery and no in-person depositions.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Objections under Rule 72(a) should be sustained and the Order set aside. Alternatively, any discovery allowed should be limited to narrow written discovery concerning Defendants' claims-related Texas contacts and should exclude both merits discovery and in-person depositions.

Dated: June 4, 2026.

Respectfully submitted,

**LUCOSKY BROOKMAN LLP**

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman (*pro hac vice*)
101 Wood Avenue South
Woodbridge, New Jersey 08830
Telephone: (908) 768-6408
jmzimmerman@lucbro.com

**-AND-**

*/s/ Mary-Ellen King*
Mary-Ellen King
State Bar No. 24067219
1250 S. Capital of Texas Highway
Bldg 3, Ste. 400
Austin, Texas 78746
Telephone: (512) 298-1182
meking@lucbro.com

**ATTORNEYS FOR DEFENDANTS
ZILVINAS KUCINSKAS AND
SEARCHAPI LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing instrument has been served via CM/ECF electronic filing, in accordance with the Federal Rules of Civil Procedure, on June 4, 2026, to the following counsel of record:

**KIRKLAND & ELLIS LLP**

Kat Li
State Bar No. 24070142
kat.li@kirkland.com
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice* forthcoming)
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice* forthcoming)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice* forthcoming)
leslie.schmidt@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**ATTORNEYS FOR PLAINTIFF
SERPAPI, LLC**

*/s/ Mary-Ellen King*
Mary-Ellen King

10

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that counsel for the parties complied with the conference requirement of Local Rule CV-7. On June 2, 2026, counsel for Plaintiff and Defendants met and conferred via a video conference regarding the relief requested herein. Counsel for Defendants believes that counsel for Plaintiff indicated that they are opposed to the relief sought and requested in emails sent today June 4, 2026, and yesterday June 3, 2026, confirmation of the same in writing from Plaintiff's counsel but as of this filing has not yet received such confirmation.

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman