IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SERPAPI, LLC, <br> *Plaintiff,* <br><br> v. <br><br> ZILVINAS KUCINSKAS and <br> SEARCHAPI LLC, <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 1:26-CV-00143-DAE |

**DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF THEIR RULE 72(a) OBJECTIONS**

**I.     INTRODUCTION**

Defendants Zilvinas Kucinskas ("Kucinskas") and SearchApi LLC ("SearchApi")

(collectively "Defendants") respectfully move under Fed. R. Civ. P. ("Rule") 26(c) and the

Court's inherent authority to stay the Magistrate Judge's Order (Dkt. 37) granting Plaintiff

SerpApi, LLC ("Plaintiff" or "SerpApi") venue and jurisdictional discovery ("Order").

Defendants request a stay until the Court rules on Defendants' Rule 72(a) objections to the Order,

which are being filed at the same time as this Motion.

**II.     BACKGROUND**

Defendants timely filed Rule 72(a) objections asking the Court to set aside the Magistrate

Judge's Order as clearly erroneous and contrary to law. The Order grants Plaintiff venue and

jurisdictional discovery without identifying any specific facts showing with reasonable

particularity that either Defendant purposefully directed suit-related conduct at Texas or this

District. It also provides no analysis or rationale for allowing discovery. Instead, it relies on

Plaintiff's Texas residence and Plaintiff's conclusory, unsupported allegations of wrongdoing,

1

which do not establish or reasonably suggest that the Defendants created forum contacts and are disputed by Defendants' uncontroverted declarations. Because the Order fails to apply the required defendant-focused minimum-contacts analysis, it should be set aside.

A stay is necessary to preserve meaningful Rule 72(a) review. Without a stay, Defendants will have to comply with the discovery Order they are requesting be set aside or narrowed before their objections are decided. That harm cannot be undone. Documents may be produced, witnesses prepared, depositions taken, and confidential business information disclosed. The requested stay is narrow and temporary. Defendants seek only to preserve the status quo until the District Judge rules on their objections.

## III.    <u>PROCEDURAL HISTORY</u>

On April 21, 2026, Defendants filed a Motion to Dismiss (Dkt. 21) Plaintiff's Complaint (Dkt. 1). On April 30, 2026, Plaintiff filed an Opposed Motion for Venue and Jurisdictional Discovery (Dkt. 23) ("Motion"). On May 7, 2026, Defendants filed a Response in Opposition (Dkt. 26) that included declarations from Kucinskas and SearchApi (Dkt. 26-1 and 26-2) detailing the factual absence of any claim-related forum directed conduct or contacts. On May 14, 2026, Plaintiff filed its Reply (Dkt. 32) without any declaration controverting Defendants' declarations. On May 26, 2026, following oral argument, Magistrate Lane issued the Order granting Plaintiff's Motion. The Order permits broad discovery of merits topics that are not relevant to venue or jurisdiction. For example, the requests seek information concerning Defendants' business operations, customers, technical systems, repositories, source code, and products.

Contemporaneous with this Motion for a Stay, Defendants timely filed Rule 72(a) objections opposing the Order and seeking that it be set aside or narrowed. Defendants now seek a temporary stay of discovery until those objections are ruled upon.

### IV.   <u>LEGAL STANDARD</u>

"District courts have broad discretion in all discovery matters." *Best Glide Aviation Survival Equip., Inc. v. Tag-Z, LLC*, No. 1:23-cv-1080-DAE, 2025 U.S. Dist. LEXIS 34586, at * 3 (W.D. Tex. Feb. 26, 2025) (Ezra, J.) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). A district court has discretion to stay discovery "for good cause shown." Rule 26(c). Good cause may exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. *Id*. A stay "may [also] be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *Best Glide*, 2025 U.S. Dist. LEXIS 34586, at * 3. To determine whether a stay is appropriate a district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 U.S. Dist. LEXIS 47561, at * 3 (W.D. Tex. Apr. 8, 2016) (Ezra, J.).

Rule 72(a) and Rule 4(a) of Appendix C of the Local Rules of this District permit a party to object to a magistrate judge's order on a non-dispositive matter. The district judge must modify or set aside any part of the order that is clearly erroneous or contrary to law. Rule 72(a) does not automatically stay the challenged order. However, a party may move for a stay pending the district judge's review. Thus, a stay is appropriate in circumstances where, as here, proceeding with discovery would impose undue burden, risk of disclosure of sensitive

information, and impair the Court's ability to provide meaningful relief on pending Rule 72(a)

objections.

## V.    <u>**ARGUMENT**</u>

**A. Good Cause Exists for the Stay**

Defendants' objections raise genuine legal and factual issues concerning the scope and

propriety of venue and jurisdictional discovery. As discussed in Defendants' Response in

Opposition (Dkt. 26) to Plaintiff's Motion (Dkt. 23), Plaintiff failed to identify specific facts

material to jurisdiction that discovery would be expected to reveal and explain how those facts

would establish personal jurisdiction.

Instead, Plaintiff relied on conclusory and speculative allegations against Mr. Kucinskas

of copying, retention of source code, access to a "United States-based MongoDB server", and

creation of a supposedly "copycat company." These disputed allegations, that have been denied

in uncontroverted declarations submitted by Mr. Kucinskas on behalf of himself personally and

SearchApi may relate to the merits, but they do not establish suit-related conduct into Texas or

this District by either Defendant.

The Order does not identify specific jurisdictional facts that discovery is expected to

uncover. Nor does it explain how the ordered discovery is tailored to facts showing that

Defendants purposefully directed suit-related conduct toward Texas or this District. That

omission matters. Discovery concerning source code, products, customers, repositories, financial

information, or other merits topics does not become jurisdictional discovery merely because

Plaintiff labels it as such. The distinction between jurisdictional discovery and merits discovery

is especially important where, as here, Defendants challenged personal jurisdiction at the outset

of the case in their Motion to Dismiss (Dkt. 21). Because the Rule 72(a) objections present substantial grounds for setting aside or narrowing the discovery order, a stay is warranted.

## B. The Balance of Harms Strongly Favors a Stay

Absent a stay, Defendants will be forced to comply with discovery before the Court decides whether Plaintiff is entitled to it. That burden is especially prejudicial because the Order is not limited to narrow venue or jurisdictional facts. It permits discovery into merits issues, including Defendants' customers, finances, source code, repositories, operations, and other sensitive business and technical information.

Requiring Defendants to produce that information before the Court determines whether it has personal jurisdiction over them would be unfair and inefficient. Defendants should not be required to submit to broad discovery in a forum where personal jurisdiction remains disputed and where the discovery Order itself is being challenged under Rule 72(a).

Plaintiff, by contrast, will suffer no meaningful prejudice from a temporary stay. The requested stay does not terminate discovery. It simply pauses discovery until the Court determines whether the Magistrate Judge's Order is legally proper.

Denying a stay would immediately prejudice Defendants. They would incur discovery burdens, risk disclosure of confidential information, and face related disputes before the Court decides whether the discovery should proceed at all. The balance of harms therefore favors Defendants and supports granting a stay.

## C. A Stay Is Necessary to Preserve Rule 72(a) Review and Judicial Economy

Defendants' Rule 72(a) objections ask the Court to set aside or substantially narrow the discovery Order. If discovery proceeds before those objections are decided, Defendants will be

5

forced to comply with the same Order they are challenging. That would undermine meaningful Rule 72(a) review.

Once discovery is produced, Defendants cannot recover the time, expense, and burden of responding to requests that may later be found improper. Nor can they fully undo the harm from disclosing confidential technical, customer, financial, or business information that Plaintiff may not be entitled to receive.

A temporary stay is therefore necessary to preserve the status quo while the District Judge decides whether the challenged discovery should proceed and, if so, on what terms. A stay will also conserve the Court's and the parties' resources. If the objections are sustained, the Order may be set aside or narrowed. Proceeding now risks unnecessary disputes, motion practice, and production burdens. Staying discovery avoids that waste and ensures that any discovery proceeds only within the scope approved by the District Judge.

## D. Alternatively, Any Discovery Should Be Limited to Narrow Written Discovery Directed Solely to Jurisdictional Facts

If the Court declines to stay discovery entirely, Defendants respectfully request that the Court stay all merits discovery and allow only narrowly tailored written discovery directed to specific venue and jurisdictional facts. Any interim discovery should be limited to suit-related contacts with this District, including whether Defendants: 1) directed any alleged suit-related conduct to the forum; 2) directed suit-related advertising or sales efforts to the forum; 3) have offices, employees, or property in the forum; 4) have claims-related customers in the forum; and 5) derived claims-related revenue from the forum.

The Court should stay all merits discovery and depositions until it rules on Defendants' Rule 72(a) objections.

## VI.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending resolution of Defendants' Rule 72(a) objections to the Magistrate Judge's discovery Order.

Dated: June 4, 2026.                              Respectfully submitted,

**Lucosky Brookman LLP**

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman (*pro hac vice*)
101 Wood Avenue South
Woodbridge, New Jersey 08830
Telephone: (908) 768-6408
jmzimmerman@lucbro.com

**-AND-**

*/s/ Mary-Ellen King*
Mary-Ellen King
State Bar No. 24067219
1250 S. Capital of Texas Highway
Bldg 3, Ste. 400
Austin, Texas 78746
Telephone: (512) 298-1182
meking@lucbro.com

**ATTORNEYS FOR DEFENDANTS
ZILVINAS KUCINSKAS AND
SEARCHAPI LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been

served via CM/ECF electronic filing, in accordance with the Federal Rules of Civil Procedure,

on June 4, 2026, to the following counsel of record:


**KIRKLAND & ELLIS LLP**
Kat Li
State Bar No. 24070142
kat.li@kirkland.com
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice* forthcoming)
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice* forthcoming)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice* forthcoming)
leslie.schmidt@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800


**ATTORNEYS FOR PLAINTIFF**
**SERPAPI, LLC**


                                         */s/ Mary-Ellen King*
                                         Mary-Ellen King

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the parties complied with the conference requirement of Local Rule CV-7. On June 2, 2026, counsel for Plaintiff and Defendants met and conferred via a video conference regarding the relief requested herein. Counsel for Defendants believes that counsel for Plaintiff indicated that they are opposed to the relief sought and requested in emails sent today June 4, 2026, and yesterday June 3, 2026, confirmation of the same in writing from Plaintiff's counsel but as of this filing has not yet received such confirmation.

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman