**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| SERPAPI, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>ZILVINAS KUCINSKAS and<br>SEARCHAPI LLC,<br><br><br>              Defendants. | CASE NO. 1:26-CV-00143-DAE<br><br>**JURY TRIAL DEMANDED** |

**SERPAPI, LLC'S OPPOSITION TO DEFENDANTS' OPPOSED RULE 72(a)
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING
<u>VENUE AND JURISDICTIONAL DISCOVERY</u>**

**TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 1

III.    LEGAL STANDARD ............................................................................................. 2

IV.     ARGUMENT ........................................................................................................... 3

        A.    Judge Lane Correctly Applied the Standard for Jurisdictional and Venue
              Discovery ...................................................................................................... 3

        B.    Judge Lane Properly Concluded that SerpApi Seeks "Limited And
              Targeted" Jurisdictional and Venue Discovery ............................................ 7

        C.    Mr. Kucinskas's In-Person Deposition is Warranted ................................... 9

V.      CONCLUSION ...................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Black v. Acme Markets, Inc.*,
 564 F.2d 681 (5th Cir. 1977) ....................................................................................................4

*Calder v. Jones*,
 465 U.S. 783 (1984)..........................................................................................................3, 6, 7

*Callier v. SunPath Ltd.*,
 EP-20-CV-00106-FM, 2020 WL 10285659 (W.D. Tex. Aug. 10, 2020)..................................4

*Delta Elecs., Inc. v. Vicor Corp.*,
 724 F. Supp. 3d 645 (W.D. Tex. 2024)..........................................................................1, 3, 5

*Eho360, LLC v. Opalich*,
 No. 3:21-CV-0724-B, 2021 WL 10428788 (N.D. Tex. June 25, 2021) ...................................6

*Fielding v. Hubert Burda Media, Inc.*,
 415 F.3d 419 (5th Cir. 2005) ....................................................................................................6

*Gillani Consulting, Inc. v. Ferguson Enters., Inc.*,
 No. 3:07-CV-1488-O, 2008 WL 11425717 (N.D. Tex. Nov. 10, 2008) ..................................6

*Ginko, LLC v. Apple, Inc.*,
 No. 1:24-cv-01279-DAE, Dkt. 51 (W.D. Tex. Aug. 21, 2025) ............................................3, 8

*Gomez v. Ford Motor Co.*,
 No. 5:15-CV-866-DAE, 2017 WL 5201797 (W.D. Tex. Apr. 27, 2017)..................................2

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
 213 F.3d 841 (5th Cir. 2000) ....................................................................................................6

*Lewis v. Barnhart*,
 431 F. Supp. 2d 657 (E.D. Tex. Apr. 4, 2006)..........................................................................5

*Lower48 IP LLC v. Shopify, Inc.*,
 No. 6:22-CV-00997-DAE, 2023 WL 11893431 (W.D. Tex. Nov. 2, 2023) .............................2

*Luv N' Care, Ltd. v. Insta-Mix, Inc.*,
 438 F.3d 465 (5th Cir. 2006) ....................................................................................................8

*Monkton Ins. Servs., Ltd. v. Ritter*,
 768 F.3d 429 (5th Cir. 2014) ....................................................................................................6

*Pace v. Cirrus Design Corp.*,
    93 F.4th 878 (5th Cir. 2024) ..................................................................................4, 5

*Stambro v. Vanderhall Motor Works, Inc.*,
    No. 1:24–CV–1317-DAE, 2025 WL 1355161 (W.D. Tex. May 9, 2025) ...............................5

*STC.UNM v. TP-Link Techs. Co.*,
    W-19-CV-00262-ADA, 2020 WL 10758856 (W.D. Tex. Jan. 2, 2020) ................................10

*Synopsys, Inc. v. Real Intent, Inc.*,
    1:25-cv-00441-DAE, Dkt. 28 (W.D. Tex. May 14, 2025)..........................................9

*Throughputer, Inc. v. Amazon Web Servs.*,
    No. 1:22-CV-1095-DAE, Dkt. 117 (W.D. Texas Sep. 9, 2025)................................2

*Vertical Bridge Dev., LLC v. Town of Westlake, Tex.*,
    No. 4:24-CV-00804-SDJ-BD, 2025 WL 3562145 (E.D. Tex. Dec. 9, 2025)...........................8

*VoIP-Pal.com, Inc. v. T-Mobile USA, Inc.*,
    No. 6:21-CV-674-ADA, 2023 WL 11920936 (W.D. Tex. Oct. 3, 2023)................................9

*Walden v. Fiore*,
    571 U.S. 277 (2014)..........................................................................................7

*Wyatt v. Kaplan*,
    686 F.2d 276 (5th Cir. 1982) .............................................................................8

**Statutes**

28 U.S.C. § 636(b)(1)(A)......................................................................................2

**Rules**

Fed. R. Civ. P. 72(a) ....................................................................................1, 2, 3

Rule 12(b)(6)................................................................................................1

Rule 32(a)(2)................................................................................................9

## I.    INTRODUCTION

The Court should overrule Defendants' objections (Dkt. 43) to Judge Lane's Order (Dkt. 37) granting SerpApi limited venue and jurisdictional discovery. Judge Lane properly determined that SerpApi's "alleged facts that sufficiently contradict Defendant Kucinskas's declaration" warranted this limited discovery under Fifth Circuit law. Dkt. 37 at 4; *see Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024) (permitting discovery "where a plaintiff present[s] a non-frivolous basis for venue, and the motion to dismiss raises issues of fact or a more satisfactory showing of the facts is necessary" (internal citations and quotations omitted)). To succeed in their objections, Defendants must demonstrate that Judge Lane's Order is "clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a). They have not done so. Instead, Defendants' objections amount to nothing more than a rehash of the same arguments that Judge Lane considered and rejected following full briefing and argument. Defendants continue to ignore factual disputes their own declarations created and mischaracterize SerpApi's jurisdictional bases. Limited venue and jurisdictional discovery is entirely appropriate here, given the assertions included in Defendants' motion to dismiss, and Defendants' objections should therefore be denied.

## II.    BACKGROUND

In January 2026, SerpApi, an Austin-headquartered company, filed the instant suit alleging trade secret misappropriation, copyright infringement, breach of contract, and violation of the Computer Fraud and Abuse Act (CFAA) by Mr. Kucinskas—a former SerpApi contractor—and SearchApi, the copycat company he founded. Dkt. 1. Defendants moved to dismiss SerpApi's complaint in April 2026. Dkt. 21. While both Defendants challenged the sufficiency of the pleadings under Rule 12(b)(6), only Defendant SearchApi (and not Defendant Kucinskas) raised a challenge to jurisdiction and venue. Defendants attached three declarations to the Motion to Dismiss, including one in which Mr. Kucinskas attempts to controvert SerpApi's factual

1

allegations regarding jurisdiction and venue. Dkt. 21-2. To resolve the factual issues put into dispute by Mr. Kucinskas's declaration, SerpApi moved for limited jurisdictional and venue discovery. Dkt. 23. In response to SerpApi's Discovery Motion, Defendants filed two more declarations including additional factual allegations in dispute, one from Mr. Kucinskas in his personal capacity and one in his capacity as CEO of SearchApi. Dkts. 26, 26-1, 26-2. Following argument by both parties, Judge Lane determined SerpApi's allegations sufficiently contradicted Defendants' declarations as to justify discovery. Order at 3–4 (detailing allegations that Mr. Kucinskas used SerpApi's source code to start his copycat company, SearchApi). Defendants filed the instant objections on June 4, 2026, moved to stay their compliance with Judge Lane's order, and refused to provide the ordered discovery by the Court's deadline. Dkts. 43, 44.

## III.   LEGAL STANDARD

Under the "clearly erroneous or contrary to law" standard, "the Court must affirm the Magistrate Judge's decision unless 'on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed.'" *Throughputer, Inc. v. Amazon Web Servs.*, No. 1:22-CV-1095-DAE, Dkt. 117 at 4 (W.D. Texas Sep. 9, 2025) (alteration in original) (citations omitted); *see also* Rule 72(a); 28 U.S.C. § 636(b)(1)(A). "Where a magistrate judge has properly applied the law to fact findings that are not clearly erroneous . . . the magistrate judge's decisions are discretionary and the ruling may only be reversed for abuse of discretion." *Lower48 IP LLC v. Shopify, Inc.*, No. 6:22-CV-00997-DAE, 2023 WL 11893431, at *2 (W.D. Tex. Nov. 2, 2023) (citation omitted). "In other words, even were the Court disposed to differ with the Magistrate . . . such a difference of opinion would not alone entitle it to reverse or reconsider the Order." *Throughputer*, Dkt. 117 at 4 (citations omitted); *see also Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) ("This standard does not entitle this court to reverse or reconsider the order simply because it would or could decide the matter

differently." (citation omitted)).

Venue or jurisdictional "discovery may be warranted where a plaintiff 'present[s] a non-frivolous' basis for venue and 'the motion to dismiss raises issues of fact' or 'a more satisfactory showing of the facts is necessary.'" *Delta Elecs.*, 724 F. Supp. 3d at 656 (citations omitted). Courts routinely grant jurisdictional discovery to provide the opportunity "to test the declarations or affidavits of the party challenging venue." *Ginko, LLC v. Apple, Inc.*, No. 1:24-cv-01279-DAE, Dkt. 51, at 2 (W.D. Tex. Aug. 21, 2025).

## IV.    ARGUMENT

Defendants' Rule 72(a) Objections merely repackage arguments from their Response to the Discovery Motion, Dkt. 26—which Judge Lane already considered and rejected after full briefing and oral argument—and should be overruled for those same reasons. Mere disagreement with the outcome of Judge Lane's Order is not a basis for reversal under Rule 72(a). Rather, Defendants must establish that the Order was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Defendants fall well short of that burden.

### A.    Judge Lane Correctly Applied the Standard for Jurisdictional and Venue Discovery

Judge Lane's Order properly considered SerpApi's alleged jurisdictional bases: (1) that SearchApi purposefully directed activities to and injured SerpApi in Texas (*i.e.*, the *Calder* effects doctrine)[1]; (2) that SearchApi is liable for Mr. Kucinskas's actions under agency and/or ratification doctrines[2]; and (3) that SearchApi conducts business in Texas and with Texas customers. Order at 1, 3–4. Each doctrine is well-supported by Supreme Court and Fifth Circuit law, Dkt. 23 at 4–7, and Defendants do not dispute that these doctrines can establish personal jurisdiction. Judge Lane,

---

[1]    *See* Dkt. 23 at 4–6; *Calder v. Jones*, 465 U.S. 783, 789–90 (1984).

[2]    *See* Dkt. 23 at 6–7.

3

recognizing the validity of these doctrines, held that SerpApi's alleged facts, and Defendants' contradictions, "justif[ied] venue and personal jurisdiction discovery." Order at 4.

Defendants argue that Judge Lane "does not apply the required defendant-focused minimum-contacts analysis," failed to identify any "Texas directed conduct" by Defendants, and "does not identify any specific jurisdictional facts discovery is likely to uncover." Dkt. 43 at 4–5. These arguments fail for at least three reasons. ***First***, contrary to Defendants' arguments, Judge Lane correctly applied the appropriate legal standard and focused on Defendants' contacts directed at Texas. Fifth Circuit law permits jurisdictional and venue discovery when "a plaintiff presents factual allegations that suggest with reasonable particularity the ***possible existence*** of the requisite contacts." *See Pace v. Cirrus Design Corp.*, 93 F.4th 878, 902 (5th Cir. 2024); *see also Callier v. SunPath Ltd.*, EP-20-CV-00106-FM, 2020 WL 10285659, at *4 (W.D. Tex. Aug. 10, 2020) (permitting jurisdictional discovery). Judge Lane, having considered the parties' briefing and arguments, determined that the facts alleged by SerpApi in the Complaint "sufficiently contradict Defendant Kucinskas's declaration to justify venue and personal jurisdiction discovery." Order at 4.

In other words, Judge Lane concluded that the facts alleged by SerpApi can support jurisdiction, and Defendants do not contest that these allegations are disputed. Indeed, Defendants ***admit*** the disputes: *e.g.*, Dkt. 43 at 5 ("These ***disputed allegations*** that have been denied in uncontroverted declarations submitted by Mr. Kucinskas"); *id.* at 6 ("Plaintiff's allegations ***contradict*** Kucinskas's declaration"). Yet Defendants insist SerpApi needed a declaration restating its Complaint's allegations. Dkt. 43 at 6. This is incorrect. *Black v. Acme Markets*, which Defendants cite, plainly states "the allegations of the pleading may be considered" to controvert a declaration. *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Defendants'

4

reliance on *Stambro* and *Pace* fares no better. Dkt. 43 at 4, 6. In those cases, defendants submitted uncontroverted declarations showing no claim-related contacts with Texas, and plaintiffs failed to allege *any* facts suggesting such contacts existed. *Stambro v. Vanderhall Motor Works, Inc.*, No. 1:24–CV–1317-DAE, 2025 WL 1355161, at *5 (W.D. Tex. May 9, 2025); *Pace*, 93 F.4th at 894. Here, by contrast, SerpApi has alleged specific facts—supported by a forensic expert declaration— showing that, for example, Mr. Kucinskas accessed SerpApi's systems that are managed from Austin, Texas, 29 times after his departure and downloaded SerpApi's customer data. Dkt. 1 ¶¶ 3– 4, 22; Dkt. 1-1; *see also* Dkt. 32 at 2–3. These allegations directly contradict Mr. Kucinskas's declarations and create "issues of fact" jurisdictional discovery is designed to resolve. *See Delta Elecs.*, 724 F. Supp. 3d at 656.

**Second**, Judge Lane identified specific jurisdictional facts discovery may uncover. In particular, Judge Lane outlined examples of disputed allegations: that Mr. Kucinskas "improperly retained SerpApi's source code, repeatedly accessed SerpApi's United States-based MongoDB server, and copied SerpApi's computer program for years after his departure from SerpApi in 2021, and used that program to start his copycat company, SearchApi," and that "this conduct continued after [Mr. Kucinskas] was CEO of SearchApi." Order at 4. This is in addition to the other discoverable jurisdictional facts identified in Plaintiff's motion. *See* Dkt. 23 at 4–7; *e.g.*, Dkt. 1 ¶ 4 ("[J]ust a few days before his departure, [Mr. Kucinskas] downloaded a customer list by accessing SerpApi's Stripe payment processing platform."); *id*. ¶ 20 ("SearchApi conducts business in the State of Texas and in this District."). Judge Lane was not required to copy-and-paste SerpApi's brief to grant the relief requested. *See Lewis v. Barnhart*, 431 F. Supp. 2d 657, 664 (E.D. Tex. Apr. 4, 2006) ("As the Fifth Circuit has observed in an analogous circumstance, failure to expressly list or refer to each issue does not mean that the judge did not consider them.");

*see also Gillani Consulting, Inc. v. Ferguson Enters., Inc.*, No. 3:07-CV-1488-O, 2008 WL 11425717, at *3 (N.D. Tex. Nov. 10, 2008) ("[T]he magistrate judge's ruling is not clearly erroneous because the order denying Defendant's motion does not address each argument available to Defendant."). Nor was Judge Lane required to prophesy what the "specific Texas contacts discovery is likely to reveal." Dkt. 43 at 6. If Judge Lane somehow possessed that information, there would be no need for the ordered discovery.

Defendants' suggestion that the Judge Lane's Order was required to say more lacks any support in Defendants' cited authorities. *Id*. Indeed, in each of the cases cited by Defendants, the **movant** failed to allege sufficient facts to warrant jurisdictional discovery. The third-party plaintiff in *Monkton* was "unable to state how the discovery he requested would change the jurisdictional determination," as he sought information regarding only "***other*** contacts with Texas" unrelated to specific jurisdiction. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 & n.2 (5th Cir. 2014); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855–56 (5th Cir. 2000) (denying jurisdictional discovery where plaintiffs' claims "did *not* arise from [the] contacts" for which plaintiffs sought discovery (emphasis in original)). The plaintiffs in *Fielding* did not even live or work in Texas at the time of the defendants' conduct alleged to give rise to jurisdiction under the *Calder* effects doctrine. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005). And the defendants in *Eho360* had not contradicted the allegations for which plaintiffs sought jurisdictional discovery—there, of course, discovery would not resolve the identified factual disputes because plaintiffs had not even **identified** them. *Eho360, LLC v. Opalich*, No. 3:21-CV-0724-B, 2021 WL 10428788, at *2 (N.D. Tex. June 25, 2021). Defendants' recited cases are thus inapposite to the situation here, where SerpApi has identified specific, disputed facts in its Discovery Motion that Judge Lane found warranted jurisdictional discovery.

6

***Third***, Defendants' argument mischaracterizes SerpApi's bases for jurisdictional discovery and responds to arguments that SerpApi did not make. *E.g.*, Dkt. 43 at 5 (contending that SerpApi's allegations are based solely on its own location); *id.* (alleging that Mr. Kucinskas's relationship as a former contractor and servers in the U.S. are not sufficient contacts). Jurisdiction under, for example, the *Calder* effects doctrine is not based on SerpApi's location in the abstract but ***Defendants' actions*** targeting SerpApi in Texas and the foreseeable harm felt there. Dkt. 1 at ¶¶ 2–4, 20; Dkt. 23 at 4–5; *see Calder*, 465 U.S. at 789–90 (concluding personal jurisdiction may be found where intentional actions are aimed at and with foreseeable acts in the forum); *Walden v. Fiore*, 571 U.S. 277, 290 (2014). As such, Defendants are wrong that Judge Lane's Order did not "identify any factual allegation suggesting with reasonable particularity that either of the Defendants purposefully directed suit-related conduct to Texas or created contacts with Texas." Dkt. 43 at 6; Order at 4 (listing facts that demonstrate Defendants intentionally targeted and harmed Austin-based SerpApi).

In sum, Defendants' Objections miss the point of jurisdictional and venue discovery. As Judge Lane recognized, SerpApi "alleged facts that sufficiently contradict" the factual disputes ***Defendants created*** by filing three declarations from Mr. Kucinskas, and discovery is necessary to resolve those disputes.

### B. Judge Lane Properly Concluded that SerpApi Seeks "Limited And Targeted" Jurisdictional and Venue Discovery

SerpApi's discovery requests are narrowly tailored in volume (five interrogatories, five requests for production, and ten hours of deposition) and scope. For example, to support its allegations that Mr. Kucinskas's actions may be imputed to SearchApi under agency or ratification doctrines, SerpApi seeks discovery into SearchApi's formation and relationship to Mr. Kucinskas. *See* Dkt. 23-3 (ROGs 2, 3); Dkt. 23-2 (RFP 4). To support its allegations under the *Calder* effects

7

doctrine, SerpApi seeks discovery into SearchApi's activities targeted at SerpApi. *See* Dkt. 23-2 (ROG 5); Dkt. 23-2 (RFP 5). And to support its allegations that SearchApi has otherwise purposefully availed itself of Texas laws, SerpApi seeks discovery into SearchApi's business relationships, customers, employees, and infrastructure. *See* Dkt. 23-3 (ROGs 1, 4); Dkt. 23-2 (RFPs 1–3). Defendants take issue with specific requests—such as the identity of customers and "the monetary value of the customer relationship"—and characterize them as damages discovery. Dkt. 43 at 7. Not so. The identity of SearchApi's customers is relevant to whether SearchApi has purposefully availed itself of Texas jurisdiction by selling products created based on SerpApi's stolen source code to customers with a connection to Texas. And the monetary value of customer relationships is relevant because that value can indicate significance of that relationship. *Cf. Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (considering revenue from forum contacts in specific-jurisdiction analysis).

The fact that jurisdictional discovery might overlap with merits discovery is not a reason to deny the jurisdictional discovery. Indeed, courts recognize that "merits and jurisdiction will sometimes come intertwined." *Vertical Bridge Dev., LLC v. Town of Westlake, Tex.*, No. 4:24-CV-00804-SDJ-BD, 2025 WL 3562145, at *4 (E.D. Tex. Dec. 9, 2025), *report and recommendation adopted,* No. 4:24-CV-804-SDJ-BD, 2026 WL 304888 (E.D. Tex. Feb. 4, 2026); *see also Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) ("When, as in this case, the jurisdictional question intertwines with the merits of the case . . . , some discovery on the merits may be necessary, and general discovery may be permitted.").[3] Thus, Defendants cannot defeat

---

[3]      In any event, Defendants would be required to respond to these basic requests during general discovery, which is now open, regardless of Judge Lane's Order. *Cf. Ginko*, Dkt. 51, at 3 (granting venue discovery where defendant "would eventually have to respond to these requests regardless of whether this motion is granted").

Judge Lane's Order by labeling relevant information as "damages" or "merits" discovery simply because it may also be relevant for those purposes later. Defendants make similar complaints about form language from Mr. Kucinskas's deposition notice, which states that the deposition will be available for "use at trial." Dkt. 43 at 7. But the availability of a deposition for trial does not transform the deposition from jurisdictional-related to fully merits-based. Discovery may be used for multiple purposes, and it is inherent that a deposition taken of a party (or the officer of a party) can be used "for any purpose" in a proceeding. *See* Rule 32(a)(2) (explaining that adverse party deposition may be used "for any purpose").

### C.    Mr. Kucinskas's In-Person Deposition is Warranted

Defendants argue that requiring Mr. Kucinskas to travel to Texas for a deposition before jurisdiction is established is improper. Dkt. 43 at 8. This argument is circular: according to Defendants, there can be no deposition if there is no jurisdiction, yet they submitted three fact declarations in Mr. Kucinskas's name that they contend represent "uncontroverted" facts establishing no jurisdiction. Defendants have made Mr. Kucinskas, who ***admits he is subject to this Court's jurisdiction***, the central witness with personal knowledge of all relevant jurisdictional facts—including his alleged unauthorized access to SerpApi's servers, his role in founding SearchApi, and any contacts SearchApi may have with Texas. He cannot now shield himself from being questioned about those declarations. *See Synopsys, Inc. v. Real Intent, Inc.*, 1:25-cv-00441-DAE, Dkt. 28, at 5 (W.D. Tex. May 14, 2025) (permitting plaintiff the "opportunity to test the assertions made in the Declaration" through deposition); *cf. VoIP-Pal.com, Inc. v. T-Mobile USA, Inc.*, No. 6:21-CV-674-ADA, 2023 WL 11920936, at *2 (W.D. Tex. Oct. 3, 2023) ("Courts also have allowed depositions of witnesses who submit a declaration in opposition to a summary judgment motion.").

Here, credibility assessments are critical because the parties' sworn statements directly conflict. *See STC.UNM v. TP-Link Techs. Co.*, W-19-CV-00262-ADA, 2020 WL 10758856, at *4 (W.D. Tex. Jan. 2, 2020) (granting limited discovery, in part, "because [declarant] was not subject to cross-examination and because cross-examination is 'beyond any doubt the greatest legal engine ever invented for the discovery of truth'"). SerpApi's Complaint, supported by the declaration of a forensic expert, alleges that Mr. Kucinskas accessed SerpApi's systems 29 times after his departure and downloaded customer data. *See* Dkt. 1 ¶¶ 3–4; Dkt. 1-1. Mr. Kucinskas denies these allegations under oath. *See* Dkt. 21-2 ¶¶ 23, 25. It was plainly reasonable for Judge Lane to conclude that limiting SerpApi to written discovery would be inadequate to develop the factual record necessary to resolve the jurisdictional dispute that Defendants created. Thus, Defendants' alternative request to limit discovery to "narrow written discovery" only should be rejected. *See* Dkt. 43 at 8.

## V.    CONCLUSION

This Court should affirm Judge Lane's Order and overrule Defendants' objections.

10

Dated: June 11, 2026                    Respectfully submitted,

                                        /s/ *Kat Li*
                                        Kat Li (SBN: 24070142)
                                        kat.li@kirkland.com
                                        KIRKLAND & ELLIS LLP
                                        401 W. 4th St.
                                        Austin, TX 78701
                                        Telephone: (512) 678-9100

                                        Akshay S. Deoras (*pro hac vice*)
                                        akshay.deoras@kirkland.com
                                        KIRKLAND & ELLIS LLP
                                        555 California Street
                                        San Francisco, CA 94104
                                        Telephone: (415) 439-1400

                                        Joshua L. Simmons (*pro hac vice*)
                                        joshua.simmons@kirkland.com
                                        Leslie M. Schmidt (*pro hac vice*)
                                        leslie.schmidt@kirkland.com
                                        KIRKLAND & ELLIS LLP
                                        601 Lexington Avenue
                                        New York, NY 10022
                                        Telephone: (212) 446-4800

                                        **Attorneys for Plaintiff SerpApi, LLC**

11

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on June 11, 2026, with a copy of this document via the Court's CM/ECF system.

/s/ Kat Li
Kat Li

12