## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| SERPAPI, LLC, <br><br>            Plaintiff, <br><br> v. <br><br> ZILVINAS KUCINSKAS and SEARCHAPI LLC, <br><br><br>            Defendants. | CASE NO. 1:26-CV-00143-DAE <br><br> **JURY TRIAL DEMANDED** |

## SERPAPI, LLC'S OPPOSITION TO DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR RULE 72(a) OBJECTIONS

## TABLE OF CONTENTS

I.     INTRODUCTION.................................................................................................. 1

II.    BACKGROUND ................................................................................................... 1

III.   LEGAL STANDARD .......................................................................................... 3

IV.   ARGUMENT........................................................................................................ 4

      A.    Defendants are Unlikely to Succeed on Their Rule 72(a) Objections .................... 4

      B.    Defendants Will Not Suffer Irreparable Harm Absent a Stay ................................ 5

      C.    SerpApi Will be Prejudiced if a Stay is Granted ....................................... 7

      D.    The Public Interest Weighs Against a Stay................................................. 8

      E.    Defendants' Alternative Request Should Also Be Denied .................................... 9

V.     CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Best Glide Aviation Survival Equip., Inc. v. Tag-Z, LLC*,
No. 1:23-cv-1080-DAE, 2025 WL 1011778 (W.D. Tex. Feb. 26, 2025) (Ezra, J.)...................................................................................................................4

*Bickford v. Boerne Indep. Sch. Dist.*,
No. 5:15-CV-1146-DAE, 2016 WL 1430063 (W.D. Tex. Apr. 8, 2016) (Ezra, J.)...................................................................................................................4

*Delta Elecs., Inc. v. Vicor Corp.*,
724 F. Supp. 3d 645 (W.D. Tex. 2024)...................................................................5

*Ginko LLC v. Apple, Inc.*,
No. 24-cv-1279-DAE, Dkt. 51 (W.D. Tex. Aug. 21, 2025) ...............................5, 7

*Gomez v. Ford Motor Co.*,
No. 5:15-CV-866-DAE, 2017 WL 5201797 (W.D. Tex. Apr. 27, 2017) (Ezra, J.)...................................................................................................................5

*Granato v. City & Cnty. of Denver*,
No. 11:cv-0-304-MSK-BNB, 2011 WL 1335854 (D. Colo. Apr. 7, 2011)...........3, 7

*Guzman v. Hacienda Records & Recording Studio, Inc.*,
808 F.3d 1031 (5th Cir. 2015) ...............................................................................5

*Int'l Fire & Safety, Inc. v. H.C. Serv. Inc.*,
2007 WL 3231654 (S.D. Miss. Oct. 30, 2007).......................................................3

*LEG Q LLC v. RSR Corp.*,
No. 3:17-cv-1559-N-BN, 2017 WL 4222690 (N.D. Tex. Sept. 22, 2017) ..............3

*Lower48 IP LLC v. Shopify, Inc.*,
No. 6:22-cv-00997, 2023 WL 11893431 (W.D. Tex. Nov. 2, 2023) (Ezra, J.).........4

*Nken v. Holder*,
556 U.S. 418 (2009)................................................................................................5

*NRT Tex. LLC v. Wilbur*,
No. 4:22-cv-02847, 2022 WL 18404987 (S.D. Tex. Nov. 21, 2022)............1, 3, 4, 8

*Oracle USA, Inc. v. Rimini St., Inc.*,
No, 2:10-cv—00106-LRH-PAL, 2012 WL 6100306 (D. Nev. Dec. 7, 2012) .........8

*Pablovich v. Rooms to Go La. Corp.*,
No. 20-617, 2021 WL 928030 (E.D. La. Mar. 11, 2021) .......................................................3, 5

*Paez v. Wal-Mart Stores Tex., LLC*,
No. EP-20-CV-00321-DCG, 2022 WL 3216343 (W.D. Tex. Aug. 9, 2022) ...........................9

*Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*,
734 F.3d 406 (5th Cir. 2013) ................................................................................................3

*Plaquemines Parish v. Chevron USA, Inc.*,
84 F.4th 362 (5th Cir. 2023) ................................................................................................7

*Poon v. Visa U.S.A. Inc.*,
No. 21-CV-569 (RP), 2023 WL 5167013 (W.D. Tex. Jan. 17, 2023) (Lane, J.).......................9

*Portillo v. CAM XV Tr.*,
2021 WL 2772806 (W.D. Tex. May 7, 2021) (Ezra, J.).........................................................3

*Renegotiation Bd. v. Bannercraft Clothing Co.*,
415 U.S. 1 (1974)..................................................................................................................7

*Sparling v. Doyle*,
No. EP-13-CV-00323-DCG, 2016 WL 236266 (W.D. Tex. Jan. 20, 2016)..............................4

*Vertical Bridge Dev., LLC v. Town of Westlake, Tex.*,
No. 4:24-CV-00804-SDJ-BD, 2025 WL 3562145 (E.D. Tex. Dec. 9, 2025)...........................6

*Wyatt v. Kaplan*,
686 F.2d 276 (5th Cir. 1982) ............................................................................................6, 9

**Rules**

Rule 72 ...............................................................................................................................1, 3

Rule 72(a)................................................................................................................ *passim*

iii

## I.    INTRODUCTION

Defendants' Motion to Stay Discovery Pending Resolution of Their Rule 72(a) Objections (Dkt. 44) should be denied. Judge Lane's discovery order is entitled to a weighty presumption against Defendants' objections. Given the tall task of satisfying the heavily deferential standard of review controlling Rule 72(a) objections, motions to stay discovery orders pending those objections are rarely granted. *See NRT Tex. LLC v. Wilbur*, No. 4:22-cv-02847, 2022 WL 18404987, at *1 (S.D. Tex. Nov. 21, 2022). Defendants' Motion is no exception. Beyond the fact that Defendants' Rule 72(a) objections merely reargue their unsuccessful opposition to discovery, Defendants fail to offer any support for their conclusory claim that they will suffer irreparable harm in the absence of a stay. Indeed, in just the last two days, Defendants have agreed to substantively respond to the SerpApi's interrogatories, produce responsive documents, and make the requested deponent available for deposition, undermining any claim that Defendants genuinely need the Court to order a stay of the already-ordered discovery.[1] In any event, because Defendants have not met their "steep" burden of satisfying the stay standard, their Motion should be denied. *See id.*

## II.    BACKGROUND

Plaintiff SerpApi, LLC ("SerpApi"), an Austin-headquartered company, filed this case on January 20, 2026, alleging trade secret misappropriation, copyright infringement, breach of contract, and violation of the Computer Fraud and Abuse Act. *See* Dkt. 1. On April 21, 2026, Defendants moved to dismiss the Complaint, with Defendant SearchApi (but not Defendant Mr. Kucinskas) challenging jurisdiction and venue, and both Defendants challenging the sufficiency

---

[1]    Inexplicably, Defendants have refused to withdraw their Rule 72 Objections and Motion to Stay, despite now agreeing to provide the requested discovery. Accordingly, Plaintiff is forced to file the present opposition.

of the pleadings. Dkt. 21. To support that motion, Defendants attached three declarations disputing the well-pled allegations in Plaintiff SerpApi's Complaint, including one in which Defendant SearchApi's CEO and co-Defendant (Mr. Kucinskas) attempted to controvert Plaintiff SerpApi's factual allegations regarding jurisdiction and venue. *See* Dkt. 21-2. Accordingly, Plaintiff SerpApi sought limited and targeted jurisdictional and venue discovery that would allow it to test and challenge the assertions made in the declaration. *See* Dkt. 23. Defendants not only opposed Plaintiff SerpApi's discovery motion but added two new declarations by Mr. Kucinskas—one on behalf of himself and the other on behalf of Defendant SearchApi—adding even more one-sided representations to the record related to Defendants' contacts with Texas. *See* Dkts. 26-1, 26-2. On May 26, 2026, Judge Lane granted Plaintiff SerpApi's discovery requests attached to its motion, concluding that the complaint "has alleged facts that sufficiently contradict Defendant Kucinskas's declaration to justify venue and personal jurisdiction discovery." Dkt. 37 at 4. Defendants were ordered to respond to Plaintiff SerpApi's interrogatories and requests for production by June 9 and make Mr. Kucinskas available for a seven-hour deposition by June 23. *Id.* at 5.

On June 4, 2026 Defendants filed the instant Motion to stay Judge Lane's discovery order. *See* Dkt. 44 at 1. Then, on June 9, Defendants served objections to SerpApi's venue-related interrogatories and requests for production but otherwise declined to provide any substantive responses, "defer[ring] answering pending the Court's ruling on the motion to stay." *See, e.g.*, Ex. 1 (2026-06-09 SearchApi's Objections and Responses to SerpApi's Interrogatories) at 4–9; Ex. 2 (2026-06-09 SearchApi's Objections and Responses to SerpApi's Requests for Production) at 4–9. The next day, June 10, Defendants agreed to provide responses to SerpApi's interrogatories before the start of the following week and produce responsive documents once the parties reached agreement on the protective order. Ex. 3 (2026-06-10 and 2026-06-11 Emails between J.

2

Zimmerman and L. Harris). Earlier today, June 11, Defendants stated that they would now be willing to make Mr. Kucinskas available for a seven-hour deposition (albeit not in Texas, as ordered by the Court). *Id.* Despite agreeing to provide this discovery, Defendants stated that they would not withdraw their Rule 72 Objections and Motion to Stay. *Id.*

## III.    LEGAL STANDARD

In the Fifth Circuit, "[i]n considering whether to stay a magistrate judge's order pending Rule 72 objections, courts typically apply the same four-factor test used for a stay pending appeal." *See Pablovich v. Rooms to Go La. Corp.*, No. 20-617, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021) (collecting cases). To resolve such motions, courts must consider: "(1) [w]hether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably inured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Portillo v. CAM XV Tr.*, 2021 WL 2772806, at *2 (W.D. Tex. May 7, 2021) (Ezra, J.) (quoting *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013)).

In the context of a requested stay pending resolution of Rule 72(a) objections, the movant "bears the burden of showing that the [final] three factors '*weigh[] heavily in the favor of granting the stay*.'" *NRT Tex.*, 2022 WL 18404987, at *1 (emphasis in original) (quoting *Int'l Fire & Safety, Inc. v. H.C. Serv. Inc.*, 2007 WL 3231654, at *1 (S.D. Miss. Oct. 30, 2007)). Given this high bar, "[a] stay of a magistrate judge's discovery order should be granted sparingly." *Granato v. City & Cnty. of Denver*, No. 11:cv-0-304-MSK-BNB, 2011 WL 1335854, at *2 (D. Colo. Apr. 7, 2011).

Defendants' reliance on the "good cause" standard—generally used for analyzing stay requests pending a motion to dismiss or other pending motion—is wrong. *See LEG Q LLC v. RSR Corp.*, No. 3:17-cv-1559-N-BN, 2017 WL 4222690, at *2 (N.D. Tex. Sept. 22, 2017) (expressly rejecting the "good cause" standard in favor of "the general, four-factor test for a stay pending

3

appeal" in resolving a stay request pending Rule 72(a) objections). For that reason alone, Defendants' two cited cases are inapposite to the current motion to stay pending objections to a Magistrate Judge's order. *See Best Glide Aviation Survival Equip., Inc. v. Tag-Z, LLC*, No. 1:23-cv-1080-DAE, 2025 WL 1011778, at *2 (W.D. Tex. Feb. 26, 2025) (Ezra, J.) (granting motion to stay pending motion to dismiss); *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016) (Ezra, J.) (same). Under either standard, however, the Motion should be denied.

## IV.    ARGUMENT

### A.    Defendants are Unlikely to Succeed on Their Rule 72(a) Objections

As detailed in SerpApi's concurrently filed response to Defendants' Rule 72(a) objections, Defendants' objections are unlikely to succeed. *See* Dkt. 45 at 3–10. To prevail, they must show that Judge Lane's order "is clearly erroneous or contrary to the law." *Lower48 IP LLC v. Shopify, Inc.*, No. 6:22-cv-00997, 2023 WL 11893431, at *2 (W.D. Tex. Nov. 2, 2023) (Ezra, J.) (quoting *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2016 WL 236266, at *2 (W.D. Tex. Jan. 20, 2016)). Because Judge Lane "properly applied the law to fact findings that are not clearly erroneous," his decision is "discretionary and the ruling may only be reversed for abuse of discretion." *Id.* Given this "steep" burden, motions to stay a magistrate judge's discovery order are rarely granted. *See NRT Tex.*, 2022 WL 18404987, at *1.

In its Complaint, SerpApi pled three distinct jurisdictional bases for SearchApi—SearchApi's own conduct directed at Texas, agency, and ratification. Dkt. 1 ¶ 20. Each basis was supported by well-pled factual allegations that Defendants attempted to contradict with disputes of fact raised in Mr. Kucinskas's declarations. *See* Dkt. 45 at 4–5 (highlighting specific contradictions between the Complaint and Defendants' filings related to jurisdictionally significant facts). Courts in this District routinely order jurisdictional or venue discovery where, as here, "a

4

plaintiff present[s] a non-frivolous basis for venue and the motion to dismiss raises issues of fact." *See Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024) (internal quotations and citation omitted); *Ginko LLC v. Apple, Inc.*, No. 24-cv-1279-DAE, Dkt. 51 at 3 (W.D. Tex. Aug. 21, 2025) (granting venue discovery to allow the plaintiff "to test the declarations or affidavits of the party challenging venue"). Properly applying that law, Judge Lane reasonably concluded that the factual disputes raised first in Defendants' declarations warranted the limited and targeted jurisdictional and venue discovery requested by SerpApi. *See* Dkt. 37 at 4.

Although Defendants disagree with Judge Lane's ruling, under the "highly deferential standard" governing review of Rule 72(a) objections, a mere difference of opinion alone "does not entitle the court to reverse or reconsider the order." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (Ezra, J.) (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)). As explained in SerpApi's response to Defendants' Rule 72(a) objections, there is no "close question of law involved" nor have Defendants shown that Judge Lane misapplied his "broad discretion in the resolution of pretrial disputes." *See Pablovich*, 2021 WL 928030, at *2. Accordingly, Defendants have failed to satisfy one of the two "most critical" factors in the stay analysis. *See id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

## B.    Defendants Will Not Suffer Irreparable Harm Absent a Stay

Defendants claim it would prejudice them to "comply with discovery before the Court decides whether Plaintiff is entitled to it." Dkt. 44 at 5; *see also id.* at 5–6 ("Defendants will be forced to comply with the same Order they are challenging."). Not so. Although Defendants failed to meet the June 9 jurisdictional discovery deadline set by Judge Lane, Defendants have now agreed to provide that ordered discovery in the coming days. Ex. 3 (2026-06-10 and 2026-06-11

5

Emails between L. Harris and J. Zimmerman).[2] Defendants' about-face and agreement to provide the requested jurisdictional discovery undermines any contention that they would be harmed or prejudiced by producing such discovery.

Nevertheless, Defendants' claims of supposed harm and prejudice fail on their own terms. Defendants mischaracterize SerpApi's requests as seeking "merits discovery" on "Defendants' customers, finances, source code, repositories, operations, and other sensitive business and technical information," and argue that it "would be unfair and inefficient" to produce the ordered discovery before personal jurisdiction is established. *See* Dkt. 44 at 4–5. But as Judge Lane already determined, SerpApi's "limited and targeted discovery" requests, which were submitted to the Court in connection with SerpApi's granted discovery motion, are specifically intended "for purposes of confirming personal jurisdiction and venue" in Texas. *See* Dkt. 37 at 3; Dkt. 32 at 5 (detailing the jurisdictional relevance of SerpApi's discovery requests).

Even if the Court were to adopt Defendants' characterization of certain discovery topics as overlapping with "merits issues," courts have recognized that "merits and jurisdiction will sometimes come intertwined." *Vertical Bridge Dev., LLC v. Town of Westlake, Tex.*, No. 4:24-CV-00804-SDJ-BD, 2025 WL 3562145, at *4 (E.D. Tex. Dec. 9, 2025). Where, as here, "the jurisdictional question intertwines with the merits of the case, some discovery on the merits may be necessary, and general discovery may be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th

---

[2]  While Defendants have agreed to provide the required <u>written</u> discovery, according to recent correspondence from Defendants' counsel, the absence of an agreed-upon protective order was the only remaining impediment to Defendants providing the ordered <u>documentary</u> discovery. To resolve any purported concern, SerpApi confirmed in writing that it would treat all produced material as "Highly Confidential – Outside Counsel's Eyes Only" while the parties completed their negotiations on the broader protective order. Ex. 3 (2026-06-10 and 2026-06-11 Emails between J. Zimmerman and L. Harris). Defendants agreed that such treatment "should resolve [their] protective order concerns." *Id.*

Cir. 1982). Defendants' concern with incidentally engaging in merits discovery is particularly misplaced where, as here, the fact discovery period has already begun and Defendants' general discovery responses and productions are due within the next four weeks. *See Ginko*, Dkt. 51 at 3 (granting venue discovery where defendant "would eventually have to respond to these requests regardless of whether this motion is granted").

Defendants' other complaint—that they "cannot recover the time, expense, and burden of responding to requests that may later be found improper"—does not amount to the irreparable harm that their motion suggests. Dkt. 44 at 6. Indeed, as confirmed by Defendants' agreement to provide the ordered jurisdictional discovery, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 375 (5th Cir. 2023) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)).

### C.      SerpApi Will be Prejudiced if a Stay is Granted

Contrary to Defendants' argument, SerpApi will be prejudiced if the Court stays jurisdictional and venue discovery. Dkt. 44 at 5. SerpApi is currently forced to compete against a company (SearchApi) who is using SerpApi's own trade secrets and copyrighted technology and information. Accordingly, SerpApi is highly "interested in a speedy resolution of [its] disputes," and Defendants' "[i]ll considered 'strategic' objections to a magistrate judge's orders threaten to undermine" the goals of "judicial efficiency and speedy resolution of pretrial disputes." *See Granato*, 2011 WL 1335854, at *2 (quotation omitted). Indeed, SerpApi filed this case nearly five months ago and has been forced to litigate Defendants' hollow objections to jurisdictional discovery for nearly the last two months: after refusing jurisdictional discovery, SerpApi was forced to move to compel, resulting in Judge Lane's order granting that discovery, which Defendants immediately objected to, forcing the present motion practice. Despite all that,

7

Defendants have now agreed to provide the requested discovery, confirming that they had no reasonable basis to refuse it in the first place. As Judge Lane observed at the hearing, if Defendants had agreed to the limited jurisdictional discovery "two or three months ago" and were "not worried about any of this," Defendants likely would have been able to adjudicate their motion to dismiss already. Ex. 4 (2026-05-26 Hr'g. Tr.) at 20:11–18. Instead, Defendants have taken every opportunity to delay and should not be permitted to further delay through a stay.

### D.      The Public Interest Weighs Against a Stay

Denying Defendants' request for a stay also serves the public interest, which "is better served by enforcing counsel's duty to comply with the Rules and participate in discovery in good faith." *See NRT Tex.*, 2022 WL 18404987, at \*3. As explained in SerpApi's Rule 72(a) response, Defendants' alleged basis for overturning Judge Lane's discovery order is underwhelming given "the discretionary nature of the decision and the clearly erroneous and contrary to law standard of review." *See Oracle USA, Inc. v. Rimini St., Inc.*, No, 2:10-cv—00106-LRH-PAL, 2012 WL 6100306, at \*13 (D. Nev. Dec. 7, 2012). Defendants' repackaged objections and cumulative motion practice is unnecessary and wasteful. *See* Ex. 4 (2026-05-26 Hr'g Tr.) at 4:2–12 (encouraging the parties to resolve their disputes without court intervention). Indulging Defendants' rehashing of the same arguments via their Rule 72(a) objections and stay request only encourages similar litigation conduct that needlessly forces the Court to intervene.

### E.    Defendants' Alternative Request Should Also Be Denied

Defendants' alternative request to "stay all merits discovery and allow only narrowly tailored written discovery" should similarly be denied. *See* Dkt. 44 at 6. As an initial matter, it is unclear whether, in the alternative, Defendants purport to stay fact discovery entirely or whether they instead purport to stay the portions of SerpApi's requested jurisdictional and venue discovery that, in Defendants' view, is "merits discovery." To the extent Defendants argue that all of fact discovery should be stayed, they fail to articulate any legitimate basis for such sweeping relief. *See Paez v. Wal-Mart Stores Tex., LLC*, No. EP-20-CV-00321-DCG, 2022 WL 3216343, at \*2 (W.D. Tex. Aug. 9, 2022) ("When a party submits arguments that are bereft of legal authority and citations to the record, it has failed to develop those arguments. It has failed to explain *why* a court should rule in its favor. A litigant must do more." (internal citation omitted) (emphasis in original)). To the extent Defendants seek to stay the portions of SerpApi's requested jurisdictional and venue discovery that Defendants unilaterally label "merits discovery," that request should likewise be rejected, particularly in view of Judge Lane's determination that all of SerpApi's discovery requests were narrowly tailored to issues relevant to venue and jurisdiction.   Dkt. 37 at 3. Moreover, the mere fact that certain jurisdiction and venue-related topics bear on the merits of SerpApi's claims does not immunize Defendants from discovery for purposes of refuting their jurisdictional arguments. *See Wyatt*, 686 F.2d at 283 (when "the jurisdictional question intertwines with the merits of the case, some discovery on the merits may be necessary, and general discovery may be permitted"). In any event, Defendants provide no clear boundaries as to what they unilaterally view as "relevant to personal jurisdiction or venue" (Ex. 1 at 2), but the burden is theirs to specify which requests are overly broad, unduly burdensome, or oppressive and explain why.

*See Poon v. Visa U.S.A. Inc.*, No. 21-CV-569 (RP), 2023 WL 5167013, at *1 (W.D. Tex. Jan. 17, 2023) (Lane, J.). They have failed to do so.

## V.    CONCLUSION

The Court should deny Defendants' Motion to Stay Discovery Pending Resolution of Their Rule 72(a) Objections (Dkt. 44).

Dated: June 11, 2026

Respectfully submitted,

*/s/ Kat Li*
Kat Li (SBN: 24070142)
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons (*pro hac vice*)
joshua.simmons@kirkland.com
Leslie M. Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**Attorneys for Plaintiff SerpApi, LLC**

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on June 11, 2026, with a copy of this document via the Court's CM/ECF system.

*/s/ Kat Li*
Kat Li

2