# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| SERPAPI, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:26-CV-00143 |
| | § | |
| ZILVINAS KUCINSKAS and | § | |
| SEARCHAPI LLC, | § | |
| *Defendants.* | § | |

**DEFENDANT SEARCHAPI LLC'S OBJECTIONS AND RESPONSES
TO PLAINTIFF SERPAPI, LLC'S INTERROGATORIES**

**GENERAL OBJECTIONS**

SearchApi incorporates the following General Objections into each answer below as if fully set forth therein.

1. SearchApi objects to each Interrogatory to the extent it seeks to impose any obligation or burden on SearchApi beyond that required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, the Court's orders, or applicable law. SearchApi will respond only to the extent required by those rules, orders, and applicable law.

2. SearchApi objects to Plaintiff's Definitions and Instructions to the extent they seek to impose any obligation or burden on SearchApi beyond that required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, the Court's orders, or applicable law.

3.  SearchApi objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, common-interest doctrine, joint-defense privilege, or any other applicable privilege, immunity, or protection.

4.  SearchApi objects to each Interrogatory to the extent it seeks information already in Plaintiff's possession, custody, or control, already filed on the docket, equally available to Plaintiff, or obtainable from public sources, Plaintiff's own records, or third parties at least as conveniently as from SearchApi.

5.  SearchApi objects to each Interrogatory to the extent it seeks information not within SearchApi's knowledge, possession, custody, or control, or information concerning Mr. Kucinskas personally rather than SearchApi.

6.  SearchApi objects to each Interrogatory to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the limited jurisdictional and venue discovery authorized by the Magistrate Judge's May 26, 2026 Order, or seeks merits, liability, damages, source-code, customer, financial, competitive, or business information not relevant to personal jurisdiction or venue.

7.  SearchApi objects to each Interrogatory to the extent it is duplicative, cumulative, oppressive, or would require SearchApi to incur unnecessary burden or expense.

8.  SearchApi objects to each Interrogatory to the extent it is vague, ambiguous, or uses undefined, overbroad, or imprecise terms, including but not limited to "Describe in detail," "Set Forth the Complete Basis," "all business," "directed toward," "targeting," "all activities," "any Person acting on its behalf," and "relating to."

9.  SearchApi objects to each Interrogatory to the extent it seeks confidential, proprietary, commercially sensitive, trade secret, customer, financial, technical, source-code, or business information without adequate protections limiting disclosure to outside counsel only.

10. SearchApi objects to each Interrogatory to the extent it is not limited to suit-related contacts with Texas or this District, or seeks information unrelated to whether SearchApi purposefully directed claim-related conduct at Texas or whether venue is proper in this District.

11. SearchApi objects to each Interrogatory to the extent it purports to require identification of "all" persons or "all" documents, because such requests are overbroad, unduly burdensome, disproportionate, and inconsistent with the limited scope of jurisdictional and venue discovery.

12. SearchApi objects to each Interrogatory to the extent it purports to require SearchApi to provide home addresses, personal identifying information, or private information concerning non-parties.

13. SearchApi objects to each Interrogatory to the extent it purports to require answers within fourteen days, because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 discovery Order and moved to stay discovery pending the District Judge's ruling on those objections. Subject to and without waiving those objections or the pending stay motion, SearchApi will not provide substantive interrogatory answers before the Court rules on the pending motion to stay, except as may be ordered by the Court.

14. By responding or objecting, SearchApi does not waive and expressly preserves all objections to personal jurisdiction, venue, the Magistrate Judge's May 26, 2026 Order, the scope of any jurisdictional or venue discovery, and Defendants' pending Rule 72(a) objections and motion to stay.

15. SearchApi's answers are made subject to and without waiving these General Objections, any specific objections below, and all rights, claims, defenses, and objections.

16. SearchApi reserves the right to amend or supplement these answers.

## ANSWERS

SearchApi answers Plaintiff's Interrogatories as follows:

**Interrogatory No. 1**

**Interrogatory:** For each of Defendants' past or current customers, identify the name of the customer, the date that customer relationship commenced and, if applicable, the date that customer relationship concluded, along with each of the states in which that customer resides, is incorporated, maintains substantial operations, or has its primary place of business, and the size of that customer, including the monetary value of the customer relationship, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

**Answer:** SearchApi incorporates its General Objections. SearchApi objects to this Interrogatory as overbroad, unduly burdensome, disproportionate, and outside the proper scope of jurisdictional and venue discovery. The Interrogatory is not limited to Texas, this District, suit-related contacts, or the claims in this case. It instead seeks SearchApi's complete customer and revenue information, including the monetary value of each customer relationship, which is merits and damages discovery, not jurisdictional or venue discovery. SearchApi further objects that the Interrogatory seeks confidential and commercially sensitive customer and financial information without adequate protections. SearchApi also objects to the extent the Interrogatory seeks information concerning "Defendants" collectively, including information concerning Mr. Kucinskas personally, through an interrogatory served only on SearchApi.

4

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer answering pending the Court's ruling on the motion to stay. If the Court denies the motion to stay and requires an answer, SearchApi will answer only as to customers whose relationship with SearchApi constitutes suit-related conduct directed to Texas, of which there are none.

**Interrogatory No. 2**

**Interrogatory:** Describe in detail the formation of SearchApi, including the date of formation, identities and roles of all founders, directors, officers, employees, and contractors from formation to present (including names, titles, home and work addresses, and a description of their role at SearchApi) from formation to present, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

**Answer:** SearchApi incorporates its General Objections. SearchApi objects to this Interrogatory as overbroad, unduly burdensome, disproportionate, and not limited to personal jurisdiction or venue. The Interrogatory seeks broad merits and business discovery concerning SearchApi's formation, personnel, contractors, and internal operations. SearchApi further objects to the request for home addresses and other personal information concerning non-parties. SearchApi also objects to the request to identify "all" persons and documents as overbroad, unduly burdensome, and disproportionate.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer answering pending the Court's ruling on the motion to stay. If the Court denies the motion to stay

and requires an answer, SearchApi will answer only to the extent the formation of SearchApi bears on suit-related contacts with Texas or venue in this District, of which there are none.

**Interrogatory No. 3**

**Interrogatory:** Describe in detail Mr. Kucinskas's ownership of and role, responsibilities, and authority at SearchApi, including when Mr. Kucinskas first conceived of SearchAPI, his title(s), his reporting relationships (if any), and the scope of his authority to act on SearchApi's behalf with respect to product development, business strategy, customer acquisition, and access to or use of any materials originating from SerpApi, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

**Answer:** SearchApi incorporates its General Objections. SearchApi objects to this Interrogatory as overbroad, unduly burdensome, disproportionate, and not limited to personal jurisdiction or venue. The Interrogatory seeks merits discovery regarding product development, business strategy, customer acquisition, and alleged access to or use of SerpApi materials. SearchApi further objects to the extent the Interrogatory seeks information concerning Mr. Kucinskas personally, rather than SearchApi, or information not within SearchApi's knowledge, possession, custody, or control. SearchApi also objects to the request to identify "all" persons and documents as overbroad, unduly burdensome, and disproportionate.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer answering pending the Court's ruling on the motion to stay. If the Court denies the motion to stay and requires an answer, SearchApi will answer only to the extent Mr. Kucinskas's role or authority

at SearchApi bears on suit-related contacts with Texas or venue in this District, of which there are none.

**Interrogatory No. 4**

**Interrogatory:** Describe all business SearchApi has conducted in or directed toward the State of Texas from the date of its formation to the present, including any marketing, advertising, solicitation, sales, licensing, partnerships, contracts, or other commercial activities targeting Texas-based individuals or entities, including any solicitation and offers of employment to individuals located in Texas, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

**Answer:** SearchApi incorporates its General Objections. SearchApi objects to this Interrogatory as overbroad, unduly burdensome, disproportionate, vague, and not limited to suit-related contacts with Texas or this District. SearchApi objects to the phrases "all business," "directed toward," "targeting Texas-based individuals or entities," and "other commercial activities" as vague, ambiguous, and overbroad. SearchApi further objects to the extent the Interrogatory seeks general business, marketing, sales, licensing, partnership, contract, employment, or recruiting information unrelated to Plaintiff's claims, personal jurisdiction, or venue. SearchApi also objects to the request to identify "all" persons and documents as overbroad, unduly burdensome, and disproportionate.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer answering pending the Court's ruling on the motion to stay. If the Court denies the motion to stay and requires an answer, SearchApi will answer only as to suit-related business that SearchApi

specifically directed to Texas and that is relevant to personal jurisdiction or venue, of which there is none.

**Interrogatory No. 5**

**Interrogatory:** Describe in detail all activities by SearchApi or any Person acting on its behalf that were directed at SerpApi in Texas from the date of SearchApi's formation to the present, including any efforts to recruit, solicit, or hire current or former employees or contractors of SerpApi; any efforts to solicit, contact, or acquire customers of SerpApi; and any Communications with third parties in Texas concerning SerpApi, including potential and actual vendors, service providers, suppliers, consultants, and investors, and Identify any Persons knowledgeable of, and Documents relating to, the foregoing.

**Answer:** SearchApi incorporates its General Objections. SearchApi objects to this Interrogatory as overbroad, unduly burdensome, disproportionate, vague, and not limited to suit-related contacts with Texas or this District. SearchApi objects to the phrases "all activities," "any Person acting on its behalf," "directed at SerpApi in Texas," and "third parties in Texas concerning SerpApi" as vague, ambiguous, and overbroad. SearchApi further objects to the extent the Interrogatory seeks merits discovery concerning recruiting, customers, vendors, service providers, suppliers, consultants, investors, or communications unrelated to personal jurisdiction or venue. SearchApi also objects to the extent the Interrogatory seeks information already within Plaintiff's possession, including information concerning Plaintiff's own employees, contractors, customers, vendors, suppliers, consultants, investors, or communications.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer

8

answering pending the Court's ruling on the motion to stay. If the Court denies the motion to stay and requires an answer, SearchApi will answer only as to suit-related activities specifically directed by SearchApi to Texas, of which there are none.

Dated: June 9, 2026.

**LUCOSKY BROOKMAN LLP**

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman (*pro hac vice*)
101 Wood Avenue South
Woodbridge, New Jersey 08830
Telephone: (908) 768-6408
jmzimmerman@lucbro.com

**-AND-**

*/s/ Mary-Ellen King*
Mary-Ellen King
State Bar No. 24067219
1250 S. Capital of Texas Highway
Bldg 3, Ste. 400
Austin, Texas 78746
Telephone: (512) 298-1182
meking@lucbro.com

**ATTORNEYS FOR DEFENDANTS
ZILVINAS KUCINSKAS AND
SEARCHAPI LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above foregoing document has been served via email on June 9, 2026, to the following counsel of record:

**KIRKLAND & ELLIS LLP**

Kat Li
State Bar No. 24070142
kat.li@kirkland.com
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons
joshua.simmons@kirkland.com
Leslie M. Schmidt
leslie.schmidt@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**ATTORNEYS FOR PLAINTIFF**
**SERPAPI, LLC**


*/s/ LeeAnn Parmenter*
LeeAnn Parmenter