# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| SERPAPI, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:26-CV-00143 |
| | § | |
| ZILVINAS KUCINSKAS and | § | |
| SEARCHAPI LLC, | § | |
| *Defendants.* | § | |

## DEFENDANT SEARCHAPI LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF SERPAPI, LLC'S REQUESTS FOR PRODUCTION

### GENERAL OBJECTIONS

SearchApi incorporates the following General Objections into each response below as if fully set forth therein.

1.    SearchApi objects to each Request to the extent it seeks to impose any obligation or burden on SearchApi beyond that required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, the Court's orders, or applicable law. SearchApi will respond only to the extent required by those rules, orders, and applicable law.

2.    SearchApi objects to Plaintiff's Definitions and Instructions to the extent they seek to impose any obligation or burden on SearchApi beyond that required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, the Court's orders, or applicable law.

3.    SearchApi objects to each Request to the extent it seeks documents, communications, information, or things protected from disclosure by the attorney-client privilege, the work-product

doctrine, common-interest doctrine, joint-defense privilege, or any other applicable privilege, immunity, or protection. Any inadvertent production of privileged or protected material shall not constitute a waiver.

4.    SearchApi objects to each Request to the extent it seeks documents or information already in Plaintiff's possession, custody, or control, already filed on the docket, equally available to Plaintiff, or obtainable from public sources, Plaintiff's own records, or third parties at least as conveniently as from SearchApi.

5.    SearchApi objects to each Request to the extent it seeks documents or information not within SearchApi's possession, custody, or control.

6.    SearchApi objects to each Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the limited jurisdictional and venue discovery authorized by the Magistrate Judge's May 26, 2026 Order, or seeks merits, liability, damages, source-code, customer, financial, competitive, or business information not relevant to personal jurisdiction or venue.

7.    SearchApi objects to each Request to the extent it is duplicative, cumulative, oppressive, or would require SearchApi to incur unnecessary burden or expense.

8.    SearchApi objects to each Request to the extent it is vague, ambiguous, or uses undefined, overbroad, or imprecise terms, including but not limited to "relating to," "concerning," "any connection," "substantial operations," "SearchApi Products at Issue," "other third party," and "all documents and communications."

9.    SearchApi objects to each Request to the extent it seeks confidential, proprietary, commercially sensitive, trade secret, customer, financial, technical, source-code, or business information without adequate protections limiting disclosure to outside counsel only.

10.  SearchApi objects to each Request to the extent it is not limited to suit-related contacts with Texas or this District, or seeks information unrelated to whether SearchApi purposefully directed claim-related conduct at Texas or whether venue is proper in this District.

11.  SearchApi objects to each Request to the extent it seeks discovery regarding Mr. Kucinskas personally, or seeks documents in Mr. Kucinskas's personal possession, custody, or control, through a request served only on SearchApi.

12.  SearchApi objects to each Request to the extent it seeks documents from "predecessors," "affiliates," "agents," "representatives," "consultants," or other persons or entities not within SearchApi's possession, custody, or control.

13.  SearchApi objects to each Request to the extent it purports to require production within fourteen days, because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 discovery Order and moved to stay discovery pending the District Judge's ruling on those objections. Subject to and without waiving those objections or the pending stay motion, SearchApi will not produce documents before the Court rules on the pending motion to stay, except as may be ordered by the Court.

14.  By responding or objecting, SearchApi does not waive and expressly preserves all objections to personal jurisdiction, venue, the Magistrate Judge's May 26, 2026 Order, the scope of any jurisdictional or venue discovery, and Defendants' pending Rule 72(a) objections and motion to stay.

15.  SearchApi's responses are made subject to and without waiving these General Objections, any specific objections below, and all rights, claims, defenses, and objections.

16.  SearchApi reserves the right to amend or supplement these responses.

## **RESPONSES**

SearchApi responds to Plaintiff's Requests as follows:

## **Request for Production No. 1**

**Request:** All documents and communications reflecting, relating to, or concerning Defendants' business relationships with any customer, client, vendor, or other third party located in or maintaining substantial operations in the State of Texas, including contracts, invoices, purchase orders, statements of work, correspondence, and account records.

**Response:** SearchApi incorporates its General Objections. SearchApi further objects to this Request as overbroad, unduly burdensome, disproportionate, vague, and not limited to suit-related contacts with Texas or this District. SearchApi objects to the phrases "business relationships," "other third party," "substantial operations," and "relating to or concerning" as vague, ambiguous, and overbroad. SearchApi also objects to this Request to the extent it seeks merits, damages, customer, vendor, revenue, financial, or confidential commercial information unrelated to personal jurisdiction or venue. SearchApi further objects to the extent the Request seeks documents concerning "Defendants" collectively, including documents in the possession, custody, or control of Mr. Kucinskas personally, through a request served only on SearchApi.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer production pending the Court's ruling on the motion to stay. If the Court denies the motion to stay and requires a response, SearchApi will search for and produce non-privileged documents regarding suit-related conduct by SearchApi directed to Texas, of which there is none, subject to an appropriate protective order.

4

**Request for Production No. 2**

**Request:** All documents and communications reflecting, relating to, or concerning any marketing, advertising, solicitation, or outreach by Defendants directed at prospective or existing customers in the State of Texas, including email campaigns, digital advertisements, social media communications, and records of attendance at trade shows, conferences, or business events held in Texas.

**Response:** SearchApi incorporates its General Objections. SearchApi objects to this Request as overbroad, unduly burdensome, disproportionate, vague, and not limited to suit-related contacts with Texas or this District. SearchApi objects to the phrases "marketing, advertising, solicitation, or outreach," "directed at," "prospective or existing customers in the State of Texas," and "relating to or concerning" as vague, ambiguous, and overbroad. SearchApi further objects to the extent the Request seeks general marketing or business-development documents unrelated to Plaintiff's claims, personal jurisdiction, or venue.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer production pending the Court's ruling on the motion to stay. If the Court denies the motion to stay and requires a response, SearchApi will search for and produce non-privileged documents regarding suit-related marketing, advertising, solicitation, or outreach specifically directed to Texas, of which there is none, subject to an appropriate protective order.

**Request for Production No. 3**

**Request:** All documents and communications reflecting, relating to, or concerning all current and former employees, contractors, and/or collaborators who currently or previously have

worked for SearchApi or on SearchApi's products or source code, even if such work was done prior to formal registration of SearchApi as a company, their state and end dates with SearchApi, their address(es) throughout the duration of their employment or contractual relationship with Defendants, and their role at SearchApi.

**Response:** SearchApi incorporates its General Objections. SearchApi objects to this Request as overbroad, unduly burdensome, disproportionate, and not limited to jurisdictional or venue issues. SearchApi objects that the Request improperly seeks broad merits discovery concerning SearchApi's employees, contractors, collaborators, products, and source code. SearchApi also objects to the extent the Request seeks personal identifying information, home addresses, employment information, confidential business information, source-code-related information, or information concerning non-party employees, contractors, or collaborators without adequate need or protection. SearchApi further objects that the Request is not limited to persons located in Texas, work performed in Texas, or suit-related contacts with Texas or this District.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer production pending the Court's ruling on the motion to stay. If the Court denies the motion to stay and requires a response, SearchApi will search for and produce non-privileged documents regarding current or former SearchApi employees or contractors located in Texas, or who performed suit-related work directed to Texas, of which there are none, subject to an appropriate protective order.

**Request for Production No. 4**

**Request:** All documents and communications reflecting, relating to, or concerning when Mr. Kucinskas first conceived of SearchApi, who he communicated with to form SearchApi, and any other plans or discussions regarding the decision to form SearchApi, the manner in which SearchApi was formed, and the identities of any individuals or entities involved.

**Response:** SearchApi incorporates its General Objections. SearchApi objects to this Request as overbroad, unduly burdensome, disproportionate, and not limited to personal jurisdiction or venue. SearchApi objects that the Request seeks merits discovery regarding SearchApi's formation, business planning, internal communications, and business strategy, none of which is relevant to whether SearchApi purposefully directed suit-related conduct at Texas or whether venue is proper in this District. SearchApi further objects to the extent the Request seeks documents concerning Mr. Kucinskas personally or documents not within SearchApi's possession, custody, or control.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer production pending the Court's ruling on the motion to stay. If the Court denies the motion to stay and requires a response, SearchApi will search for and produce non-privileged documents regarding SearchApi's formation, but only to the extent such documents bear on suit-related contacts with Texas or venue in this District, of which there are none.

**Request for Production No. 5**

*Note: Plaintiff's RFPs contain two requests labeled "Request for Production No. 1." SearchApi refers to the second such request as Request for Production No. 5 for clarity.*

**Request:** All documents and communications reflecting, relating to, or concerning any connection between Defendants and Texas, including all activities relating to recruiting, soliciting, or hiring current or former employees or contractors of SerpApi; to soliciting, contacting, or acquiring customers of SerpApi; and to communicating with third parties in Texas concerning SerpApi, including potential and actual vendors, service providers, suppliers, consultants, and investors.

**Response:** SearchApi incorporates its General Objections. SearchApi objects to this Request as overbroad, unduly burdensome, disproportionate, vague, and not limited to suit-related contacts with Texas or this District. SearchApi objects to the phrase "any connection between Defendants and Texas" as vague, ambiguous, facially overbroad, and not tied to the claims or defenses. SearchApi further objects to the extent the Request seeks merits discovery regarding recruiting, customers, vendors, service providers, suppliers, consultants, investors, and third-party communications unrelated to personal jurisdiction or venue. SearchApi also objects to the extent the Request seeks information already within Plaintiff's possession, including information concerning Plaintiff's own employees, contractors, customers, vendors, service providers, suppliers, consultants, and investors.

SearchApi further objects because Defendants filed Rule 72(a) objections to the Magistrate Judge's May 26, 2026 Order and moved to stay discovery pending the District Judge's ruling. Subject to and without waiving those objections or the pending stay motion, SearchApi will defer production pending the Court's ruling on the motion to stay. If the Court denies the motion to stay

8

and requires a response, SearchApi will search for and produce non-privileged documents regarding suit-related contacts directed by SearchApi to Texas, of which there are none, subject to an appropriate protective order.

Dated: June 9, 2026.

**LUCOKSY BROOKMAN LLP**

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman (*pro hac vice*)
101 Wood Avenue South
Woodbridge, New Jersey 08830
Telephone: (908) 768-6408
jmzimmerman@lucbro.com

**-AND-**

*/s/ Mary-Ellen King*
Mary-Ellen King
State Bar No. 24067219
1250 S. Capital of Texas Highway
Bldg 3, Ste. 400
Austin, Texas 78746
Telephone: (512) 298-1182
meking@lucbro.com

**ATTORNEYS FOR DEFENDANTS
ZILVINAS KUCINSKAS AND
SEARCHAPI LLC**

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing document has been served via email on June 9, 2026, to the following counsel of record:

**KIRKLAND & ELLIS LLP**

Kat Li
State Bar No. 24070142
kat.li@kirkland.com
401 W. 4th St.
Austin, TX 78701
Telephone: (512) 678-9100

Akshay S. Deoras
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Joshua L. Simmons
joshua.simmons@kirkland.com
Leslie M. Schmidt
leslie.schmidt@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

**ATTORNEYS FOR PLAINTIFF**
**SERPAPI, LLC**


*/s/ LeeAnn Parmenter*
LeeAnn Parmenter