**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| SERPAPI, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>ZILVINAS KUCINSKAS and<br>SEARCHAPI LLC,<br><br><br>       Defendants. | CASE NO. 1:26-cv-00143-DAE<br><br>**JURY TRIAL DEMANDED** |

## PROTECTIVE ORDER

WHEREAS, Plaintiff SerpApi, LLC ("SerpApi") and Defendants SearchApi LLC ("SearchApi") and Zilvinas Kucinskas (collectively, "Defendants") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information; and

WHEREAS, the Parties in the above-referenced action (the "Action") seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

## I.   DESIGNATION AND MAINTENANCE OF INFORMATION

### A.   Designated Material

1.   Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action

1

("Non-Party") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material, or the disclosure of which may cause harm to a Party or Non-Party, including without limitation information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows:

(a) "CONFIDENTIAL" means Protected Material that qualifies for protection under Federal Rule of Civil Procedure 26(c);

(b) "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" means highly sensitive Protected Material, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" shall apply without limitation to at least financial information, customer information, trade secrets, or other competitively sensitive information about business, product, or strategic plans. Material so designated is referred to in this Order as "Outside Litigation Counsel Only Material."

(c) "HIGHLY CONFIDENTIAL – SOURCE CODE" means highly sensitive Protected Material representing source code, object code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, interpreter, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, revision histories, formulas, engineering

specifications, schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, annotations, and other comments of any type related thereto and accompanying the code. For the avoidance of doubt, this includes without limitation source files, make files, immediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files. All such materials shall be referred to as "Source Code."

2.      The word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition, hearing transcripts, and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Deposition transcripts may be designated under this Order by a statement on the record that the testimony constitutes Protected Material.  Counsel for a Party or a Non-Party witness shall have the right to exclude from a deposition any person who is not authorized to receive Protected Material pursuant to this Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Material is being used or discussed. For natively produced Protected

Material, the word "CONFIDENTIAL" for information designated as "CONFIDENTIAL," "HC-OLCO" for information designated as "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HC-SOURCE CODE" for information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed in the filename of each such natively produced document and shall be included on any slip-sheets when produced.

3.  Notwithstanding the foregoing, all produced code that has not been made public by the Producing Party[1] shall be presumed to be designated "HIGHLY CONFIDENTIAL – SOURCE CODE." Further, any Party when printing such natively produced Protected Material must affix the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page of any printed copy thereof.

4.  Any document produced before issuance of this Order with the designation "CONFIDENTIAL" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

5.  With respect to documents, information, or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (individually and/or collectively,

---

[1]  "Producing Party" means a Party, Non-Party, or Third Party that produces any items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this action.

"DESIGNATED MATERIAL"), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pre-trial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) discovery responses, disclosures, pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits or declarations; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

6.      Protected Material shall not include information that either: (i) is in the public domain at the time of disclosure, as evidenced by a written document; (ii) becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; (iii) the Receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure; or (iv) lawfully comes into the Receiving Party's possession subsequent to the time of disclosure from another source without restriction of disclosure, provided that such third party has the right to make the disclosure.  This paragraph shall not be used to avoid the restrictions on challenging a Party's designation of Protected Material in Paragraph 8.

7.      A  Party  shall  designate  documents,  information,  or  material  as "CONFIDENTIAL,"  "HIGHLY  CONFIDENTIAL – OUTSIDE  LITIGATION  COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only on a good faith belief that the documents, information, or material satisfy the criteria for the applicable designation as set forth above in paragraph 1.

### B.      Modifications of Designation

8.       A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to

re-designation within ten (10) days of receipt of the written request, the requesting Party may move the Court for relief. On any such motion to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such motion, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the motion, the designation of the designating Party shall be maintained.

### C.    Inadvertent Failure to Designate

9.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

10.    In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall promptly give written notice of such inadvertent production after discovering it (the "Inadvertent Production Notice") and shall promptly reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. On receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party[2] shall promptly destroy or return the inadvertently produced Protected Material (and all copies thereof) to counsel for the Producing Party. Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in

---

[2]    "Receiving Party" means a Party that receives from a Producing Party any item or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this action.

writing of such destruction within seven (7) business days of receipt of written notice of the Inadvertent Production Notice and properly labeled Protected Material. The Receiving Party shall notify the Producing Party of any persons that received the Protected Material that should not have had access to the Protected Material. This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges—which is addressed in Section III, below.

## II.  ACCESS TO AND USE OF PROTECTED MATERIAL

### A.  Limitations to Protected Material

11.    Documents, information, or material produced or disclosed pursuant to any discovery request or requirement in this Action, including, but not limited to, Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material (i) shall be used by the Parties only in the litigation of this Action for prosecuting, defending, attempting to settle, or appealing this Action, (ii) shall not be used for any other purpose whatsoever, including in connection with any other legal or administrative proceeding, or directly or indirectly for any other purpose whatsoever, and (iii) shall not be disclosed to any person who is not entitled to receive such DESIGNATED MATERIAL as herein provided. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified with the same designation as the DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order. The DESIGNATED MATERIAL must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For the avoidance of doubt, the restrictions in

this paragraph prohibit using any Protected Material, or any information derived from it, to solicit, divert, or interfere with any customer or business relationship of the Producing Party. Nothing in this paragraph shall limit, restrict, or prohibit a Party's continued or future dealings with its own existing customers, or its use of customer, financial, or other information that it genuinely independently possesses or lawfully obtains from a source other than discovery in this Action, provided that any such dealing or use neither uses, is derived from, nor was identified through the Producing Party's Outside Litigation Counsel Only Material or any other customer or financial information produced in this Action. Access to such material under this Order does not grant, and shall not be construed to grant, any license or other right in the underlying material. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section VI, below.

12.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except on receipt of the prior written consent of the designating Party, on order of the Court, or as set forth in paragraph 17 herein:

(a)    Outside counsel of record for the Parties in this Action.

(b)    Employees and staff of outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)    In-house counsel of the Receiving Party for whom their officer(s), director(s), or employee(s) was permitted disclosure of "CONFIDENTIAL" information; and (1) who have no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A), and (4) who have been disclosed under the procedures of paragraph 15.

(d)    Outside Consultants or Experts (as defined in paragraph 15(a), below) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A), and who have been disclosed under the procedures of paragraph 15.

(e)    Independent litigation support services, including persons working for or as court reporters and videographers, graphics or design services, jury or trial consulting services, including mock jurors who have signed a confidentiality agreement and the "Acknowledgement and Agreement to be Bound" (Appendix A), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(f)    The Court and its personnel, including any special master or technical advisor appointed by the Court, and any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties or appointed by the Court and who have signed the "Acknowledgement and Agreement to be Bound" (Appendix A).

(g)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Appendix A, unless otherwise agreed by the designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order.

13.    For Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," access to, and disclosure of, such Protected Material shall be

limited to individuals listed in paragraphs 12(a)–12(b) and 12(d)–12(g) provided that such individuals are informed of the terms of this Order, except that Experts and Outside Consultants under 12(d) must be designated by the procedures set forth in paragraph 15 below. For the avoidance of doubt, Outside Litigation Counsel Only Material shall not be disclosed, summarized, described, quoted, paraphrased, excerpted, characterized, analyzed, or otherwise communicated in whole or in part to any Party, Party representative, officer, director, employee, owner, member, manager, founder, agent, investor, board member, consultant, expert, in-house counsel, general counsel, CEO, or any other person associated with the Receiving Party, except to an Outside Consultant or Expert designated and approved under paragraph 15. As used in this Order, a "person associated with" a Party or a Receiving Party means that Party or Receiving Party and any of its present or former officers, directors, members, managers, partners, owners, founders, principals, employees, in-house counsel, general counsel, agents, consultants, contractors, advisors, investors, or board members; any parent, subsidiary, or affiliate; and any person acting on its behalf or at its direction. The term does not include outside litigation counsel of record in this Action or the employees and staff of such counsel.

14.    For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE ("Source Code Material"), the following additional restrictions apply:

(a)    Any Source Code produced in discovery shall be produced and be made available for inspection, as set forth below, on at least three (3) business days' notice by the Receiving Party, in a format allowing it to be reasonably reviewed and searched, during normal business hours, or at other mutually agreeable times, at a mutually agreed on location. Each Party shall make one (1) stand-alone secured computer containing their respective Source Code available at their respective litigation

counsel's office. In addition, two (2) stand-alone secured computers containing the Source Code of both parties ("Joint Code Computers") shall be located at a neutral, Non-Party location hosted by a neutral Non-Party ("Custodian") mutually agreed on by the parties, wherein each Party will have access to one (1) of the Joint Code Computers dedicated for that Party's use. The Parties are to cooperate in good faith such that maintaining the Source Code at the offices of the Producing Party's outside litigation counsel and a neutral, Non-Party site shall not unreasonably hinder the Receiving Party's ability to efficiently conduct the prosecution or defense in this investigation. The stand-alone secured computers shall have screens of 17 inches or more. The Custodian shall implement reasonable security measures to protect the stand-alone secured computers and Source Code Material and shall comply with all applicable provisions of this Order as if it were a Party. The Parties shall equally share any costs associated with acquiring, setting up, and maintaining the stand-alone secured computers, and the Custodian.

(b) Access to a Party's Source Code Material shall be provided on the stand-alone secured computer(s) included within a secure room (that is, the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet).

(c) Authorized Source Code Material reviewers are prohibited from bringing outside electronic devices, including but not limited to laptops, tablets, CD, floppy drives, zip drives, USB memory stick, portable hard drive, other hardware, cell phones, personal digital assistants, smart phones, cameras or any camera-enabled device, voice recorders, dictaphones, external or portable telephone jacks or other

electronic devices (except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason) inside the secure room. The Receiving Party may not create electronic copies, electronic images, or any other images, of the Source Code Material from any paper printout for use on a computer (*e.g.*, may not scan the Source Code Material to a PDF, or photograph the code), except as provided in paragraph 14(h)–(i).

(d)     If any authorized reviewer reviewing Source Code Material seeks to take notes, all such notes will be handwritten or taken on a separate standalone laptop (hereafter, "Note Taking Laptop") provided in the review room. The Note Taking Laptop will be a standalone secure laptop connected only to a printer provided alongside the source code review computer in the review room.[3] The Receiving Party's outside counsel and/or Experts may not copy the Source Code Material into the notes. Notes may include filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, procedure names, portions of comments, and/or other similar identifiers or values, so long as they do not reproduce any line of Source Code Material. Any such notes must be marked on each page with HIGHLY CONFIDENTIAL – SOURCE CODE for which access to, and disclosure of shall be restricted to those members of the Receiving Party who are entitled to have access to Source Code Material as specified in paragraph 14(s) below.[4]

---

[3]    For the two review computers at the neutral Third-Party site containing Source Code Material of all parties, each side will have their own respective Note Taking Laptop that the other side cannot access.

[4]    For the avoidance of doubt, members of either Defendant may not review notes taken by members of Plaintiff and members of Plaintiff may not review notes taken by members of Defendants.

(e)   The Receiving Party shall restrict its requests for such access to the stand-alone secured computer(s) to normal business hours, which for purposes of this paragraph shall be based on the normal operating hours of the location where the Source Code is produced. The Parties agree to cooperate in good faith such that the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action shall not be unreasonably hindered by any unreasonable restriction or limitations to accessing the Source Code Material.

(f)   The Producing Party or Custodian shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone secured computer(s) to access the produced Source Code Material on the stand-alone secured computer(s). The Producing Party or Custodian shall also ensure that the following programs are installed onto the stand-alone secured computer(s) containing Source Code Material: Git, Notepad++, PowerGREP, BareGREP, KDiff3, WinDirStat, 7-Zip, Adobe Reader, and LibreOffice. The Receiving Party may request that additional software tools for viewing and searching the Source Code Material be installed on the stand-alone secured computer(s). Should any such tools be requested and installed on the stand-alone secured computer(s), the Receiving Party must provide licensed copies of such tools to the Producing Party or Custodian, and the Producing Party or Custodian must attempt to install those licensed copies of mutually agreed on tools on the stand-alone secured computer(s). The Receiving Party must provide the Producing Party or Custodian with such licensed software tools at least ten (10) business days before the date on which the Receiving Party wishes to have the additional software tools available for use on

the stand-alone secured computer(s). If a mutually agreed on software tool is available at no cost from an easily accessible and publicly available source, the Receiving Party must identify where the Producing Party or Custodian may obtain the tool at least ten (10) business days before the date on which it wishes to have the software tools installed on the stand-alone secured computer(s) by the Producing Party or Custodian.

(g)     Only printed copies of the Source Code Material will be provided by the Producing Party to testifying witnesses during their testimony with three (3) business days' notice from the Receiving Party. The Producing Party will also make printed copies of the Source Code Material available for use with witnesses during trial. A Receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, discovery response, expert report, deposition transcript, or any document that must be filed or served electronically (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are limited to such Source Code Material as is reasonably necessary to facilitate the Receiving Party's preparation of court filings, pleadings, expert reports, or other papers, for deposition, or trial, appropriately marked under this Order,[5] restricted to those who are entitled to have access to Source Code Material as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. The Source Code Exhibit mechanism shall not be used to circumvent the prohibition on creating electronic copies of Source Code Material set forth in this Order.

---

[5]     The entire Source Code Exhibit will be stamped as containing HIGHLY CONFIDENTIAL – SOURCE CODE and stamped as HIGHLY CONFIDENTIAL - OUTSIDE LITIGATION COUNSEL ONLY, and those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

(h)     No electronic copies of Source Code Material shall be made by the Receiving Party. The Receiving Party may request written consent from the Producing Party to create documents containing the Source Code Material that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically, if necessary.

(i)     The Receiving Party shall be permitted to request that the Producing Party make a reasonable number of printouts of Source Code Material (limited to portions reasonably necessary to facilitate the Receiving Party's preparation of court filings, pleadings, expert reports, or other papers, for deposition, or trial, and not to exceed 100 pages in the aggregate or fifteen (15) consecutive pages, with any greater volume presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy), all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Except as provided herein, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper printout of the Source Code Material for use in any manner (including, by way of example only, the Receiving Party may not scan Source Code Material to a PDF, or photograph code). The Producing Party shall provide the requested printouts to the Receiving Party within three (3) business days of the Receiving Party's written request. The Producing Party will provide the requested printouts on watermarked or colored paper bearing Bates numbers and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." At the Receiving Party's request, up to three additional sets (or subsets) of printed Source Code Material may be requested and provided by the

Producing Party in a timely fashion.

(j)      If the Receiving Party's outside counsel, Outside Consultants, or Experts obtain printouts of Source Code Material, the Receiving Party shall ensure that such outside counsel, Outside Consultants, or Experts keep the printouts in a secured locked area in the offices of such outside counsel, Outside Consultants, or Expert. The Receiving Party may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition); and (iv) the sites where Receiving Party's outside counsel, Outside Consultants, or Experts meet and/or review the Source Code Material. However, all HIGHLY CONFIDENTIAL – SOURCE CODE materials used during a deposition or marked as an exhibit at a deposition will be retrieved by the Party conducting the deposition at the end of each day. At no time will any HIGHLY CONFIDENTIAL – SOURCE CODE material be given to or left with the court reporter or any other individual. Further, the Source Code Material will be kept in a safe while in an intermediate location. The Receiving Party shall not keep printouts of Source Code Material in an unattended vehicle, even if the vehicle is locked.

(k)      A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 14(s) below to another person authorized under paragraph 14(s) below, on paper via hand carry,

or other similarly reliable hand courier. When traveling, Source Code Material may only be transported by hand carry and shall not be placed in checked baggage. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Notwithstanding the above provisions of 14(g), if a deposition by video conference is necessary, and Source Code Material is to be used during such a deposition, the Parties agree to cooperate to develop reasonable procedures for the use of such Source Code Materials during the deposition.

(l)   A Producing Party's Source Code Material may not be transmitted or sent to any person, location or vendor outside of the United States. A Producing Party's Source Code Material may not be disclosed to any person who is not a United States national or green card holder, unless prior written consent is provided by the Producing Party.

(m)   A list of names of persons who will review Source Code Material on the stand-alone secured computer(s) will be provided to the Producing Party and Custodian in conjunction with any written (including email) notice requesting inspection. The Party requesting to inspect Source Code Material shall provide notice to the Producing Party and Custodian of its request at least ten (10) business days in advance of the first requested inspection and three (3) business days in advance of each subsequent requested inspection, and identify the individual(s) who will be reviewing the Source Code Material, as well as the anticipated hours of the review. The Custodian will make the Source Code Material of both Parties available for inspection through trial.

17

(n)  The Producing Party and Custodian will maintain a daily log of the names of persons who enter the secure room to view the materials and when they enter and depart.

(o)  The Producing Party shall be entitled to have a person or video camera observe all entrances and exits from the secure room.

(p)  The Producing Party may visually monitor the activities of the Receiving Party's representative during any review to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material or any other violation of this Order. The Producing Party may not monitor the activities in any way that permits the Producing Party to view what is being specifically reviewed on the stand-alone secured computer's screen or taken down in notes by the Receiving Party nor in any way that permits the Producing Party to record or hear any conversations within the room in which the Source Code Material is reviewed. The Custodian will provide the Receiving Party with an unmonitored breakout room. The Receiving Party shall not be permitted to bring any materials from the review room into the breakout room except for handwritten or printed notes as stated in 14(d) but can use electronic devices not permitted in the review room (*e.g.*, cell phones) in the breakout room.

(q)  The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code Material printouts that are delivered by the Receiving Party to any person. The log shall include the names of the recipients and reviewers of copies, excluding the Receiving Party's outside counsel, and locations where the copies are stored. On three (3) business days advance written notice to the Receiving Party by

18

the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. On request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or persons that receive a copy of any portion of the Source Code Material.

(r)    All copies of any portion of the Source Code Material printouts in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Material printouts that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(s)    For Source Code Material, access to, and disclosure of, such DESIGNATED MATERIAL shall be limited to individuals listed in paragraphs 12(a)–12(b) and 12(d)–12(f), with the following additions and exceptions:

   i.    Outside Consultants or Experts[6] shall be limited to up to four (4) per Party[7] and must be designated and approved to access  Source Code Material by the procedures set forth in paragraph 15 below, unless good cause is shown or agreement by the Parties to increase the number of Outside Consultants or Experts to more than four (4);

   ii.    the mutually agreed on neutral Custodian for the Source Code Material;

---

[6]  For the purposes of this paragraph, an Outside Consultant or Expert is defined to include the Outside Consultant's or Expert's direct reports and other support personnel, such that the disclosure to an Outside Consultant or Expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single Outside Consultant or Expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to paragraph 15.

[7]  For the purposes of retaining Outside Consultants or Experts, SerpApi is one Party, and defendants SearchApi and Mr. Kucinskas, collectively are one Party.

   iii.  to the extent a Party intends to discuss or rely on Source Code Material during a deposition (as discussed in paragraph 12(g)), the deposing Party shall provide the defending Party with two (2) days' notice and shall be responsible for ensuring the transcript and deposition are sealed and marked HIGHLY CONFIDENTIAL – SOURCE CODE; and

   iv.  document reviewers in paragraph 12(e) shall not have access to Source Code Material.

15. The following procedures will be followed for approving or objecting to the disclosure of designated Outside Consultants, Experts, and in-house counsel:

 (a) "Outside Consultant" or "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation (as well as their support staff) who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. For the avoidance of doubt, any Outside Consultant and Expert support staff is bound to the same obligations and permissions extended to the Expert under this Order (including signing the "Acknowledgement and Agreement to Be Bound" (Appendix A)), except that such support staff need not be individually identified according to the procedures in paragraph 15(b).

 (b) Unless otherwise ordered by the Court or agreed to in writing by the designating Party, a Party that seeks to disclose to an Outside Consultant or Expert (as defined in this Order) any information or item that has been designated "HIGHLY

CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 13 or 14(s)i **must first** make a written request to the designating Party that (1) identifies whether the Receiving Party seeks permission to disclose to the Outside Consultant or Expert "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information; (2) sets forth the full name of the Outside Consultant or Expert and the city and state of his or her primary residence, (3) attaches a copy of the Outside Consultant's or Expert's current resume, (4) attaches a list of other cases in which the individual has provided a report or testified (at trial or deposition), (5) attaches list of companies that the individual has been employed by or provided consulting services pertaining to the field of the subject matter of the products and services in this Litigation within the last five (5) years and a description of the subject matter of the consultancy or employment setting forth the specific technology at issue and the work the individual was specifically engaged in during that consultancy or employment, (6) identifies a list of any instances in which the Outside Consultant or Expert has ever been accused of violating a protective order in any legal matter, including, but not limited to, cases before U.S. federal or state courts with a description of the case Parties, tribunal, role in the case, outcome, and circumstances of the alleged violation, and (7) attaches a completed "Acknowledgement and Agreement to be Bound" attached as Appendix A.

(c)     Unless otherwise ordered by the Court or agreed to in writing by the designating Party, a Party that seeks to disclose to designated in-house counsel any information

or item that has been designated "CONFIDENTIAL" pursuant to paragraph 12(c) **<u>must first</u>** make a written request to the designating Party that (1) sets forth the full name of the designated in-house counsel and the city and state of his or her residence, and (2) describes the designated in-house counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the designated in-house counsel is involved, or may become involved, in any competitive decision-making. Should the designated in-house counsel's job duties and responsibilities change prior to final disposition of the Litigation, the Receiving Party must within 14 days disclose any relevant changes in sufficient detail to allow the Producing Party to evaluate any later arising competitive decision-making responsibilities. After sufficient disclosure of any relevant changes to the designated in-house counsel's job duties and responsibilities, the procedures and provisions of paragraphs 15(d) and (e) shall apply.

(d)    A Party that makes a request and provides the information specified in paragraphs 15(b) or 15(c) may disclose the subject DESIGNATED MATERIAL to the identified designated Outside Consultant, Expert, or in-house counsel unless, within ten (10) business days of delivering the request, the Party receives a written objection from the designating Party. Any such objection must set forth in detail the grounds on which it is based.

(e)    A Party that receives a timely written objection must meet and confer with the designating Party to try to resolve the matter by agreement within seven (7) days of the written objection. If the Parties are unable to resolve any objection, the Party

seeking to make the disclosure to the designated Outside Consultant, Expert, or in-house counsel may file a motion with the Court, seeking permission from the Court to do so. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

16.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities. Any Party that discloses or provides DESIGNATED MATERIAL to a person it has designated or permitted access under this Order shall have the duty to take reasonable steps to ensure that such person observes the terms of this Order and shall be responsible, upon breach of that duty, for any failure of such person to do so.

17.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has or likely would have, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director, or employee of a company affiliated with the Producing Party; (v) outside counsel for a Party; (vi) an independent contractor, Outside

Consultant, and/or Expert retained for the purpose of this Action; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court. The Receiving Party shall give the Producing Party and the Court notice, either before or during the hearing, in advance of disclosing or displaying Protected Material at an open hearing or other public proceeding such that the Producing Party has the ability to request the courtroom be sealed.

18.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the thirty (30)-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" unless otherwise agreed on by the Parties. Notwithstanding the foregoing interim default, any portion of a deposition or hearing transcript, and any testimony, that concerns Outside Litigation Counsel Only Material, or that otherwise concerns customer or non-public financial information of the type described in paragraph 1(b), shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" and shall be subject to the access restrictions of paragraph 13 during the thirty (30)-day period and unless and until re-designated by agreement of the Parties or order of the Court, regardless of whether that portion or testimony has yet received an express "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" designation; the persons restricted from access under paragraph 13 shall

remain so restricted as to such portion or testimony during the interim period and thereafter. To the extent possible, and on the designating Party's request, the court reporter shall segregate testimony designated under this Order into a separate transcript, with blank, consecutively numbered pages provided in a non-designated main transcript and corresponding page numbers in the separate transcript. Any segregated transcript containing Outside Litigation Counsel Only testimony or Source Code testimony shall be handled in accordance with paragraphs 13 and 14. To the extent a deponent gives testimony regarding Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition. Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial or trial Court proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to be Bound" (Appendix A) are present at those proceedings. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

19.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

### B.    Filing Designated Material Under Seal

20.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. A Party that seeks to file under seal any Protected Material must comply with Local Rule CV-5.2. Protected Material may only be

filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule CV-5.2, a sealing order will issue only on a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL" above or near the case caption. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule CV-5.2 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule CV-5.2 unless otherwise instructed by the Court. If the Court denies a request to file Protected Material under seal, the filing Party shall give the Producing Party three (3) days' written notice before filing that material in the public record, and, if the Producing Party moves for relief within that period, shall not file the material publicly while that motion is pending, unless the Court orders otherwise or has already ordered the material de-designated, or unless the rules require the material to be filed earlier.

### C.    Inadvertent Disclosure or Loss of Designated Material

21.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed DESIGNATED MATERIAL to any person or in any circumstance not authorized under this Order, including in connection with the use of an AI Tool per Section II.D, the Receiving Party must immediately (a) notify the Producing Party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve or obtain the destruction of all copies of the DESIGNATED MATERIAL, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request that such person(s) execute the attached "Acknowledgement and Agreement to be Bound" (Appendix A). Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Order.

22.    If a Receiving Party or person authorized to access DESIGNATED MATERIAL ("Authorized Recipient") discovers any loss of DESIGNATED MATERIAL or a breach of security, including any actual or suspected unauthorized access, relating to another Party's DESIGNATED MATERIAL, the Receiving Party or Authorized Recipient shall: (1) promptly stop and/or minimize the unauthorized breach; (2) promptly (within two hours) provide written notice to the designating Party of such breach, including all available information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. The Receiving Party agrees to cooperate and provide updates to the Producing Party. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

### D.    Use of Artificial Intelligence

23.    "Artificial Intelligence Tools" or "AI Tools" includes any machine learning, large language model ("LLM"), artificial intelligence ("AI"), generative AI, or any other substantially similar system capable of generating, analyzing, summarizing, or processing information. "Open AI Tools" refers to any multi-tenant system or publicly available AI platform where the Producing Party's Protected Material may be used to train models or otherwise made accessible to other users of the LLM or AI platform. "Closed AI Tools" refers to private, single-tenant systems or systems maintained behind a firewall.

24.    Prior to the use of any AI Tool by a Producing Party, the Producing Party must provide a written notice to the Receiving Party of the parameters of the proposed usage of AI Tools. The Producing Party may utilize industry standard AI tools, including tools like Relativity

aiR, to aid in the identification, prioritization, review, or categorization of documents based on responsiveness, issue or privilege tagging. The Producing Party shall remain wholly responsible for ensuring the accuracy, completeness, and compliance of its document production and is not absolved from its obligations under Federal Rule of Civil Procedure 26(b)(1) or any Order in effect in this Action. Unless otherwise agreed or ordered, the Producing Party shall not be compelled to disclose proprietary features, code, or internal workings of the AI tools employed. Nevertheless, the Producing Party shall on request of the Receiving Party, provide information regarding the review and validation methodology subject to any applicable confidentiality or privilege concerns. In the event of a dispute concerning the completeness or accuracy of any production, the Parties reserve the right to raise any issues related to the adequacy of their review and validation methodology with the Court.

25.    A Receiving Party may utilize Closed AI Tools only if, prior to its use, it ensures and confirms in writing to the Producing Party that:

(a)    the AI Tool is subject to industry-standard data security safeguards;

(b)    the DESIGNATED MATERIAL will not be used to train, adjust, or otherwise modify any AI model;

(c)    the AI Tool restricts access to DESIGNATED MATERIAL to authorized persons under this Order;

(d)    the AI Tool does not store, embed, tokenize, or otherwise retain DESIGNATED MATERIAL, or any information derived therefrom beyond the duration of this Action or that all such information shall be permanently deleted at the conclusion of this Action; and

(e)    the Receiving Party can certify deletion of all DESIGNATED MATERIAL, or any

28

information derived therefrom from the AI Tool at the conclusion of this Litigation.

26.    A Receiving Party intending to use AI Tools to review DESIGNATED MATERIAL shall, on request, confirm compliance with this Order and the safeguards described herein.

27.    A Receiving Party shall not upload, input, transmit, or otherwise disclose any Source Code Material, in whole or in part, including any excerpts, snippets, or portions thereof in any form or format to any AI Tool (regardless of whether that AI Tool is an Open AI Tool or Closed AI Tool) under any circumstance. Any such disclosure by the Receiving Party is considered an unauthorized disclosure and is strictly prohibited.  A Receiving Party shall not upload, input, transmit, or otherwise disclose any Outside Litigation Counsel Only Material, or any information derived therefrom, in whole or in part, to a Closed AI Tool unless the Closed AI Tool is only accessible to persons authorized to view Outside Litigation Counsel Only Material under this Order and the Receiving Party has complied with this Section II.D as to that Closed AI Tool.

28.    A Receiving Party shall not upload, input, transmit, or otherwise disclose any DESIGNATED MATERIAL to any Open AI Tool. Any such disclosure and any use of Open AI Tools by either Party that does not comply with the requirements of this Order is considered an unauthorized disclosure and is strictly prohibited.

29.    If a Party seeks to use AI tools in a manner not expressly permitted herein, the Parties agree to meet and confer. To the extent that the Parties disagree, but Receiving Party still wishes to use the AI Tool, the Parties shall submit the dispute to the Court for a resolution.

## III.    PROTECTED INFORMATION

### A.    Inadvertent Disclosure of Protected Information

30.    Nothing in this Order shall require production of documents, information, or other material, including accompanying metadata, that a Party contends is protected from disclosure by

29

the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. This Order is entered pursuant to Federal Rule of Evidence 502(d). The disclosure or production of any document, information, or other material protected by the attorney-client privilege, the work product doctrine, or any other privilege, doctrine, or immunity, whether inadvertent or otherwise, in connection with this Action shall not constitute or be deemed a waiver or forfeiture of any such privilege, doctrine, or immunity, in this Action or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and nothing herein limits a Party's right to conduct a review of documents, information, or material (including metadata) for relevance, responsiveness, or privilege before production.

> (a)    Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may request the return or destruction of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. If the Receiving Party does not challenge that assertion, the recipient(s) shall, at its option, delete, or gather and return all copies of such documents, information, or other material to the Producing Party, except for any pages

containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

(b)    If a Party asserts privilege over documents and the other Party challenges that assertion, the Receiving Party must return or destroy the challenged documents until the challenge has been resolved per the following. Any privilege challenge shall be written, shall be served on outside counsel for the opposing Party, shall particularly identify the documents or information that the challenging Party contends should not be privileged, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    i.    The challenging Party shall have the burden of conferring either in person, in writing, or by telephone with the opposing Party claiming privilege (as well as any other interested Party) in a good faith effort to resolve the dispute. The opposing Party shall have the burden of justifying the disputed designation;

    ii.    Failing agreement, the challenging Party may bring a motion to the Court for a ruling that the documents or information in question are not entitled to privilege, which motion must be filed within fourteen (14) days of the initial meet-and-confer described in 30(b)i;

    iii.    Notwithstanding any challenge to an assertion of privilege, the document(s) in question shall continue to be treated as privileged until one of the following occurs: (1) the Party who asserted privilege for the document(s) in question withdraws such designation in writing; or (2)

the Court rules that the document(s) in question is/are not entitled to privilege.

31.      Parties and testifying Experts shall not be subject to discovery of any draft of testifying expert reports in this Action, and such draft reports, notes, outlines, or any other writings leading up to an issued report in this Action are exempt from discovery. In addition, all communications between counsel for a Party, a Party's employees or representatives, and that Party's testifying Expert(s) related to this Action or the content of an expert report are exempt from discovery, except for communications providing information, facts, data, or assumptions relied on by the Expert that are not otherwise disclosed in the Expert's report or contained within materials identified within the Expert's report (*e.g.*, within a document listed in a section that identifies documents considered by the Expert in forming his or her opinion). All materials generated by a testifying Expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied on by the Expert in forming any opinions in this Action and such information is not already disclosed in the Expert's report. Notwithstanding the foregoing, details concerning an Expert's compensation arrangements and compensation remain discoverable. This provision is not intended to limit or replace any protections and/or requirements related to Expert discovery pursuant to the Federal Rules of Civil Procedure.

### B.      Logging Privileged Documents

32.      Consistent with the Federal Rules of Civil Procedure, a Party withholding or redacting any document on the grounds of privilege, immunity, or any similar claim shall provide to the Receiving Party a privilege or redaction log. The Parties shall provide a privilege or redaction log at a mutually agreeable time and have no obligation to identify on privilege or redaction logs any communications involving counsel dated after the date of the filing of the Complaint in this Action that has been withheld or redacted on the grounds of privilege, immunity

or any similar claim.

33.     The log shall contain the following information: (i) the date of the document; (ii) the identity of all persons who sent, authored, signed, or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copyees; (iv) a description of the contents of the document that, without revealing information that itself is privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (v) the type or nature of the privilege asserted (*e.g.*, attorney-client privilege, work product doctrine, etc.); and (vi) for redacted documents only, the Bates numbers corresponding to the first and last page of any document redacted. To the extent e-mail is included and described on the log, any e-mail chain (*i.e.*, a series of e-mails linked together by e-mail responses and/or forwarding) that is withheld or redacted on the grounds of privilege, immunity, or any similar claim may be logged as a single entry and identified by the most recent e-mail. The Parties shall not be required to break up an e-mail chain and log each individual e-mail separately. If, however, an e-mail contained within a given chain exists as a separate document, then the Parties shall log that material in accordance with this Section. Activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

## IV.    OTHER LITIGATION(S)

34.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)     promptly notify the designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify the Party in writing who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.

35.     If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## V.     DESIGNATION OF INFORMATION OF THIRD PARTIES

36.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

37.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation

34

has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY" in accordance with this Order. A Party may also designate, by written notice to the Parties and the Third Party, material produced by a Third Party that contains that Party's own confidential information.

38.     In the event that a Party is required, by a valid discovery request, to produce a Third Party's confidential information in its possession, and the Party is subject to an agreement with the Third Party not to produce the Third Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party;

(b)     promptly provide the Third Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Third Party.

39.     If the Third Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Third Party's confidential information responsive to the discovery request. If the Third Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Third Party before a determination by the Court. Absent a court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## VI.    FINAL DISPOSITION

40.     Within thirty (30) days of final termination of this Action, including any appeals,

all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda or attorney work product of the Parties and materials which have been admitted into evidence in this Action), shall at the Receiving Party's election either be returned to the Producing Party or be destroyed. Outside counsel for any Party is entitled to retain all court papers, trial transcripts, trial exhibits, depositions, deposition exhibits, pleadings, briefs, memoranda, motions, attorney and consultant work, correspondence, and other documents filed with the Court that refer to or incorporate DESIGNATED MATERIAL, provided that any such materials are maintained and protected in accordance with the terms of this Order. The Receiving Party shall verify the return or destruction by affidavit or declaration furnished to the Producing Party, on the Producing Party's request.

41.    Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

## VII.    PROSECUTION AND ACQUISITION BAR

42.    Absent written consent from the Producing Party, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access

to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the subject matter in this Litigation during the pendency of this Action and for two (2) years after its conclusion, before any foreign or domestic agency including any appeals. Nor may such person purchase, supervise the purchase, or assist in the purchase of any foreign or domestic patent or patent application pertaining to the field of the subject matter in this Action, either directly or indirectly (such as through purchase of an entity who owns such patents or patent applications), during the pendency of this Action and for two (2) years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an Ethical Wall[8] between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the subject matter in this Action. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR, EPR, or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

## VIII.  RESERVATIONS

43.    Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

44.    Nothing in this Order shall be construed to effect an abrogation, waiver, or

---

[8]    "Ethical Wall" means procedures to prevent the disclosure or use of Protected Material by restricting access to such material to authorized individuals consistent with the applicable rules of professional conduct.

limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

45.     Nothing in this Order shall limit a Producing Party's use of its own DESIGNATED MATERIAL.

46.     This Order shall not prevent a disclosure to which a Producing Party consents in writing before that disclosure takes place.

47.     This Order shall not bar any outside litigation attorney in the course of rendering advice to such attorney's client with respect to this Action from conveying to any Party client the attorney's evaluation in a general way of Protected Material produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose, summarize, characterize, quote, paraphrase, describe, or otherwise convey to any Party client or any person associated with a Party the content or substance of any Protected Material produced by another Party if such disclosure would be contrary to the terms of this Order. The confidentiality and use restrictions imposed by this Order shall survive and remain binding after the final disposition of this Action, except that there shall be no continuing restriction on documents that are received in evidence in open court unless those materials were admitted or filed under seal. The Court shall retain jurisdiction after final disposition to enforce and to modify this Order.

48.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

It is SO ORDERED this 22nd day of June, 2026.

_____

David Alan Ezra
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

SERPAPI, LLC,

      Plaintiff,

v.

ZILVINAS KUCINSKAS and
SEARCHAPI LLC,

      Defendants.

CASE NO. 1:26-cv-00143-DAE

**JURY TRIAL DEMANDED**

**APPENDIX A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE**

**PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this Action. I have carefully read the Protective Order in its entirety and understand the provisions of the Protective Order.

3. I will comply with and be bound by all of the provisions of the Protective Order.

4. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

5. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION

COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

6.    Within thirty (30) days after termination of this Action, including any appeals, I will return to producing counsel or destroy and certify all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE LITIGATION COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto.

7.    I hereby submit to the jurisdiction of the United States District Court for the Western District of Texas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____